| B104<br>(Rev.<br>2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | | **ADVERSARY PROCEEDING**<br>(Court Use Only) |
|---|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
|  |  |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|  |  |

**PARTY** (Check one box only)     1 U.S. PLAINTIFF     2 U.S. DEFENDANT     3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Check the one most appropriate box only.)

- 454 To Recover Money or Property
- 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property
- 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- 424 To object or to revoke a discharge 11 U.S.C. § 727

- 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
- 426 To determine the dischargeability of a debt 11 U.S.C. § 523
- 434 To obtain an injunction or other equitable relief
- 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

- 456 To obtain a declaratory judgment relating to any of the foregoing causes of action
- 459 To determine a claim or cause of action removed to a bankruptcy court
- 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)     1 Original Proceeding     2 Removed Proceeding     4 Reinstated or Reopened     5 Transferred from Another Bankruptcy Court     CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND | OTHER RELIEF SOUGHT | JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**     (Check one box only.)     FEE ATTACHED     FEE NOT REQUIRED     FEE IS DEFERRED

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** § | | |
| **EVAN BRIAN HAAS** § | | |
| § | **CASE NO.   15-35886** | |
| Debtor § | **Chapter 7** | |
| § | | |
| § | | |
| **EVAN BRIAN HAAS** § | | |
| **PLAINTIFF** § | | |
| § | | |
| vs. § | **ADVERSARY NO. 16-_____** | |
| § | | |
| **SLM CORPORATION D/B/A** § | | |
| **SALLIE MAE EDUCATION TRUST** § | | |
| **AND NAVIENT CORPORATION** § | | |
| § | | |
| Defendants § | | |
| § | | |
| § | | |

### COMPLAINT FOR DETERMINATION OF DISCHARGE, DECLARATORY JUDGMENT CONTEMPT, AND APPLICATION FOR TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF

**TO THE HONORABLE DAVID R. JONES:**

COMES NOW, Evan Brian Haas, Debtor in the underlying Chapter 7 Bankruptcy ("Plaintiff") who hereby files this Complaint for Determination of Discharge, Declaratory Judgment, Contempt, and Application for Temporary and Preliminary Injunctive Relief (the "Complaint") against SLM Corporation d/b/a Sallie Mae Education Trust ("Sallie Mae") and Navient Corporation ("Navient") (collectively the "Defendants"), and would show the Court as follows:

1. November 03, 2015 Plaintiff filed the above styled and numbered Chapter 7 bankruptcy case, pursuant to 11 U.S.C. § 301 on (the "Filing Date"). Plaintiff is properly a plaintiff to this Complaint as result of his bankruptcy filing.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the claims of this Complaint. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A), and (I). Plaintiff brings this Complaint pursuant to Rules 7001, 4007 and 9006 of the Federal Rules of Bankruptcy Procedure, 11 U.S.C. §§ 105, 301, 523(A)(8), 524, 727 and 28 U.S.C. § 2201.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1409 because this matter arises in and is related to a bankruptcy case in this district.

## DEFENDANTS AND SERVICE

4. Defendant SLM Corporation d/b/a Sallie Mae Education Trust is a creditor in the Plaintiff's Chapter 7 bankruptcy case. Defendant is a for profit corporation organized in the State of Delaware who may be served through its registered agent, Corporation Service Company at its registered office 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5. Defendant Navient Corporation is a creditor in the Plaintiff's Chapter 7 bankruptcy case. Defendant is a for profit corporation organized in the State of Delaware who may be served through its registered agent, Corporation Service Company at its registered office 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## BACKGROUND

6. Plaintiff is an individual who resides at 1610 Welch St., # 4, Houston, Texas 77006.

7. In August of 2006, Plaintiff enrolled into the Charles Widger School of Law at Villanova University.

8. On or about September 1, 2009, Plaintiff graduated from the Charles Widger School of Law.

9. On or about December 1, 2009, Plaintiff applied for a private bar study loan (the "Loan") from Defendants in order to cover the costs of a bar preparation course and to pay for living expenses as he studied for the bar exam. The application and promissory note is attached hereto as Exhibit 1.

10. On or about November 3, 2015, Plaintiff filed for bankruptcy relief, Case No. 15-35886-H2.

11. Plaintiff scheduled his indebtedness to Defendants by scheduling an unsecured debt in the amount of $20,844.00 to Navient, P.O. Box 9500, Wilks-Barr, PA 18773, Schedule F is attached hereto as Exhibit 2.

12. Plaintiff received his Order of Discharge from this Court on or about February 9, 2015. A copy of the Order is attached hereto as Exhibit 3.

13. Defendants then resumed collection efforts and insist that the debt was not subject to the Discharge Order because it was a non-dischargeable private loan.

## FIRST CAUSE OF ACTION—DETERMINATION OF DISCHARGE

14. The debt owed to Defendants was discharged because it is not of the class of debts excepted under 11 U.S.C. § 523(a)(8)(A).

15. The debt owed to Defendants is not a qualified student loan, as the Loan was not made, insured, or guaranteed by a governmental unit, or made under any program funded by a governmental unit or nonprofit institution pursuant to 11 U.S.C. § 523(a)(8)(A)(i).

16. Plaintiff received no educational benefit from the Loan as required under 11 U.S.C. §523(a)(8)(A)(ii). Plaintiff did not receive the funds for an educational benefit, scholarship or stipend. The funds were used to pay for a bar preparatory course, food, rent, fuel and other necessary living expenses while Plaintiff prepared for the bar exam as is stated on the application itself. *See* Plaintiff's Exhibit 1. Additionally, "'educational benefit' must be understood to refer to something other than a loan, especially given that Congress uses the word 'loan' elsewhere in [the code]." *Lesley P. Campbell v. Citi Bank N.A.* 547 B.R. 49, 55 (Banrtcy. E.D.N.Y. 2016).

17. The Loan is an obligation to repay funds received however, Plaintiff had already graduated from law school and was ineligible to qualify as a student at the time he applied for the Loan.

18. Furthermore, because the Loan is an obligation to repay funds and did not carry with it conditional terms, it could not have been received as an educational benefit. "An example of such an obligation would be for funds provided as grants that must be repaid only under certain conditions (like failure of a medical student grant recipient to practice in a physician shortage are after graduation)." *Id.* at 57.

19. Plaintiff was not an eligible student pursuant to section 484 of the Higher Education Act because Plaintiff had already received his law degree and the Loan was taken more than 90-days from any time that Plaintiff could have qualified as an eligible student.

20.     The Loan is not a qualified educational loan under 11 U.S.C. § 523(a)(8)(B). Plaintiff did not incur the debt to pay for qualified higher education expenses pursuant to § 221(d) of the IRC.  26 U.S.C. § 221(d) because Plaintiff was not a student at the time that he received the Loan.

## SECOND CAUSE OF ACTION—DECLARATORY JUDGMENT

21.     Defendants have repeatedly represented that the Loan is not dischargeable and is a qualified education loan.

22.     Plaintiff requests declaratory relief that the Loan is dischargeable pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) because the Loan is not a qualified educational loan and is therefore, a dischargeable consumer debt.

## THIRD CAUSE OF ACTION—VIOLATION OF DISCHARGE ORDER

23.     On the Filing Date, notice was given to Defendants that Plaintiff had sought relief under chapter 7.

24.     On or about February 11, 2016 Notice of Discharge was sent to Defendants. A copy of the Certificate of Notice is attached hereto as Exhibit 4.

25.     Defendants should be aware that the Loan is not a non-dischargeable student loan or a qualified education loan pursuant to 11 U.S.C. § 523(a)(8)(B).

26.     Despite receiving Notice of Discharge, Defendants continue to attempt to collect on a dischargeable debt in violation of the discharge.  11 U.S.C. 524.

27.     In May 2016, Defendants began to attempt to collect from Plaintiff via telephone.

28.     Defendants then made an attempt to collect on June 10, 2016 via email; a copy is attached hereto as Exhibit 5.

29. Plaintiff contacted Defendants to inform them that Plaintiff received a discharge, but was informed that the Loan was a "non-dischargeable unsecured loan."

30. Defendants have continued to make repeated, daily collection attempts via telephone. A log of recent telephone collection attempts is attached hereto as Exhibit 6.

## INJUNCTIVE RELIEF

31. Bankruptcy Courts have authority to issue injunctive relief pursuant to Section 105 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, making Federal Rule of Civil Procedure 65 applicable in adversary proceedings. *See* 11 U.S.C. Section 105; Fed. R. Bankr. P. 7065. A party is entitled to a preliminary injunction when there is (i) a substantial likelihood of success on the merits; (ii) a substantial threat that the party will suffer irreparable injury if the injunction is not issued; (iii) the threatened injury to the party outweighs any damage the injunction might cause the opponent; and (iv) the injunction will not disserve the public interests. *Daniels Health Sciences, LLC v. Vascular Health Sciences, LLC,* 710 F.3d 579, 582 (5th Cir. 2013); *Pipkin v. JVM Operating, LC,* 197 B.R. 47, 55 (E.D. Tex. 1996). Pursuant to Section 105 and the Rule 7065 of the Federal Bankruptcy Procedure, Plaintiff seeks a preliminary injunction preventing Defendants from making collection attempts on the Loan; specifically, Plaintiff requires immediate relief to enjoin Defendants from attempting collect from Plaintiff by making harassing, repeated phone calls and possible negative reporting on his credit report. Without such relief, Plaintiff will suffer immediate and irreparable injury, loss, or damage before the Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65, applicable to this proceeding through Fed. R. Bankr. P. 7065. Plaintiff's Sworn Affidavit is attached hereto as Exhibit 7.

### A. Plaintiff will suffer irreparable injury without injunctive relief.

32. A party is likely to suffer irreparable harm where there is no adequate remedy at law for the harm. *Daniels*, 710 F.3D at 585. There is no adequate remedy at law to overcome the anguish that Plaintiff has had to endure from the harassing collection calls from Defendants. These calls have disrupted Plaintiff's daily work and family life- there is no adequate monetary remedy at law. No monetary award will overcome the intrusion in Plaintiff's life or the violation of Plaintiff's discharge.

33. Plaintiff was entitled to the protections of the discharge pursuant to 11 U.S.C. § 524 but nonetheless, Defendants have willfully violated those protections.

### B. Balance of Hardship Favors Injunctive Relief.

34. The issuance of a temporary injunction merely protects the Plaintiff from further mental anguish and permanent impact on Plaintiff's future earning potential due to negative credit reporting. Defendant is in a superior financial position whereas Plaintiff is not. Defendant will not suffer as much financial harm should this Court implement temporary and permanent injunction relief whereas Plaintiff will be irreparably harmed.

### C. Public Interest Favors Granting Injunctive Relief.

35. Granting Plaintiff temporary and permanent injunctive relief serves the public interest for the law to be followed and for Plaintiff to not be harassed constantly by collection attempts on a discharged debt. It is further in the public interest that creditors are bound by discharge orders and that they abide by the bankruptcy code and orders of this Court.

### E. Plaintiff Meets the Requirements for a Permanent Injunction.

36. A plaintiff seeking a permanent injunction must demonstrate that (i) it has suffered an irreparable injury; (ii) the remedies at law, such as monetary damages, are inadequate

to compensate for that injury; (iii) considering the hardships between the parties, a remedy in equity is warranted; and (iv) the public interest will not be disserved by a permanent injunction. *See ebay Inc. v. MercExchange,LLC,* 527 U.S. 388, 391 (2006). Little to no harm to Defendant will result from the issuance of the injunction whereas Plaintiff will be substantially harmed without an injunction to protect him from the disrupting and harassing collection calls and possible negative credit reporting. Lastly, remedies at law are inadequate for the injury that Plaintiff has suffered and any monetary compensation should a permanent injunction not be granted will be insufficient. Plaintiff satisfies the four factors above and this Court should issue a permanent injunction restraining Defendants from continuing to attempt to collect and report delinquencies on Plaintiff's credit report until this adversary proceeding is concluded.

### F. Waiver of Security Required under Rule 7065(c)

37. Plaintiff requests a waiver of Rule 7065(c) of the Federal Rules of Bankruptcy Procedure, incorporating Rule 65(c) of the Federal Rules of Civil Procedure, be waived. Plaintiff implores the Court under 11 U.S.C. § 105 to use its discretion to waive Rule 7065(c) as Plaintiff has limited funds and has already been harmed by Defendants' willful violation of the discharge order.

**WHEREFORE** Plaintiff prays that this Court will

38. Enforce the Discharge Order of this Court;

39. Grant declaratory relief that the Loan is not a qualified education loan and/or non-dischargeable student loan, and declare that it is a dischargeable consumer debt;

40. Find that Defendants willfully violated the Discharge Order under 11 U.S.C. § 727;

Evan Brian Haaas vs. SLM Corporation d/b/a Sallie Mae Education Trust and Navient Corporation

Page 8 of 10

41. Direct Defendants to remedy its violations of the Discharge Order by ceasing their collection attempts and correcting all, if any, negative credit reporting;

42. Sanction Defendants for all actual damages, including attorneys' fees, costs and expenses incurred by the Plaintiff for Defendants willful violation of the Discharge provisions of 11 U.S.C. § 524;

43. Award to Plaintiff, and against Defendants, punitive damages, not less than three times the actual damages for this case, for willfully violating the Discharge Order.

44. Award to Plaintiff, and against Defendants, any other relief or monetary damages to which he may be entitled under equity or law.

Date: August 5, 2016

Respectfully submitted,

**CORRAL TRAN SINGH, LLP**

*/s/Adam Corral*
Adam Corral | TBN: 24080404
Susan Tran | TBN: 24075648
Brendon Singh | TBN: 24075646
440 Louisiana St Ste 2450
Houston TX 77002
Ph: (832) 975-7300
Fax: (832) 975-7301
Adam.Corral@ctsattorneys.com

**ATTORNEYS FOR PLAINTIFF
EVAN BRIAN HAAS**

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2016, the following parties below were served a true and correct copy of this Complaint via facsimile or U.S. First Class Mail.

/s/ *Adam Corral*
Adam Corral

**SLM Corporation d/b/a Sallie Mae Education Trust**
c/o Corporation Service Company, Registered Agent
2711 Centerville Road, Suite 400,
Wilmington, Delaware 19808

**Navient Corporation**
c/o Corporation Service Company, Registered Agent
2711 Centerville Road, Suite 400,
Wilmington, Delaware 19808