## UNITED STATES BANKRUPTCY COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **EVAN BRIAN HAAS** | § | **CASE NO. 15-35886** |
| | § | **Chapter 7** |
| Debtor | § | |

------------------------------------------------------------------------------

| | | |
|---|---|---|
| **EVAN BRIAN HAAS** and | § | |
| **MICHAEL SHAHBAZI** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **ADV. PRO. NO. 16-03175 (drj)** |
| | § | |
| **SLM CORPORATION** and | § | |
| **NAVIENT SOLUTIONS, INC.** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION TO
## COMPEL ARBITRATION AND DISMISS OR STAY PENDING ARBITRATION

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**A hearing on this motion will be set by separate notice.**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and Sections 3 and 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, defendant Navient Solutions, Inc. ("NSI") through this motion (the "Motion") respectfully requests that this Court (a) compel plaintiffs Evan Brian Haas ("Haas") and Michael Shahbazi ("Shahbazi" and collectively with Haas, "Plaintiffs") to submit their disputes to arbitration on an individual, not class, basis, and (b) dismiss the claims set forth in Plaintiffs' First Amended Complaint ("Amended Complaint"; D.E. 15) or, alternatively stay this action (including, without limitation, the deadline to answer or otherwise respond to the Amended Complaint under Rule 12) pending arbitration.  To the extent necessary, this Motion constitutes NSI's written notice of an election to arbitrate the claims in the Amended Complaint.

## I.    INTRODUCTION

As students, Plaintiffs applied for certain educational loans that are serviced by NSI. Plaintiffs separately sought relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the U.S. Bankruptcy Courts for the Southern District of Texas and the Eastern District of Virginia, listing these loans as educational or student loan debt, and each received a Chapter 7 discharge.  Plaintiffs now assert in this putative nationwide class action that their educational loans serviced by NSI were discharged in their separate bankruptcy cases[1] and that the monthly statements mailed by NSI post-discharge, in addition to other allegations regarding vague and unspecified "collection efforts," violated the discharge orders entered

---

[1]    NSI disputes, among other things, Plaintiffs' assertions regarding the dischargeability of their student loans because they are contrary to the plain language of Section 523(a)(8), which provides an exception to discharge for student loans such as these, and the wealth of other authority on the dischargeability of student loans.  NSI will respond to those issues at the appropriate time in the appropriate forum.  NSI expressly reserves any and all of its rights, claims, and defenses in regard to the claims asserted in the Amended Complaint.

pursuant to 11 U.S.C. § 524(a)(2).[2]

However, when they obtained their educational loans, each Plaintiff entered into valid and binding agreements (promissory notes) that contained arbitration clauses and class action waivers (the "Shahbazi Note," attached as Ex. A to the Declaration of James M. Austin ("Austin Decl."), attached hereto as **Exhibit 1**; the "Haas Note," attached as Ex. B to the Austin Decl.; the Shahbazi Note and the Haas Note are collectively referred to as the "Promissory Notes"). Each clause requires arbitration of any legal dispute or claim, including disputes involving alleged violations of statute, regulation, or common law, and claims for equitable or declaratory relief. The dispute over whether these educational loans were discharged in bankruptcy and whether NSI violated 11 U.S.C. § 524 is plainly within the scope of Plaintiffs' arbitration clauses, and the Bankruptcy Code does not preclude arbitration (indeed, the Bankruptcy Code is utterly silent regarding arbitration).

A long line of Supreme Court precedent upholds the expansive reach of the FAA across a wide-spectrum of statutory schemes. Indeed, in *CompuCredit Corp. v. Greenwood*, 565 U.S. 95 (2012), the Supreme Court adopted a bright line rule regarding the applicability of the FAA's arbitration provisions. There, the Court held that, where a statute "is silent on whether claims under the [applicable statute] can proceed in an arbitrable forum, the FAA requires the arbitration agreement to be enforced according to its terms." *Id.* at 104. The Bankruptcy Code does not address the arbitrability of claims arising from its provisions. Moreover, arbitration of these claims does not conflict with the "purposes" of the Bankruptcy Code, to the extent that is still a required or even relevant consideration after *CompuCredit* and recent Fifth Circuit authority recognizing *CompuCredit*'s broad applicability. Therefore, under *CompuCredit* and other authority discussed

---

[2]   Section 524(a)(2) provides in relevant part that "[a] discharge in a case under this title [] operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ."

in detail below, the arbitration provisions in the Promissory Notes must be enforced. Additionally, in light of the Supreme Court's other recent decisions regarding class action waivers, the class action waivers in the arbitration provisions are unassailable.

Accordingly, without admitting any of the allegations in the Amended Complaint or waiving any other rights or defenses, and pursuant to 9 U.S.C. §§ 3–4 and Rule 12(b)(1), NSI respectfully requests that this Court compel arbitration of these claims on an individual basis and dismiss the claims,[3] or, in the alternative, stay the case pending arbitration.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs' Educational Loans and Bankruptcy Cases.

In July 2002, Shahbazi executed the Shahbazi Note securing an education loan for financial assistance to fund tuition for a technical college and living expenses, and, in December 2009, Haas executed the Haas Note securing an educational loan for living expenses and tuition for a bar preparation course. (Austin Decl. ¶¶ 6, 11; Exs. A–C). NSI is the servicer of these educational loans. (Austin Decl. ¶¶ 9, 12).

On September 10, 2011, Shahbazi filed a Chapter 7 bankruptcy case in the United States Bankruptcy Court for the Eastern District Virginia, Case No. 11-16643-RGM (the "Shahbazi Bankruptcy Case"). (Am. Compl. ¶ 28). A true and correct copy of the docket report in the Shahbazi Bankruptcy Case is attached hereto as **Exhibit 2**. In his schedules, Shahbazi listed a claim for student loan debt with "Sallie Mae" as the claimant, in the amount of $8,202.00. (Shahbazi Bankruptcy Case, D.E. 1 (a true and correct copy of which is attached hereto as **Exhibit**

---

[3]   Where, as here, all claims are subject to arbitration, dismissal, rather than a stay, is appropriate. *See infra* Section III(F).

**3**)).[4]  The claim was not marked as contingent, unliquidated, or disputed.  (*Id.*).  On December 27, 2011, Shahbazi received a Chapter 7 discharge, and on January 3, 2012, the Shahbazi Bankruptcy Case was closed.  (Shahbazi Bankruptcy Case, D.E. 13 and 15).  A true and correct copy of the discharge order is attached hereto as **Exhibit 4**.

Haas filed a Chapter 7 bankruptcy case (Case No. 15-35886) in this Court on November 3, 2015 (the "Haas Bankruptcy Case").  A true and correct copy of the docket report in the Haas Bankruptcy Case is attached hereto as **Exhibit 5**.  Haas scheduled four claims for "Dept of Ed/Navient" and seven claims for "Navient."  (Haas Bankruptcy Case, D.E. 1 (a true and correct copy of which is attached hereto as **Exhibit 6**)).  Haas marked the scheduled claim relating to the debt at issue here as an educational debt, incurred in December 2009, in the amount of $20,844.00.  (*Id.*; *see also* Am. Compl. at ¶ 21).  The claim was not marked as contingent, unliquidated, or disputed.  (*Id.*)  On February 9, 2016, Haas received a Chapter 7 discharge and his case was closed.  (*See* Haas Bankruptcy Case, D.E. 18 and 19).  A true and correct copy of the discharge order is attached hereto as **Exhibit 7**.

### B.  Commencement of this Adversary Proceeding.

Six months after this Court closed the Haas Bankruptcy Case, Haas, individually, brought an adversary proceeding against NSI and SLM Corporation ("SLM") seeking a (i) determination that his debt to NSI had been discharged; (ii) declaratory judgment that such debt had, in fact, been discharged; (iii) judgment holding NSI and SLM in contempt for purported violations of the discharge injunction; and (iv) temporary injunction.  (D.E. 1).  On August 26, 2016, Haas changed

---

[4]  The Court may take judicial notice of filings made in Plaintiffs' bankruptcy cases pursuant to Rule 201(b)(2) of the Federal Rules of Evidence.  *See Duzer v. U.S. Bank N.A.*, 995 F. Supp. 2d 673, 685 (S.D. Tex. 2014) (taking judicial notice of, *inter alia*, pleadings and orders filed in plaintiffs' bankruptcy cases); *In re Lycoming Engines v. Superior Air Parts, Inc.* (*Superior Air Parts, Inc.*), 486 B.R. 728, 732 n.1 (Bankr. N.D. Tex. 2012) ("[T]he Court is permitted to take judicial notice of documents filed in the [applicable] bankruptcy case.").

course and, with Shahbazi, over four and a half years after the Shahbazi Bankruptcy Case closed, filed the Amended Complaint seeking certification of a putative nationwide class and requesting (i) a declaratory judgment that Plaintiffs' and any putative class members' educational loans were discharged upon the entry of each class members' discharge order; and (ii) damages, including attorneys' fees and costs, arising from NSI's and SLM's allegedly willful violations of the applicable discharge injunctions.  (D.E. 15).

### C.      Arbitration and Class Action Waiver Provisions in the Promissory Notes.

Both Promissory Notes contain arbitration and class action waiver provisions.  (Austin Decl. ¶ 13; Exs. B, C).  The arbitration and class action waiver provisions generally provide that any past, present, or future legal dispute or any claim of any kind, including statutory and common law claims, and claims for equitable relief, that relate in any way to the Promissory Notes, will be resolved by binding arbitration on an individual, rather than class, basis.  The relevant portions of the applicable provisions are set forth in their entirety below.

#### a.  The Shahbazi Note

The arbitration and class action waiver provision in the Shahbazi Note provides, in relevant part:

> In this section, the word "you" refers to the borrower and/or co-borrower and the words "we" and "us" refer to the lender and any subsequent holder of this promissory note.  This provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to this Note or your application for a loan or advertisements, promotions or oral or written statements related to this Note or the program under which such a loan is or would be made, the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note) or the validity, enforceability or scope of this Arbitration Provision or the entire Note (collectively, "Claim").  Any dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration under the applicable code of procedure (as in effect at the time the Claim is filed) of the Arbitration Administrator you select as provided above.  A party who has asserted a claim in a

lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties.  There shall be no authority or right to have any Claims resolved on a class action basis and the arbitrator may only decide your or our Claim(s) and may not consolidate or join the claims of other persons who have similar claims.  Any participatory arbitration hearing that you attend will take place in the federal judicial district in which you reside.  If you are unable to do so, at your request, we will advance the filing and hearing fees charged by the Arbitration Administrator for any Claim you wish to file against us.  The losing party in the arbitration will ultimately be responsible for paying these fees.  Unless inconsistent with applicable law, each party will bear the expense of their respective attorneys', experts' and witness fees, regardless of which party prevails in the arbitration.

(Austin Decl., Ex. B at p. 3 of 4).   The Shahbazi Note also provides that "you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim that is subject to arbitration."  (*Id.*).

> ### b.  The Haas Note

The arbitration and class action waiver provisions in the Haas Note provide, in relevant part:

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions.  This Arbitration Agreement is part of the Sallie Mae Bar Study Loan Promissory Note (**"Note"**). . . .

2.      **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

3.      **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

**"I," "me"** and **"my"** mean each and every Borrower and Cosigner on the Note; the

6

Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. **"You," "your"** and **"yours"** mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities. . . . . These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. . . .

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note. . . . . This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief. . . . **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.** . . .

(Austin Decl., Ex. C at § T (emphasis in original)).

## III.   LEGAL ARGUMENT

### A.   Standard of Review.

As the District Court for this District recently explained, "[b]ecause Rule 12 does not specifically provide a provision for dismissal based on an arbitration clause, there is inconsistency among the Circuits regarding whether Rule 12(b)(1), 12(b)(3) or 12(b)(6) is the proper vehicle for dismissal." *See Velasquez v. WCA Mgmt. Co., L.P.*, No. 4:15-CV-02329, 2016 U.S. Dist. LEXIS 112441, at *22 (S.D. Tex. Aug. 23, 2016) (citations omitted). "Despite this split, the Fifth Circuit has stated that when the parties' dispute is subject to binding arbitration, a district court lacks subject-matter jurisdiction under 12(b)(1)." *Id.* (citing *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th

Cir. 2014)).  The Fifth Circuit held in *Gilbert* that "the burden of proof . . . is on the party asserting jurisdiction," and, "[i]n order to bear that burden, the party must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence."  *Gilbert*, 751 F.3d at 306 (citation and quotation omitted).  Where "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief," the motion to dismiss for lack of subject-matter jurisdiction based on an arbitration clause should be granted.  *Velasquez*, 2016 U.S. Dist. LEXIS 112441, at *22.

### B. The Plain Language of the Promissory Notes and the FAA Mandate Arbitration.

Section 2 of the FAA provides, in pertinent part:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Where the parties have entered into a valid and binding agreement to arbitrate, the FAA further provides, among other things, that the party aggrieved by the failure or refusal of another to arbitrate may move for an order directing that such arbitration proceed in the manner provided for in the agreement to arbitrate.  *Id.* at § 3.

The Supreme Court has, time and time again, confirmed the strong policy favoring arbitration under the FAA.  *See CompuCredit Corp.*, 565 U.S. at 98 ("[Section 2 of the FAA] requires courts to enforce agreements to arbitrate according to their terms."); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding that the FAA preempts state law purporting to invalidate class action waivers); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 67–73 (2010) (finding that the FAA "places arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms.") (citation omitted).  Furthermore,

8

"questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)); *see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297 (5th Cir. 2004) ("[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity."). In other words, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses*, 460 U.S. at 24–25. These provisions of the FAA embody both a "liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 563 U.S. at 339 (citations and internal quotation marks omitted).[5] Thus, arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quotation marks omitted); *see also Personal Sec. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002) (same).

Here, each of the Promissory Notes expressly states that they are "made pursuant to a transaction involving interstate commerce and shall be governed by the" FAA. (Austin Decl., Ex. B at p. 4 of 4; Ex. C at § T(9)). The Shahbazi Note states in pertinent part that "[a]ny dispute concerning a Claim[6] shall be resolved, upon the election of you or us or any third party, by binding arbitration . . . ." (*Id.,* Ex. B at p. 3 of 4). Similarly, the Haas Note states that the parties "agree

---

[5]    In resolving whether the parties agreed to arbitrate, "courts generally . . . should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

[6]    The term "Claim" as used in the Shahbazi Note is defined as "any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to [the Shahbazi Note] . . . or the validity, enforceability or scope of this [the arbitration provision or the entire Shahbazi Note]." (Austin Dec., Ex. B at p. 3 of 4).

that either party may elect to arbitrate[—]and require the other party to arbitrate[—]any Claim[7]

under the following terms and conditions."  (*Id.,* Ex. C at § T).  Plaintiffs' assent to the Promissory

Notes—and their failure to dispute these debts in their mandatory bankruptcy disclosures—are

more than sufficient to establish a valid, binding contract.[8]

 Plaintiffs, in their two-count Amended Complaint, seek a declaratory judgment and

damages for alleged violations of the discharge injunction under Section 524 of the Bankruptcy

Code.  The Promissory Notes provide for arbitration of "any claim, dispute or controversy

(whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and

including constitutional, statutory, common law, intentional tort and equitable claims) arising from

---

[7]   The term "Claim" as used in the Haas Note is defined as:

> [A]ny legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law.  It includes disputes involving requests for injunctions, other equitable relief or declaratory relief.  However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi- Party Waivers, which must be decided by a court.

(Austin Dec., Ex. C at § T(4)).

[8]   Under the FAA, a court presented with a motion to compel arbitration "may consider only issues relating to the making and performance of the agreement to arbitrate."  *Prima Point Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).  Section 3 of the FAA does not allow for the exercise of discretion by a court and instead mandates that courts "'*shall* direct the parties to proceed to arbitration . . . .'"  *Hafer v. Vanderbilt Mortg. & Fin., Inc.*, 793 F. Supp. 2d 987, 993 (S.D. Tex. 2011) (emphasis added) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (granting successor-in-interest's motion to compel arbitration).

or relating to [the Shahbazi] Note" (*id.*, Ex. B at p. 3 of 4), and any "legal claim, dispute or controversy . . . that arises from or relates in any way to [the Haas] Note, including . . . disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law . . . [and including] disputes involving requests for injunctions, other equitable relief or declaratory relief" (*id.*, Ex. C at § T(4)).   Each of these broad arbitration provisions expressly cover, among other things, statutory claims and claims for declaratory relief.

And the arbitration provisions indisputably extend to NSI as the servicer of the debt. Specifically, in the Shahbazi Note, the arbitration provision broadly applies to "any subsequent holder of this promissory note" or any "third parties involved in a dispute."  (*Id.*, Ex. B at p. 3 of 4).  In the Haas Note, the arbitration provision applies to, *inter alia*:

> [A]ny other subsequent holder of this note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities . . . [, and] any party named as a co-defendant [in a claim asserted by Haas], such as . . . loan servicers . . . .

(*Id.*, Ex. C at § T(3)).

Thus, the claims asserted in the Amended Complaint fall within the scope of the arbitration provisions contained in the Promissory Notes based on the plain language of the applicable contractual provisions.  Accordingly, the arbitration provisions contained in the Promissory Notes must be construed in accordance with the FAA.

### C.   Where a Federal Statute (Such as the Bankruptcy Code Provision at Issue Here) is Silent on Whether Claims Can Proceed in Arbitration, the FAA Requires the Arbitration Agreement to be Enforced According to its Terms.

It is fundamental that "courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Morton*

*v. Mancari*, 417 U.S. 535, 551 (1974).  This principle is particularly important in cases involving the FAA and the "'liberal federal policy favoring arbitration agreements.'"  *CompuCredit*, 565 U.S. at 98 (citing *Moses*, 460 U.S. at 24).  A party seeking to avoid arbitration of federal statutory claims must demonstrate that "the FAA's mandate has been 'overridden by a contrary congressional command.'"  *Id.* (quoting *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987)).  And that "contrary congressional command" must be stated with "clarity."  *Id.* at 103.  The FAA's preference for arbitration of federal statutory claims does not yield simply because another statute is intended to "further important social policies," *Gilmer*, 500 U.S. at 27–28, to have a "deterrent function," *id.*, to cover not just private interests but also "public interest[s]," *McMahon*, 482 U.S. at 240, or to address significant "factual and legal complexities," *id.* at 232.

The Supreme Court has universally rejected attempts to displace the FAA with other federal statutes that do not contain a clearly expressed congressional intention to preclude arbitration, such as the Sherman Act, the Clayton Act, the Securities Act of 1933, the Securities and Exchange Act of 1934, civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Truth in Lending Act ("TILA"), the Equal Credit Opportunity Act ("ECOA"), and the Age Discrimination in Employment Act ("ADEA").[9]

Crystallizing its prior decisions, the Supreme Court has now adopted a bright line rule to

---

[9]   *See Green Tree Fin. Corp. Ala. v. Rudolph*, 531 U.S. 79, 90 (2000) (holding TILA and ECOA claims must be arbitrated); *Gilmer*, 500 U.S. at 23 (holding age discrimination claim under the ADEA is subject to arbitration); *McMahon*, 482 U.S. at 238 (holding Securities Exchange Act § 10(b) claims and RICO treble-damages claims are arbitrable); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628–40 (1985) (holding Sherman Act and Clayton Act claims are arbitrable); *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001) ("The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law[.]").

that end:  where a statute "is silent on whether claims under the [applicable statute] can proceed in an arbitrable forum, the FAA requires the arbitration agreement to be enforced according to its terms."  *CompuCredit*, 565 U.S. at 104.

In *CompuCredit*, the Supreme Court considered whether the Credit Repair Organizations Act ("CROA"), 15 U.S.C. §§ 1679–1679j, precluded enforcement of the parties' arbitration agreement.  In arguing that it did, respondents pointed to two provisions of the CROA:  (1) a "disclosure" provision requiring that petitioners inform consumers that "[y]ou have a right to sue a credit repair organization that violates the [CROA]," and (2) a "non-waiver provision" stating that "[a]ny waiver by any consumer of any protection provided by or any right of the consumer under this subchapter" is void and may not be enforced.  *Id.* at 99–100.  In respondents' view, these provisions demonstrated that Congress intended for consumers to be able to sue credit repair organizations in federal court, regardless of any contrary language in their agreements with those organizations.  *Id.*

The Supreme Court held that neither provision demonstrated the requisite congressional intent to override the FAA's mandate in favor of arbitration.  *Id.*  Relying on the continuous line of cases discussed *supra*, the Court stated the bright-line rule:  where a statute "is silent on whether claims under the Act can proceed in an arbitrable forum, the FAA requires the arbitration agreement to be enforced according to its terms."  *Id.* at 104.  The CROA was silent as to whether claims could proceed in arbitration, and "the mere formulation of the [statutory] cause of action" in terms of "the context of a court suit" was insufficient to establish the "'contrary congressional command'" necessary to override the FAA.  *Id.* at 100–101 (quoting *McMahon*, 482 U.S. at 226).  Indeed, the Court noted that it has repeatedly held that statutory references to bringing a proceeding in court (which, in any event, are lacking in the Bankruptcy Code provision at issue here) do not

suffice to demonstrate a congressional intent to exclude a statutory claim from arbitration. *See id.* at 101.

The Court further explained that "[h]ad Congress meant to" displace arbitration, it would have done so in plain terms. *Id.* at 103. And it emphasized that "[w]hen [Congress] has restricted the use of arbitration . . . it has done so with . . . clarity . . . ." *Id.* The Court then provided three examples of statutes in which Congress provided sufficient "clarity" to overcome the FAA's strong policy in favor of arbitration:

- The Commodity Exchange Act, 7 U.S.C. § 26(n)(2): "No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section."

- The Motor Vehicle Franchise Contract Arbitration Fairness Act of 2002, 15 U.S.C. § 1226(a)(2): "Notwithstanding any other provision of law, whenever a motor vehicle franchise contract provides for the use of arbitration to resolve a controversy arising out of or relating to such contract, arbitration may be used to settle such controversy only if after such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy."

- The Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. § 5518(b): "The Bureau [of Consumer Financial Protection], by regulation, may prohibit or impose conditions or limitations on the use of an agreement between a covered person and a consumer for a consumer financial product or service providing for arbitration of any future dispute between the parties, if the Bureau finds that such a prohibition or imposition of conditions or limitations is in the public interest and for the protection of consumers. . . ."

*Id.* at 103–104.

Each of these statutes includes plain and clear congressional language barring arbitration. Thus, *CompuCredit* establishes the bright line rule that, for federal statutory claims to be exempt from arbitration, the party seeking to avoid arbitration must point to explicit statutory language. This holding effectively abrogated the component of the Court's previous holding in *McMahon*, 482 U.S. at 226–27, which had held that congressional intent to override the FAA may be demonstrated—in the absence of explicit statutory language—by legislative history or an inherent

conflict between arbitration and the statute's underlying purpose (though it did not ultimately find such congressional intent in the case before it).

Because that portion of *McMahon* is now effectively abrogated by the Supreme Court's decision in *CompuCredit Corp.*, so too is the Fifth Circuit's decision in *Insurance Co. of North America v. NGC Settlement Trust & Asbestos Claims Management Corp.* (*In re National Gypsum Co.*), 118 F.3d 1056 (5th Cir. 1997), in which the Fifth Circuit relied on this part of *McMahon*'s holding.  There, the Fifth Circuit held, in the context of a single-count, non-class action lawsuit seeking a declaratory judgment regarding whether certain post-bankruptcy collection activity violated a discharge and channeling injunction issued in an asbestos Chapter 11 case, that arbitration was inappropriate because the claim was "core" under 28 U.S.C. § 157 and arbitration would create an inherent conflict with the "purposes" of the Bankruptcy Code under those circumstances.  118 F.3d at 1066–67.

Given the clear line of Supreme Court cases cited above that mandate arbitration absent clear, unequivocal congressional intent to override the provisions of the FAA (only one of which the Fifth Circuit considered in *National Gypsum—McMahon*),[10] it is likely that, if posed with a similar question now, the Fifth Circuit would not follow *National Gypsum*.  Indeed, the Fifth Circuit has already recognized the broad applicability of *CompuCredit* to other federal statutes and has rejected attempts to demonstrate congressional intent by anything other than explicit statutory language precluding arbitration.  In *D.R. Horton, Inc. v. National Labor Relations Board*, 737 F.3d 344, 360 (5th Cir. 2013), the Fifth Circuit applied the bright line test under *CompuCredit* to the National Labor Relations Act, reasoning:

---

[10]    While the Fifth Circuit in *National Gypsum* analyzed and cited the Supreme Court's decision in *McMahon*, it did not cite the *Mitsubishi Motors* or *Gilmer* decisions, and *Circuit City* and *Green Tree* were decided after *National Gypsum*.

There is no argument that the NLRA's text contains explicit language of a congressional intent to override the FAA. Instead, it is the general thrust of the NLRA—how it operates, its goal of equalizing bargaining power—from which the command potentially is found. For example, one of the NLRA's purposes is to "protect[ ] the exercise by workers of full freedom of association. . .for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection." 29 U.S.C. § 151. Such general language is an insufficient congressional command, as much more explicit language has been rejected in the past. Indeed, the text does not even mention arbitration. By comparison, statutory references to causes of action, filings in court, or allowing suits all have been found insufficient to infer a congressional command against application of the FAA. *See CompuCredit*, 132 S. Ct. at 670–71. Even explicit procedures for collective actions will not override the FAA. *See Gilmer*, 500 U.S. at 32, 111 S. Ct. 1647 (ADEA); *Carter*, 362 F.3d at 298 (FLSA). The NLRA does not explicitly provide for such a collective action, much less the procedures such an action would employ. 29 U.S.C. § 157. Thus, there is no basis on which to find that the text of the NLRA supports a congressional command to override the FAA.

*Id.*[11]

   *National Gypsum* pertained to a Chapter 11 confirmation order entered in 1993 that

contained a plan discharge and channeling injunction under Sections 105 and 1141 of the

Bankruptcy Code.  A year after the confirmation order was entered in *National Gypsum*, Congress

enacted Section 524(g), which is only applicable to asbestos Chapter 11 cases and provides that

"any proceeding that involves the validity, application, construction, or modification of [an

asbestos channeling injunction] . . . may be commenced only in the district court in which such

injunction was entered, and such court shall have exclusive jurisdiction over any proceeding

---

[11]   Plaintiffs' claims asserted in the Amended Complaint are premised entirely on the assumption that there is a private statutory right of action for alleged discharge violations.  NSI disagrees that there is a private right of action for discharge violations, but that is an issue that must be decided in the first instance by the arbitrator.  As the Fifth Circuit noted in *D.R. Horton*, to the extent a statutory right exists, "arbitration has been deemed not to deny a party any statutory right" and "[i]n every case the Supreme Court has considered involving a statutory right that does not explicitly preclude arbitration, it has upheld the application of the FAA."  737 F.3d at 28 n.8 (citing, *inter alia, CompuCredit*).

without regard to the amount in controversy."  11 U.S.C. § 524(g)(2)(A).  It is questionable, at best, whether such language would still be considered sufficient to preclude arbitration after *CompuCredit* and *D.R. Horton*.  But in any event, there is no similar provision in Section 524 for discharge orders of the kind implicated in this case, which do not involve Section 524(g) channeling injunctions, and the applicable discharge orders at issue here do not purport to provide exclusive jurisdiction in the courts that entered them.

In fact, 28 U.S.C. § 1334(b) expressly provides that a district court does *not* have exclusive jurisdiction over statutorily core matters such as those at issue in this case that "arise under" or "arise in" a bankruptcy case.  Coupled with the utter lack of any language explicitly precluding arbitration, 28 U.S.C. § 1334(b)'s express *disavowal* of exclusive jurisdiction over these kinds of matters and Section 524(g)'s express *grant* of exclusive jurisdiction over only certain kinds of disputes regarding discharge violations (in asbestos cases) amply demonstrate that Congress has not exempted from the FAA disputes regarding the Bankruptcy Code's statutory discharge injunction in non-asbestos, consumer bankruptcy cases.  Moreover, the potential existence even of *exclusive* federal jurisdiction for certain alleged discharge violations does not convert such disputes into a sacred cow untouchable by other binding federal statutory regimes that mandate adherence to litigation prerequisites.  For instance, 26 U.S.C. § 7433(e)(1) provides that a taxpayer "'may petition the bankruptcy court to recover damages against the United States if the IRS 'willfully violates' § 524 'relating to the effect of discharge,'" and "'such petition shall be the exclusive remedy for recovering damages from such actions.'"  *See Nicholson v. IRS*, No. 4:14cv667–MW/CAS, 2015 U.S. Dist. LEXIS 143040, at *4 (N.D. Fla. Sept. 15, 2015) (quoting 26 U.S.C. §§ 7433(e)(1), 7433(e)(2)(A)).  Even still, a debtor-taxpayer must exhaust administrative remedies before filing such a petition.  *See id.* at *4–6.

In short, there is absolutely no applicable statutory language to support the notion that Congress meant to exempt disputes regarding the Bankruptcy Code's statutory discharge injunction (particularly in non-asbestos, consumer bankruptcy cases) from the FAA's express language and pro-arbitration policy.[12]  Indeed, the FAA was enacted in 1925, and Congress has enacted numerous, sweeping amendments to the Bankruptcy Code (formerly, the Bankruptcy Act) in the decades since but has not seen fit to include any language suggesting its intent to override the FAA.

Additionally, other recent Supreme Court authority decided after *National Gypsum* is similarly indicative that reliance on the "purpose" of the Bankruptcy Code to determine whether Congress meant to override the FAA, untethered to explicit statutory text, is no longer permissible. In *Radlax Gateway Hotel, LLC v. Amalgamated Bank*, __ U.S. __,  132 S. Ct. 2065 (2012), the Court stated that while "[t]he parties debate at some length the purposes of the Bankruptcy Code . . . [which] also occupied the attention of the Courts of Appeals that considered the question presented here . . . nothing in the generalized statutory purpose of protecting secured creditors can overcome the specific manner of that protection which the text of the [statutory provision at issue] contains." *Id.* at 2073.  Thus, even if the perceived purpose of a statute could override other explicit

---

[12]   For this reason, the U.S. District Court for the Southern District of New York in 2015 reversed a bankruptcy court's denial of a motion to compel arbitration of a claim asserting discharge violations in a consumer case. *See Belton v. GE Capital Consumer Lending, Inc.*, Nos. 15 CV 1934(VB), 15 CV 3311(VB), 2015 WL 6163083, at *9 (S.D.N.Y. Oct. 14, 2015).  In *Credit One Financial v. Anderson* (*In re Anderson*), 553 B.R. 221 (S.D.N.Y. 2016), a different judge in the same district reached the opposite result, but that decision is fatally flawed in that it failed to consider the Supreme Court's holding in *CompuCredit* and the clear line of cases mandating arbitration absent unequivocal congressional intent to override the provisions of the FAA.  NSI recognizes that the *Belton* court did not agree that *CompuCredit* effectively abrogated *McMahon*.  This portion of the *Belton* decision is premised primarily on a citation to *McMahon* in *CompuCredit* for the general proposition that "the FAA may be 'overridden by a contrary congressional command.'"  *See Belton*, 2015 WL 6163083 at *5 (quoting *CompuCredit*, 565 U.S. at 98).  To be sure, that general rule was indeed reinforced in *CompuCredit*, but the Supreme Court ruled in *CompuCredit* that the required "contrary congressional command" must be demonstrated by explicit statutory language in the nature of the examples it gave, which are set forth *supra* on page 14.  And the Fifth Circuit in *D.R. Horton* has recognized that the bright line rule in *CompuCredit* has broad applicability to other federal statutes.

statutory language in some circumstances, the Supreme Court has held that the "generalized statutory purposes" of the Bankruptcy Code cannot.  *Id.*; *see also Belton*, 2015 WL 6163083 at *6 (noting that the text and legislative history of the Bankruptcy Code weigh against the conclusion that Congress intended to preclude arbitration of discharge violation claims).  And as the Fifth Circuit cautioned in *D.R. Horton*, governmental units created by an act of Congress under Article I of the U.S. Constitution to effectuate the purposes of a specialized statutory regime and associated policies (such as the NLRB in that case) were not "commissioned to effectuate [such policies] so single-mindedly that [they] may wholly ignore other and equally important Congressional objectives.  Frequently, the entire scope of Congressional purpose calls for careful accommodation of one statutory scheme to another, and it is not too much to demand of an [Article I] body that it undertake this accommodation without excessive emphasis upon its immediate task."  *D.R. Horton*, 737 F.3d at 356 (internal citations and quotations omitted).

    For all of these reasons, the Court cannot contravene the FAA's clear, pro-arbitration mandate and must compel arbitration of all of the claims in the Amended Complaint.

> **D.    Even if a "Purpose" Analysis Were Still Required or Even Relevant After *CompuCredit* and *D.R. Horton*, Arbitration of Plaintiffs' Claims Would Not Inherently Conflict with the Purposes of the Bankruptcy Code.**

    In *Belton*, the District Court noted that even the fact that a plaintiff "alleges a violation of an important, even fundamental, Bankruptcy Code provision, is not enough to exempt such a claim from arbitration."  2015 WL 6163083 at *7.  The *Belton* court explained that arbitration of alleged discharge violations "would not interfere with or affect the distribution of the estate, [and] would not affect an ongoing reorganization."  *Id.* (internal quotations and citations omitted).  The court further reasoned that arbitration of such disputes does not conflict with the Bankruptcy Code's purposes:

> [A] discharge order is a form, a national form, which is issued in

> every case when there is, in fact, a discharge; it is not a handcrafted order. . . . Accordingly, the Bankruptcy Court is not uniquely able to interpret and enforce such order. This point is only reinforced by the fact that plaintiffs-appellees have brought putative class actions asking one bankruptcy court to enforce the discharge orders of many other bankruptcy courts. Arbitration of plaintiffs-appellees' Section 524 claims therefore would not necessarily or seriously jeopardize the goal of having bankruptcy courts enforce their own orders.

*Id.* at *8 (internal quotations and citations omitted).[13]  Additionally, the court rejected plaintiffs-appellees' argument that arbitration of their claims would jeopardize the goal of avoiding piecemeal litigation as sending the proceedings to arbitration "will not create any more duplicative proceedings than already exist." *Id.* at *9.

Similarly, in *MBNA American Bank, N.A. v. Hill*, 436 F.3d 104 (2d Cir. 2006), though the court considered a post-discharge claim for violation of the automatic stay a core proceeding, it nonetheless concluded that arbitration would not conflict with the objectives of the Bankruptcy Code because the debtor's estate had been fully administered and her debts had been discharged. *Id.* at 109–10.  The Second Circuit held that "[r]esolution of Hill's claim against MBNA therefore cannot affect an ongoing reorganization, and arbitration would not conflict with the objectives of the automatic stay." *Id.* at 110.

Although the specific Bankruptcy Code provision at issue in *Hill*, on the one hand, and *Belton* and this matter, on the other hand, are different, they have much in common.  During a bankruptcy the automatic stay applies against "any *act to collect, assess, or recover a claim against the debtor* that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6) (emphasis added).  After a bankruptcy case is closed, the discharge injunction applies against "the

---

[13]   This (i.e., the fact that discharge orders such as those at issue in *Belton* and in this case are based on national forms) highlights yet another feature of these cases that differs from *National Gypsum*—there the court was considering a complex Chapter 11 asbestos confirmation order containing a plan discharge and channeling injunction under different Bankruptcy Code provisions.

commencement or continuation of an action, the employment of process, or *an act, to collect, recover or offset any such debt as a personal liability of the debtor*. . . ."  11 U.S.C. § 524(a)(2) (emphasis added).  Thus, the reasoning in both of these cases applies equally in this case.

Here, both Plaintiffs' bankruptcy cases are closed and arbitration of the claims will have no effect on their bankruptcy estates or any creditors (other than NSI itself).  Adjudication of the claims by an arbitrator could not affect any on-going relationship between creditors and the bankruptcy estates, as the estates have already been fully administered.  In the highly unlikely event Plaintiffs receive a monetary award in this action, the sums will not be distributed amongst Plaintiffs' creditors as the recovery they seek is on their own behalf.

Further, both in *Hill and Belton*, the courts emphasized that the cases were brought, like this case, as putative class actions, which inherently "lack [a] close connection" to plaintiff's "own underlying bankruptcy case."  *Hill*, 436 F.3d at 110; *Belton*, 2015 WL 6163083 at *8.  As the *Hill* court explained, "the fact that [Plaintiff] filed her . . . claim as a putative class action further demonstrates that the claim is not integral to her individual bankruptcy proceeding," 436 F.3d at 110, and there is no reason why a dispute *not* integral to a specific bankruptcy would require overriding the FAA,  *id.* at 109.  So too here:  this matter is a putative nationwide class action that lacks a close connection and integrality to Plaintiffs' own bankruptcy cases, or even this Court, as one of the cases pertains to a discharge order entered in a bankruptcy court in a different state (the U.S. Bankruptcy Court for the Eastern District of Virginia).

### E.        Arbitration Should be on an Individual, Non-Class Basis.

Additionally, Plaintiffs are barred from pursuing class actions under the express provisions of their Promissory Notes.  "The principle purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms."  *Concepcion*, 563 U.S. at 344 (citation, internal

quotation marks, and alterations omitted); *see also Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 53–54 (1995).  To the extent that parties have agreed to arbitrate disputes on an individualized (non-class) basis, a court may not require class arbitration procedures or refuse to compel arbitration on the basis of unconscionability.  *See Concepcion*, 563 U.S. at 351 ("Arbitration is a matter of contract, and the FAA requires courts to honor parties' expectations.") (citation omitted); *see also Am. Express Co. v. Italian Colors Rest.*, __ U.S. __, 133 S. Ct. 2304, 2309–12 (2013) (holding a contractual waiver of class arbitration is enforceable under the FAA even when a plaintiff's cost of individually arbitrating exceeds the potential recovery).

Both Promissory Notes plainly require arbitration of disputes on an individual, non-class basis, and preclude Plaintiffs from participating either directly or indirectly in any class action proceeding related to such claims (in arbitration or otherwise).  Accordingly, Plaintiffs' individual claims must be submitted to arbitration on an individual basis.

### F.    The Claims Should be Dismissed or Stayed Pending Arbitration.

Because arbitration must be compelled for the reasons set forth above, NSI requests that the Court dismiss all of the claims.  Where all of the claims at issue are subject to arbitration, the Fifth Circuit, and lower courts following its lead, routinely dismiss rather than stay the lawsuit. *See, e.g.*, *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676–678 (5th Cir. 1999) (upholding dismissal on arbitration grounds even where plaintiff would have no remedy because the statute of limitations had run); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that although a district court has no discretion to deny a stay if one is requested under Section 3 of the FAA, that provision "was not intended to limit dismissal of a case in the proper circumstances" and explaining that "[t]he weight of authority clearly supports dismissal of the case when *all* of the issues . . . must be submitted to arbitration.") (emphasis in original); *see also Allee Corp. v. Reynolds & Reynolds Co.*, No. 3:15-CV-0744, 2015 WL 1914663, at *8 (N.D. Tex. April

28, 2015) (dismissing action with prejudice where all of plaintiff's claims were subject to mandatory arbitration); *Anderson v. Waffle House, Inc.*, 920 F. Supp. 2d 685, 694 (E.D. La. 2013) ("When all of the issues raised in the district court are referable to arbitration, district courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3."); *Gray v. Sage Telecom, Inc.*, 410 F. Supp. 2d 507, 512 (N.D. Tex. 2006) (applying *Fedmet* and *Alford* and dismissing claims in lieu of stay); *Hencinski v. Austin Commercial, L.P.*, No. 3:05-CV-2368, 2006 WL 325764, at *1 (N.D. Tex. Feb. 13, 2006) ("Because the parties agreed to binding arbitration, the case should never have been filed in the first place, and it must now be dismissed with prejudice.") (citation omitted).

Here, because all of Plaintiffs' claims are subject to arbitration, the Amended Complaint should be dismissed.  In the alternative, NSI requests that the Court stay this lawsuit in its entirety (including, without limitation, the deadline to file a responsive pleading or otherwise respond under Rule 12 to the Amended Complaint) because the issues raised in this Motion are gating issues and should be considered before determining, for example, whether the Amended Complaint passes muster pursuant to applicable pleading standards.

## IV.    CONCLUSION

For the reasons set forth above, NSI asks this Court to compel arbitration and dismiss the claims asserted in the Amended Complaint, or, in the alternative, stay this action pending arbitration, and to grant such further relief as the Court deems just, necessary and proper.

Dated: October 31, 2016           RESPECTFULLY SUBMITTED BY:

**McGUIREWOODS LLP**

*/s/ Thomas M. Farrell*
Thomas M. Farrell (TXB 06839250)
Attorney-in-Charge
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, Texas 77002
Telephone: (713) 571-9191
Facsimile: (713) 571-9652
E-mail: tfarrell@mcguirewoods.com

-and-

Dion W. Hayes (*Pro Hac Vice* Admission Pending)
K. Elizabeth Sieg (*Pro Hac Vice* Admission Pending)
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 698-2255
E-mail: dhayes@mcguirewoods.com
       bsieg@mcguirewoods.com

*Counsel to Navient Solutions, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Navient Solutions, Inc. conferred in good faith with counsel for the Plaintiffs via telephone conference on October 27, 2016, regarding the relief requested in this Motion, but the parties were unable to reach a consensual resolution.

*/s/ Dion W. Hayes*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of October 2016, a true and correct copy of *Defendant Navient Solution, Inc.'s Motion to Compel Arbitration and Dismiss or Stay Pending Arbitration* was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

*/s/ Thomas M. Farrell*

## LOCAL RULE 7012-1 STATEMENT

For the reasons described in the Motion, NSI does not consent to the entry of a final order or judgment by this Court on the claims asserted in the Amended Complaint because the Court lacks subject matter jurisdiction to do so.  NSI does, however, consent to entry by this Court of the proposed order attached hereto.  Further, to the extent the Motion is denied by final, unappealable order, NSI will supplement its statement under Local Rule 7012-1 in its subsequent responsive pleading or other response under Fed. R. Civ. P. 12.

*/s/ Thomas M. Farrell*

**UNITED STATES BANKRUPTCY COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **EVAN BRIAN HAAS** | § | **CASE NO. 15-35886** |
| | § | **Chapter 7** |
| Debtor | § | |

------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **EVAN BRIAN HAAS** and | § | |
| **MICHAEL SHAHBAZI** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **ADV. PRO. NO. 16-03175 (drj)** |
| | § | |
| **SLM CORPORATION** and | § | |
| **NAVIENT SOLUTIONS, INC.** | § | |
| | § | |
| Defendants. | § | |

**[PROPOSED] ORDER GRANTING**
**DEFENDANT NAVIENT SOLUTIONS, INC.'S MOTION TO**
**COMPEL ARBITRATION AND DISMISS OR STAY PENDING ARBITRATION**

Upon Navient Solutions, Inc.'s Motion under Fed. R. Civ. P. 12(b)(1) for an order (a) compelling Plaintiffs Evan Brian Haas ("Haas") and Michael Shahbazi ("Shahbazi" and collectively with Haas, "Plaintiffs") to submit their disputes to arbitration on an individual, not class, basis, and (b) dismissing the claims set forth in Plaintiffs' First Amended Complaint ("Amended Complaint"; D.E. 15) or, alternatively, staying this action (including, without limitation, the deadline to answer or otherwise respond under Rule 12 to the Amended Complaint) pending arbitration, and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein and after due deliberation, it is hereby,

ORDERED, DECREED, AND ADJUDGED THAT:

1

1.       The Motion is granted as set forth herein.

2.       In accordance with the valid and binding terms of the Promissory Notes and applicable case law, Plaintiffs must submit the claims alleged in the Amended Complaint to arbitration on an individual, rather than class, basis.

3.       The Amended Complaint is dismissed in its entirety with prejudice.


Dated:                                    _____

                                          DAVID R. JONES
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE


83488850

2

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT FOR**
**THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **EVAN BRIAN HAAS** | § | **CASE NO. 15-35886** |
| | § | **Chapter 7** |
| Debtor | § | |

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **EVAN BRIAN HAAS** and | § | |
| **MICHAEL SHAHBAZI** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **ADV. PRO. NO. 16-03175 (drj)** |
| | § | |
| **SLM CORPORATION** and | § | |
| **NAVIENT SOLUTIONS, INC.** | § | |
| | § | |
| Defendants. | § | |

## DECLARATION OF JAMES M. AUSTIN

I, James M. Austin, under penalty of perjury, declare as follows:

1.      My name is James M. Austin.  I am a resident of Pennsylvania, am over the age of eighteen (18), and am fully competent to make this Declaration.  I submit this Declaration in support of the Motion to Compel Arbitration and Dismiss or Stay Pending Arbitration filed by Navient Solutions, Inc. ("NSI").

2.      The statements set forth in this Declaration are true and correct, and are made with personal knowledge based on my review of Plaintiffs' account records.

3.      I am employed by NSI as a Senior Customer Advocate.  I am familiar with the record-keeping practices and policies of NSI, and I make this Declaration on the basis of my personal knowledge from a review of NIS's records, of which I am a custodian.  Such records are

maintained in the ordinary course of business.  If called to testify, I could and would competently attest to the facts set forth herein.

4.  NSI is engaged in the business of servicing student loans.  In the course of such business, NSI may take action to collect repayment of those loans.

5.  I am familiar with the student loan accounts of Plaintiff Michael Shahbazi ("Shahbazi"), whose social security number is XXX-XX-2000, and Plaintiff Evan Brian Haas ("Haas"), whose social security number is XXXX-XX-6972.

6.  On June 27, 2002, Shahbazi executed a Repayment Schedule and Truth-In-Lending Disclosure for an educational loan in the amount of $11,648.99 from SLM Financial Corporation.  On July 3, 2002, Shahbazi entered a Promissory Note (the "Shahbazi Note"), and the loan was disbursed in the original principal amount of $11,648.99.  A true and correct, redacted copy of the Repayment Schedule and Truth-In-Lending Disclosure is attached hereto as Exhibit A.  A true and correct, redacted copy of the Shahbazi Note is attached hereto as Exhibit B.

7.  Ownership of the loan originated from the Shahbazi Note (the "Shahbazi Loan") transferred to Education Credit Finance Corporation.  Subsequently, Education Credit Finance Corporation changed its name to Navient Credit Finance Corporation ("NCFC").  NCFC is still the owner and holder of the Shahbazi Loan.

8.  NCFC is a subsidiary of Navient Corporation, and an affiliate of NSI.  NSI is also a subsidiary of Navient Corporation.

9.  At all times during and after Shahbazi's Chapter 7 bankruptcy case,[1] NSI or its predecessor was the servicer for the Shahbazi Loan.

---

[1]  *In re Michael Shahbazi*, Case No. 11-16643-RGM, U.S. Bankruptcy Court, Eastern District of Virginia (Alexandria Division).

10.     NSI is not presently in possession of an original copy of the Shahbazi Note bearing Shahbazi's signature as the instrument has apparently been lost or destroyed, and NSI has been unable to locate the original Shahbazi Note after a diligent search.  The loss of possession of the original Shahbazi Note was not the result of a transfer or a lawful seizure.  Since NCFC acquired the Shahbazi Loan, the loan has not been pledged, assigned, transferred, hypothecated or otherwise disposed of.

11.     On December 1, 2009, Haas signed a Bar Study Loan Application and Promissory Note (the "Haas Note"), and the loan (the "Haas Loan") was disbursed on December 18, 2009 in the original principal amount of $15,000.00.  A true and correct, redacted copy of the Haas Note is attached hereto as Exhibit C.

12.     The Haas Loan was transferred to Education Credit Finance Corporation in 2010.  The Haas Loan was then transferred to SLM Trust 2001-B in 2011.  At all times NSI and its predecessor serviced the Haas Loan.

13.     Both the Shahbazi Note and Haas Note contain an arbitration agreement and class action waiver.

14.     Based on my review of NSI's business records with respect to the Haas account, I have determined that pursuant to Exhibit C, Section T, Paragraph 1, no rejection notice was ever received from Mr. Haas, or anyone acting on his behalf, with respect to the arbitration agreement set forth in Exhibit C.

I declare, under penalty of perjury, that the foregoing is true and correct.


Executed on this  28 74  day of October, 2016 at Wilkes-Barre, PA.

_____

James M. Austin

3

# EXHIBIT A

SLM FINANCIAL CORPORATION CONTINUING EDUCATION LOAN PROGRAM

**REPAYMENT SCHEDULE AND TRUTH-IN-LENDING DISCLOSURE**  Date: 6/21/02

| BORROWER | CO-BORROWER |
|---|---|
| MICHAEL SHAHBAZI | |
| SSN: ██████2000 | SSN: |

In this disclosure the words 'you' and 'your' refer to Borrower and any Co-Borrower. Lender refers to  Commerce Bank/Delaware, N.A.

located in the state of  DE

The Lender has approved a Loan for  11,648.99

The interest rate you will pay on the loan is the Prime Rate as published in *The Wall Street Journal* on the date printed on this Disclosure Statement  or the Prime Rate effective on the first day of the month prior  to your  anniversary month plus  9.0000%  (the Margin).

If you do not want this loan you must immediately return the funds and this form to your school's financial aid office

or SLM Financial Corporation.  If you return the funds you will not be obligated to repay this loan. The supplemental fee for this loan is

Your current variable interest rate is  13.7500%   The Prime Rate used to calculate your variable interest rate was  4.7500 %

**TRUTH-IN-LENDING DISCLOSURE**

| *ANNUAL PERCENTAGE RATE* The cost of your credit as a yearly rate. | *FINANCE CHARGE* The dollar amount the credit will cost you. | AMOUNT FINANCED + The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid after you have made all scheduled payments |
|---|---|---|---|
| 13.7500% | 9,846.12 | 11,648.99 | 21,495.11 |

| | |
|---|---|
| **Additional Terms:** | Please refer to your Promissory Note for additional information about non-payment, default, any required payment in full before the scheduled date, and prepayment/refunds and penalties. |
| **Late Charge:** | If any part of a principal or interest payment is more than 15  days late, you will have to pay a late charge of  10.000  or the monthly payment or $20.00 , whichever is greater. |
| **Prepayment:** | If you pay off the loan early, you will not have to pay a penalty. |
| **Variable Rate:** | The annual percentage rate may increase or decrease on the anniversary of this loan's disbursement date if the Prime Rate as published in The Wall Street Journal increases or decreases. Any increase may take the form of higher payments.  Any decrease may take the form of lower payments. For example, assume that your loan is for $10,000 at 10.00% interest for 120 months.  If the interest rate increased to 10.25% after one year, your monthly payment amount will increase from $132.15 to $133.43. |
| **Check Return Fee:** | If you make a payment by check and that check is returned unpaid for any reason, you will pay a charge of  $ 20.00  for each check so returned. Such Check Return Fee may be added to your principal balance. |
| **Deferment Fee:** | You may request and the Lender, at the Lender's sole discretion, may grant you a Deferment under which you may defer a regularly scheduled payment for one or two months.  If you request such Deferment and the Lender grants it, you agree to pay a $20.00 Deferment Fee. Such fee may be added to your Principal Balance. |
| **Forbearance Fee:** | You may request and the Lender, at the Lender's sole discretion, may grant you a Forbearance under which you may defer a regularly scheduled payment for up to six months.  If you request such Forbearance and the Lender grants it, you agree to pay up to a $50.00 Forbearance Fee.  Such fee may be added to your Principal Balance. |

These payment amounts are an estimated average.

| YOUR PAYMENT SCHEDULE (which may change based on your funding date) WILL BE | | | ITEMIZATION OF AMOUNT FINANCED + | |
|---|---|---|---|---|
| Number of Payments | Amount of Payments | When Payments Are Due (Monthly Beginning) | | |
| 119 | 179.12 | 7/21/02 | $ 11,648.99 | Amount Financed |
| 1 | 179.83 | 6/21/12 | $ .00 | Supplemental Fee |
| | | | $ 11,648.99 | Loan Amount |
| | | | | |
| | | | | |
| | | | **SLM FINANCIAL CORPORATION** | |
| | | | **(AS SERVICER FOR LENDER)** | |

By signing I acknowledge receipt of a completed copy of this disclosure.

X _____  6/27/02    X _____
MICHAEL SHAHBAZI              Date              Date

                                          X _____
                                                           Date

Sign and return to:
SLM Financial Corporation
PO Box 470
Marlton, NJ 08053-0470

JHA SALLIE MAE 01 9/99

# **EXHIBIT B**

# SLM Financial Corporation Educational Loan Program - PROMISSORY NOTE

*See Paragraph XI.3 below for important state law notices, including a "Notice to Consumer" for Iowa and Kansas residents and a Vermont "Notice to Cosigner."*

*In this Promissory Note (hereinafter "Note"), the words "I," "me," "my" and "mine" mean the undersigned Borrower and Co-Borrower(s), unless the language specifically refers to only one or the other. "You," "your" and "yours" means the Lender, its agents, and any subsequent holder of this Note, and the agents of such persons. "Lender" refers to the Lender as identified on my Disclosure Statement. "School" means the school that the Student is attending. "Student" is the person whose education costs will be paid for by this loan.*

**I.    PROMISE TO PAY**

I promise to pay to the order of the Lender, or to a subsequent holder, according to the terms below: the sum of the Requested Loan Amount to the extent it is advanced to me, or on my behalf, (the "Loan Amount"); interest on the Loan Amount; interest on any unpaid accrued interest added to the Loan Amount; Supplemental Fees, Late Charges, Returned Check Fees, and Payment Deferment/Forbearance Fees; and, in the event of default, the Lender's or subsequent Holder's costs of collection and reasonable attorneys' fees.

**II.    INTEREST**

Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the Disbursement Date, on the principal balance advanced and on unpaid accrued interest added to the principal balance according to the Terms of Repayment below, until the principal balance and all accrued interest are paid in full. The Variable Rate will change annually on the anniversary of my loan's Disbursement Date. The Variable Rate is equal to the sum of the Prime Rate as published in The Wall Street Journal on the date printed on my Disclosure Statement, or the first day of the month prior to my loan's anniversary month (the "Index"), plus the percentage identified on my Disclosure Statement per annum (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). For example, the Variable Rate for any January anniversary date will be determined by the Prime Rate published in The Wall Street Journal and in effect for the preceding December 1st. The amount of my Margin will be identified on my Disclosure Statement. If The Wall Street Journal is not published or the Prime Rate is not stated, then the Index shall be determined by using the immediately preceding published Prime Rate. In the event that more than one Prime Rate is published, the Index shall be calculated by using the highest rate so published. If this Index ceases to be available, you will choose a comparable substitute Index.

**III.    TERMS OF REPAYMENT**

1. Repayment Period Statements - I will make consecutive monthly payments in the amounts and on or before the payment due dates established in my Disclosure Statement and shown on my monthly statements or in my coupon book until I have paid all of the principal and interest and any other charges I may owe under this Note.

2. I will repay my loan in no more than _____180_____ installments of principal and interest equal to the amount necessary to amortize the unpaid principal and interest balance of my loan (as of the date of calculation) in equal monthly installments of principal and interest, or interest only when indicated on my Disclosure Statement, at the Variable Rate then in effect over the number of months remaining in the Repayment Period. The length of my repayment period, and the number of installments, will be identified on my Disclosure Statement. Alternatively, at your option, you may adjust the term of my loan first, then the repayment amount.

3. Amounts Owing at the End of the Repayment Period  -  Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest and late charges at the end of the Repayment Period. In such case, I shall pay the additional amounts due and you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.

4. Payments - Payments will be applied first to applicable charges and fees, accrued interest, and then to principal, as permitted by applicable law.

**IV.    SUPPLEMENTAL FEE**

You will charge me and I will pay an amount equal to the Supplemental Fee identified on my Disclosure Statement. The fee will be no more than _____ of the Loan Amount. You will add the Supplemental Fee to the Loan Amount  or I will pay  the Supplemental Fee at the time you issue my loan disbursement.  I will not be entitled to any reimbursement of Supplemental Fee after I cash my disbursement check, or, if funds are transmitted electronically, 60 days after the funds are disbursed to the school.

**V.    LATE CHARGES**

To the extent permitted by law, I will pay a late charge if I fail to make any part of a monthly payment within the number of days after it becomes due, as identified on my Disclosure Statement. The minimum late charge will be identified on my Disclosure Statement. The maximum late charge may not exceed the percentage of the total monthly payment, as identified on my Disclosure Statement.

**VI.    CHECK RETURN FEE**

If I make a payment by check and that check is returned unpaid for any reason, I agree to pay a charge of _____$20.00_____ for each check so returned. Such Check Return Fee may be added to my principal balance hereunder and accrue interest at the rate provided in this Note, without notice.

**VII.    DEFERMENT / FORBEARANCE FEE**

I may request and you, at your sole discretion, may grant me a Deferment under which I may defer a regularly scheduled payment for a maximum of two months. If I request such Deferment and you grant it, I agree to pay a Deferment Fee not to exceed $20.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice. I may request and you, at your sole discretion, may grant me up to 6 months of forbearance from making payments. If I request such forbearance and you grant it, I agree to pay a Forbearance Fee not to exceed $50.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice.

**VIII.    COLLECTION COSTS**

I agree to pay you all amounts, including reasonable collection agency and attorney's fees and court and other collection costs, that you incur in enforcing the terms of this Note if I am in default, up to the maximum permitted by law.

**IX.    RIGHT TO PREPAY**

I have the right to prepay all or any part of my loan at any time without penalty.

**X.    WHOLE LOAN DUE**

I will be in default and you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once, and to cease to make any further disbursements to me, if: 1) I fail to make any payment to you when due; or 2) I fail to notify you in writing of a change in my name, address, telephone number, or change of status of the Co-Borrower(s) (i.e. death, total disability or bankruptcy) within ten days after a change occurs; or 3) I  break any of my other promises in this Note; or 4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or 5) I make any false written statement in applying for this loan or at any time during the Repayment Period; or 6) I die or the Co-Borrower(s) dies; or 7) I am in default on any loans I may already have with you, or on any loans I may have with you in the future. For Wisconsin residents only, I will be in default and you will have the rights described above, If 1) (a) if the interval between scheduled payments is two months or less, and I permit to be  outstanding an amount exceeding one full payments which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or (b) if the interval between scheduled payments is more that two months, I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more that 60 days after its scheduled due date or deferred due date.  I will also be in default if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to  pay the amounts due under this Note..

My failure to receive a coupon book or a statement does not relieve me of my responsibility and obligation of making my required monthly loan payments in accordance with the terms and conditions of this Note. You may report the status of my loan and my payment history to credit reporting agencies. If I default, I will be required to pay interest on this loan accruing after default at the same rate of interest applicable to this loan prior to my default. The interest rate after default will be subject to adjustment in the same manner as before default.

**XI.    NOTICES**

1. I will send written notice to you within ten days after any change in my name, address, or telephone number.
2. Any notice required to be given to me by you will be effective when mailed by first-class mail to the latest address you have for me.
3. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to Borrowers and Co-Borrowers who live in the state on that date they sign this Note and to Borrowers and Co-Borrowers who are residents of the state.

ARIZONA: I agree to pay an effective rate of interest equal to the rate of interest applicable in this Note, as set forth in "Interest" above, plus any additional rate of interest resulting from any other fees or charges paid or payable by me in connection with this Note that my be deemed to be interest under applicable law.

CALIFORNIA RESIDENTS: As required by law, I am hereby notified that a negative credit report reflected on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

GEORGIA: I waive any right to require the Lender to take action against the principal as provided in O.C.G.A. § 10-7-24.

IDAHO: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Idaho, including the Idaho Credit Code (other than laws relating to interest, fees, and charges).

INDIANA: If I am in default, I will not be obligated to pay collection agency costs, attorney's fees, other collection costs, or court costs (unless independently awarded by the court).

**IOWA: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.**

**KANSAS: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.**

KANSAS: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated in my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Kansas, including the Kansas Uniform Consumer Credit Code (other that laws relating to interest, fees, and charges).

KANSAS AND MAINE RESIDENTS: The provisions of this Note regarding when I will be in default do not apply. Instead I will be in default (a) If I fail to make a payment as required by this Note or (b) If the prospect of my payment or performance is significantly impaired (the burden of establishing the prospect of significant impairment is on the Lender).

MAINE: The provisions of this Note regarding the payment of collection agency costs, attorneys fees, other collection costs, and court costs do not apply to Maine residents. This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Maine, including the Maine Consumer Credit Code (other than laws relating to interest, fees, and charges).

MISSOURI: **ORAL LOAN AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE  NOT ENFORCEABLE TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING  OR DISAPPOINTMENT, ANY AGREEMENTS  WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THIS AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEW YORK: By signing as Co-Borrower I am acting as a "guarantor" and if there is default, I agree to pay all sums due as set forth in the Note. The Lender can collect this debt from me without first trying to collect from the Borrower.

NEW YORK and VERMONT: The Lender may obtain a consumer report (credit report) about me from a consumer reporting agency (credit bureau). Upon my request, I will be informed whether or not the Lender obtained a consumer report about me and if so the name and address of the consumer reporting agency that furnished the report. If my application is approved subsequent consumer reports may be requested or used in connection with (a) renewal or extension of  the credit for which I have applied, (b) reviewing my loan, (c) taking collection action on my loan or (d) other legitimate purposes associated with my loan.

NORTH CAROLINA: By signing as a Co-Borrower I waive any right I have to require the Lender to proceed in accordance with the provisions of N.C.G.S. §§ 26-7 through 26-9 and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

OHIO: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy consumers and that credit reporting agencies maintain separate credit histories on each individual upon request.  The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA: If I am in default and the total amount disbursed under this Note is greater that $3,400 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's collection agency costs, attorneys fees, other collection costs and court costs.

TEXAS RESIDENTS: To contact the Lender about this account call 1-800-538-8492. This contract may be subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lainer Boulevard, Austin, Tx 78705-4207, phone (512) 479-1285 or (800) 538-1579. Contact the Commissioner relative to any inquiries or complaints.

UTAII BORROWERS AND CO-BORROWERS: As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligation.

VERMONT: **NOTICE TO CO-SIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. if THE BORROWER DOES NOT PAY THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

VIRGINIA: By signing as Co-Borrower, I waive any right I have to require the Lender to proceed in accordance with provisions of§§49-25 and 49-26 of the Code of Virginia and acknowledge that the Lender may proceed directly against me without first proceeding against the  Borrower  or any collateral for the Loan.

WEST VIRGINIA RESIDENTS: The provisions of this Note regarding the payment of collection agency costs, attorney's fees, other collections costs, and court costs do not apply.

WISCONSIN BORROWERS AND CO-BORROWERS: The provisions of this Note regarding default do not apply. Instead, I will be in default (a) if the interval between scheduled  payments is two months or less, and I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more that 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment, within 40 days of its scheduled due date or deferred due date, or (b) if the interval between scheduled payments is more than two months. I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more than 60 days after its scheduled due date or deferred due date. I will also  be in default if I fail to observe any other provision of the Note, the breach of which materially impairs my ability to pay the amounts due under this Note.

WISCONSIN RESIDENTS ONLY: No provision of a marital property agreement (pre-marital agreement), a unilateral statement under Section 766.59 of the Wisconsin Statutes, or a court decree under Section 766.70 adversely affects the interest of the creditor unless, prior to the time the credit is granted, the creditor is furnished a coy of the marital property agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me. For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family.

_____                                    _____
Signature of Wisconsin Borrower                                    Signature of Wisconsin Co-Borrower

## XII.   ADDITIONAL AGREEMENT

1. The proceeds of this loan will be used for the educational expenses at the School, including living expenses. I understand that when you accept this signed Note, you are not agreeing to lend me money and that there will be no such agreement until the time the loan is actually disbursed. You have the right to lend an amount less than the Requested Loan Amount and/or to accept or reject my Co-Borrower(s) or my application. I will be required to repay only the Loan Amount, plus interest, any late charge, and other applicable charges.

2. **I understand that the Lender is located in the state identified on my Disclosure Statement and this Note will be entered into in that state. Consequently, the provisions of this Note will be governed by applicable federal laws and the applicable laws of that state, without regard to conflict of law rules.** I agree that any suit I bring against you must be brought in the county in which you maintain your principal place of business. I agree that any suit against me in the event I default on this Note may, to the extend permitted by law, be brought in the county in which you maintain your principal place of business, regardless of where I am now living or where I may be living at the time of suit.

3. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you in writing within three days of receipt by me of the loan check to you; or if funds are transmitted electronically, I will instruct the School within three days of receipt by me of the Disclosure Statement, to return such funds to you.

4. Without losing any of your rights under this Note you may accept (a) late payments, or (b) as permitted by law, partial payments, even if marked "payment in full", "without recourse" or similar language. You may delay or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any party liable upon this loan or any

this loan or any other loans I have outstanding with you, or waiver or modification that may be granted by you, all without affecting or releasing the borrower, cosigner(s) or the co-borrower(s) from such loans.

5. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

6. Any provision of this Note may be modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Note.

7. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

8. If this Note is executed by more than one person, each person agrees that any communication between you and any of the persons will be binding on all of the persons and that the provisions of this Note will apply to all persons individually and collectively.

9. All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

10. If I fail to complete or am dissatisfied with the education program paid for with this loan, the Co-Borrower and I are not relieved of any obligation within or pursuant to this Note.

11. I hereby waive all my defenses to this Note based on suretyship

## BORROWER'S/CO-BORROWER'S CERTIFICATION/AUTHORIZATION

I declare that the information contained on my application is true and correct. I authorize the School to pay to you any refund which may be due me up to the Loan Amount. I certify that the loan proceeds will be used for educational expenses at the School, including living expenses. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the Student's educational expenses related to attendance at the School. I understand that you may, at your option, either electronically transmit funds to the School to be applied to the Student's account or issue a check made payable to me, or jointly payable to me and the School, and send it to the School. If funds are transmitted electronically, I authorize the School to transfer funds to the Student's account at the School. I, the Borrower, will receive a Disclosure Statement, incorporated herein by this reference, that identifies my actual Loan Amount (as determined by the Lender), repayment period, fee amounts and interest rates. I understand and agree that if the information on the Disclosure Statement conflicts with the information on this Note, the information on the Disclosure Statement applies. I also certify the following: I have read materials explaining the Program that have been provided to me, and I understand and agree to the provisions of the Program and my rights and responsibilities under the Program.

## CORRECTION OF ERRORS

All parties to this agreement agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, promissory note and Truth-In-Lending Disclosure Statement.  In the event this procedure is utilized, all parties involved shall be notified and receive a corrected copy of the changed document.

## PRIVACY DISCLOSURE

1. I must update the information on my Application whenever you ask me to do so. I understand that if I default on my loan, disclosure of information about my loan to consumer reporting agencies may adversely affect my credit rating. Therefore, in order to maintain a good credit rating, it is to my advantage to comply with all my responsibilities under this Note.

2. I authorize any school that the Student may attend to release to you, any requested Borrower or Co-Borrower information pertinent to this loan (e.g., employment, enrollment status, current address). For the purpose of learning my current address and telephone number, I authorize you to release information and make inquiries to the individuals I have listed on my application as references. I also authorize the sharing of any information about any of my outstanding education loans, by and between you, the applicable school, or any lender or subsequent holder of any such loans.

3. I authorize you and your affiliates from time to time to request and receive from others credit-related information about my spouse if I live in a community property state. If I ask, you will tell me whether you have requested information from a consumer-reporting agency and will provide me with the name and address of any agency that furnished you with a report.

4. You and your affiliates may share credit and other information about me with each other and with third parties for marketing and administrative purposes. If I do not want credit information about me from my application, consumer reporting agencies, or third parties shared with your affiliates, I will send a signed letter telling you so with this Note.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERE TO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## Arbitration Disclosure.

In this section, the word "you" refers to the borrower and/or co-borrower and the words "we" and "us" refer to the lender and any subsequent holder of this promissory note.  By applying for a loan with us, you agree that, if a dispute of any kind arises with respect to this Note or your application for a loan either you, we or third parties involved in a dispute with us can choose to have that dispute resolved by binding arbitration as described under "Arbitration Provision" below. If a party chooses arbitration, you will be required to select the Arbitration Administrator (i.e., the organization whose rules will govern the arbitration and which will designate the individual arbitrator) from between the following groups:

American Arbitration Association        1-212-716-5870
JAMS/Endispute                          1-800-352-5267

If you have questions, concerning these organizations, or wish a copy of their rules or forms, please contact the telephone number listed next to their names. Once you have selected an Arbitration Administrator, the arbitration will be conducted in accordance with that organization's code of procedure. If arbitration is chosen by one of the parties with respect to a claim, dispute or controversy, neither you nor we will have  a right to litigate that claim in court or to have a jury trial on that claim or to engage in prearbitration discovery except as provided in the code of procedure of the arbitration administrator. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim that is subject to arbitration. The arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read the Arbitration Provision below carefully before signing this Note.

## Arbitration Provision.

In this section, the word "you" refers to the borrower and/or co-borrower and the words "we" and "us" refer to the lender and any subsequent holder of this promissory note. This provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to this Note or your application for a loan or advertisements, promotions or oral or written statements related to this Note or the program under which such a loan is or would be made, the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note) or the validity,enforceability or scope of this Arbitration Provision or the entire Note (collectively, "Claim"). Any dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration under the applicable code of procedure (as in effect at the time the Claim is filed) of the Arbitration Administrator you select as provided above. A party who has asserted a claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties. There shall be no authority or right to have any Claims resolved on a class action basis and the arbitrator may only decide your or our Claim(s) and may not consolidate or join the claims of other persons who have similar claims. Any participatory arbitration hearing that you attend will take place in the federal judicial district in which you reside. If you are unable to do so, at your request, we will advance the filing and hearing fees charged by the Arbitration Administrator for any Claim you wish to file against us. The losing party in the arbitration will ultimately be responsible for paying these fees. Unless inconsistent with applicable law, each party will bear the expense of their respective attorneys', experts' and witness fees, regardless of which party prevails in the arbitration.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be covered by the Federal Arbitration Act ("FAA") (9 U.S.C.§§1-16). The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This Arbitration Provision shall survive repayment of your loan. If any portion of this Arbitration Provision is deemed invalid or unenforceable under the FAA, it should not invalidate the remaining portions of this Arbitration Provision.

**STATEMENT AND SIGNATURES:** I have reviewed the information I have been presented in the Note and and certify that it is true, correct and complete to the best of my knowledge and belief. I authorize you, your agent(s) and affiliates, and the School from time to time to gather and share credit, employment, and other information about me from and with each other, consumer reporting agencies and third parties in accordance with applicable law. My authorization covers, without limitation, the sharing of any credit or other information from this Note or any information about the loan disbursed under this Note. I understand that a credit report is obtained for this loan application. I will not sign this Note before reading both sides of it even if otherwise advised. By signing this Note, I acknowledge that I have received an exact copy of it, that I have read it, and that I understand and agree to the terms and conditions of the Note printed on both sides of this Note, including the "Privacy Disclosure". A Co-Borrower is equally liable for this loan with the Borrower.

**THIS IS AN EDUCATION LOAN THAT MUST BE REPAID.**

This agreement shall be effective when signed below or in counterpart, and photocopy, facsimile, electronic or other copies shall have the same effect for all purpose as an ink-signed original.

| | | | | |
|---|---|---|---|---|
| Signature of | (Borrower) | Date | Signature of | (Co-Borrower) Date |
| MICHAEL SHAHBAZI | | | | |

| | | |
|---|---|---|
| ▇2000 | Signature of | (Co-Borrower) Date |
| Borrower's Social Security Number | | |

17,528.03

Loan Amount

# **<u>EXHIBIT C</u>**

# Sallie Mae Bar Study Loan®
*Application and Promissory Note*

**Sallie Mae** Education Trust®

Customer ID Number: _____ 5611
Application: 1BAR0902
Prom Note: 3BAR0909

## Section A: Borrower, Loan and Enrollment Information  Please read instructions before completing this application.  [BS]

| Social Security Number | Last Name and Suffix | First Name | MI |
|---|---|---|---|
| 6972 | Haas | Evan | B |

Permanent Address (Street Only - No P.O. Boxes Allowed): 4122 Spencer St.
City: Houston
State: TX
ZIP Code: 77007

Length of Time at Permanent Address: Years 6 / Months
Permanent Phone Number:
Cellular Phone Number: 202-531-5590
Email Address: ebhaas@gmail.com

Prior Address (if you have been at your permanent address less than one year please provide prior address): 747 10th St, SE Apt G
City: WashTon

Current Mailing Address (where all loan correspondence and your disbursement check will be sent): 747 10th St, SE Apt G
City: Washington
State: DC
ZIP Code: 20003

Current Phone Number: 202-531-5590
Date of Birth (mm/dd/yyyy): 1984

Have you ever defaulted on an education loan? (select one) ☐ Yes ☑ No  (if yes, see instructions for required action)

Citizenship (select one) ☑ U.S. Citizen ☐ Non-Citizen Permanent Resident ☐ Foreign Resident  (for Non-Citizen Permanent Resident or Foreign Resident see instructions)

Name of Law School from which you graduated or now attend: Villanova
City: Villanova
State: PA
ZIP Code: 19085

Current Outstanding Student Loans:
Federal: $70K  Non-Federal/Private: $98,000

Have you previously received a Bar Study Loan or other similar loan to fund bar review expenses? (select one) ☐ Yes ☑ No  If yes, please list amount received $ _____

Anticipated Graduation Date: Sept 2009

State Bar Exam Date (mm/dd/yyyy)
Must be no more than 12 months following graduation.
Date: 02/23/2010  State: Virginia

Early Bar Exam
State:
(If you will be sitting for the Bar Exam prior to graduation in a state that makes it available to students in their third year of study, list the state in which you will be taking the early Bar Exam.)

**LOAN AMOUNT REQUESTED**

A. Bar review course fees, deposits, etc. (cannot exceed $4,000): $ 4,000
B. Living Expenses: $ 11,000
C. TOTAL AMOUNT REQUESTED: $ 15,000
(Total cannot exceed $15,000)

Dates you would like your checks mailed (mm/dd/yyyy):
A. Can be disbursed no sooner than 3rd year of study and no later than 12 months following graduation.
B. Can be disbursed no sooner than 30 days prior to graduation and no later than 12 months following graduation

References: You must provide two (2) adult references, one of which should be a relative. You may not list any cosigner or anyone listed as a reference by a cosigner.

1) Last Name and Suffix: Haas  First Name: Lynn  MI:  Relationship to Borrower: Mother
Address (No P.O. Boxes): 4122 Spencer St.  City: Houston  State: TX  ZIP Code: 77007  Permanent Phone Number: 713-880-3571  Alternate Phone Number: 713-263-4457

2) Last Name and Suffix: Oblatta  First Name: Adam  MI:  Relationship to Borrower: Friend
Address (No P.O. Boxes): 750 Presidio Ave, Apt 202  City: San Francisco  State: CA  ZIP Code: 94115  Permanent Phone Number: 408-627-5805  Alternate Phone Number:

## Section B: Cosigner Information

| Social Security Number | Last Name and Suffix | First Name | MI | Relationship to Student |
|---|---|---|---|---|
| | | | | |

Permanent Address (Street Only - No P.O. Boxes Allowed):  City:  State:  ZIP Code:

Length of Time at Permanent Address: Years  Month  Date of Birth (mm/dd/yyyy)  Permanent Phone Number  Cellular Phone Number  Email Address

Prior Address (if you have been at your permanent address less than one year please provide prior address):  City:  State:  ZIP Code:

Citizenship ☐ U.S. Citizen ☐ Non-Citizen Permanent Resident  (for Non-Citizen Permanent Resident see instructions)
Have you ever defaulted on an education loan? (select one) ☐ Yes ☐ No  (if yes, see instructions for required action)

Employment Status (see instructions):  Present Employer Name  Work Phone Number  Extension  Length of Time at Present Employer: Years  Months  Occupation (see instructions)

You do not need to reveal alimony, child support or maintenance income if you do not wish to have it considered as a basis for loan repayment.

Cosigner's Gross Income from Primary Source: (see instructions)  Per: (see instructions)  Source of Primary Income:  Additional Income:  Per: (see instructions)  Source of Additional Income:  Total Household Income:  Per: (see instructions)

Ownership of Accounts:
Do you have one or more of the accounts listed below? ☐ Yes ☐ No
Checking: $   Savings, CDs, Money Market, Retirement or Investment: $

Residence Type ☐ Own ☐ Rent ☐ Live with parent(s) ☐ Other
If own, Approximate Home Value $
Monthly Mortgage/Rent Amount $

References: You must provide two (2) adult references, one of which should be a relative. You may not list any borrower or anyone listed as a reference by a borrower.

1) Last Name and Suffix:  First Name:  MI:  Relationship to Cosigner:
Address (No P.O. Boxes):  City:  State:  Zip Code:  Permanent Phone Number  Alternate Phone Number

2) Last Name and Suffix:  First Name:  MI:  Relationship to Cosigner:
Address (No P.O. Boxes):  City:  State:  Zip Code:  Permanent Phone Number  Alternate Phone Number

## Section C: Borrower and Cosigner Signature

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

NOTICE TO CUSTOMER (a) DO NOT SIGN THIS BEFORE YOU READ THE PROMISSORY NOTE EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE UNDER THIS AGREEMENT AND YOU MAY BE ENTITLED TO A PARTIAL REFUND OF THE FINANCE CHARGE.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and each applicable Notice to Cosigner and agree to the terms therein. I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. **Promise to pay:** Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this note all sums disbursed under the terms of the Promissory Note, plus interest and all other fees, charges, and costs that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

Borrower Signature _____ (seal) Date 12/1/09  Cosigner Signature _____ (seal) Date _____

## Section D: School Certification  Must be completed by an authorized school official

School Name  School Code/Branch  The student has graduated or is scheduled to graduate on or about (mm/dd/yyyy)

As an authorized representative of the school identified above, I hereby certify the following: (i) the Borrower named in Section A is enrolled and is in good standing and making satisfactory progress toward graduation from this school on or about the date specified; (ii) this Borrower has not been approved to receive funds for bar examination expenses from another provider of educational loans; (iii) the information completed in this school certification is accurate; (iv) that school will notify Sallie Mae if the borrower withdraws from the school; (v) if applicable, then prior to certification the school has complied with the disclosure requirements in Section 626(1) and all other provisions of the NY SLATE ACT, Law of New York Chapter 41, Article 13-B, Sections 620-632 (the "SLATE ACT"); (vi) as permitted under applicable law, that the school will provide information requested by Sallie Mae related to the borrower, including without limitation contact information; and (vii) that the information provided in Sections A, B, C and D are true, complete and correct to the best of my knowledge and belief.

Authorized School Official  Print or type: Name and Title  Phone
Sign and date:

# Sallie Mae Bar Study Loan Promissory Note 3BAR0909

**See Section N below for important federal law notices, including a federal Notice to Cosigner, important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner, and important notices regarding Available Financing Options Under Title IV of the Federal Higher Education Act and regarding Loan Sales and Availability of Borrower Benefits.  See Section T below for an important Arbitration Agreement, including a notice regarding the right to reject arbitration. See also an important disclosure for students attending Iowa schools that is attached with this Promissory Note.**

In this Promissory Note ("Note") the words "I," "me," "my," "mine" and "we" mean the borrower and cosigner(s) who signed the application, unless the language specifically refers to only one or the other. "You," "your," and "yours" mean the lender as listed below and any subsequent holder of this Note. "School" means the school I identified in the loan application.

Lender:

## A.   PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fees (together, the "Loan Amount"); other interest, fees and charges accrued or capitalized on the Loan Amount as described in this Note; and, in the event of default, reasonable attorney's fees, and collection agency, court and other collection costs, to the extent permitted by law.

## B.   DEFINITIONS

1.   Interim Period - The "Interim Period" will begin on the day of my first disbursement and will end on the earliest of the following applicable dates:

(a) If the student borrower graduates from the School, nine months after the date the student borrower graduates;

(b) If the School is approved for half-time enrollment only, nine months after the student borrower ceases to be enrolled in at least half-time study, unless the student borrower re-enrolls in another school eligible for the Sallie Mae Bar Study Loan Program within that nine-month period and also meets the enrollment requirements approved for that school; or

(c) If the School is approved for less than half-time enrollment, nine months after the student borrower ceases to be enrolled in at least half-time study, and also ceases to meet the requirements for less than half-time study, unless the student borrower re-enrolls in another school eligible for the Sallie Mae Bar Study Loan Program within that nine-month period and also meets the enrollment requirements approved for that school.

The portion of the Interim Period while the student borrower is in school is the "School Period" and the remaining portion of the Interim Period is the "Grace Period." Requirements for less than half-time study may include, but are not limited to, a limit on the maximum number of months or the maximum number of sequential terms (quarter, trimester, semester, or academic year) for less than half-time enrollment.

To find out if a school is approved for less than half-time enrollment, and, if so, the requirements for less than half-time study at the school, call 1-888-2SALLIE.

2.   Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends and, depending on my loan balance, will continue for up to 360 months, not counting any Deferment or Forbearance periods. If my loan is made six months or more after the student borrower graduates, drops below half-time enrollment, if required, or ceases to meet the requirements for less than half-time enrollment, if applicable, then there is no Interim Period and my Repayment Period begins on the day of my first disbursement.

3.   Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing." **Since interest accrues**

on the outstanding principal balance, capitalizing increases the total cost of the loan.

4.   Default - You may declare my loan in default following an event described in Section K except as follows: IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents) or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.

WISCONSIN RESIDENTS ONLY: I will be in default:  (a) if I permit to be outstanding an amount exceeding 1 full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date: or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5.   Disbursement Date - The date shown on the loan check or the date the loan funds are electronically transferred to the School.

6.   Disclosure - The Truth in Lending Disclosure that will be sent on or before the time of my first disbursement and which is hereby incorporated into this Note.

7.   Additional Terms - The terms "Interest," "Forbearance Fee," "Deferment Fee," "Late Charge," "Supplemental Fee," "Payment Return Fee," and "Collection Costs" are defined in the Note sections so titled. "Variable Rate," "Index," and "Margin" are defined under Section C, Interest, of this Note.

## C.   INTEREST

1.   Accrual of Interest - Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the first Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full. The Variable Rate will be used to calculate interest during the entire term of this Note, and following the maturity of, or any default under, this Note; there is no initially discounted, premium or other rate that will be used to calculate interest under this Note.

2.   Variable Rate - I will pay interest at a Variable Rate equal to the "Index", rounded up to the nearest one-eighth of one percent (0.125%), plus or minus the percentage identified on my Disclosure (the "Margin") for the School Period, Grace Period, or Repayment Period, as applicable. The Variable Rate may change monthly on the Change Date if the Index changes, the Margin changes, or both change. The Change Date is the twenty-fifth day of each month, or if the twenty-fifth day of the month is not a New York business day, the next New York business day. The Index is the one-month London Interbank Offered Rate ("LIBOR"), which is the average of interbank offered rates for one-month U.S. dollar-denominated deposits in the London market, as published by Reuters on its Reuters Screen LIBOR01 Page, or any successor page used for the purpose of displaying that rate. The Index is determined on the most recent business day that is at least two New York and two London business days prior to the Change Date. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York, New York are authorized or ordered by law to close. A London business day is defined as any day on which commercial banks in London, England carry on interbank dealings in the London market. For example, if January 22, 23, and 24 are New York business days, but only January 22 and 23 are

Copyright © 2000-2009 Sallie Mae 3BAR0909

London business days, then the Index for the rate as of January 25 would be determined by the one-month LIBOR on January 22.

3. Substitute Source and Substitute Index - If the Reuters Screen LIBOR01 Page is unavailable, then the Index will be determined by you using another source for the one-month LIBOR, such as another Reuters service that displays that rate, should one continue to do so; any substantially similar service that displays that rate, such as Bloomberg, should it continue to do so; or any substantially similar source that displays that rate, such as the Money Rates section of *The Wall Street Journal*, should it continue to do so. As an alternative to using another source, you may decide to calculate the rate using a methodology that is substantially similar to that used to determine the rate when it was published by Reuters. If no substitute source is available, or provides the rate on a timely basis, and if you are unable to calculate the rate, or decide not to do so, then you will choose a comparable substitute Index.

**D.  TERMS OF REPAYMENT**

1. No Required Payments During Interim Period - I am not required to make payments during the Interim Period. However, unpaid accrued interest will be capitalized at the beginning of the Repayment Period. Statements that show the unpaid accrued interest on the loan will be sent to the student borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on the loan will also be available online at www.manageyourloans.com.

2. Repayment Schedule - You and I agree that the repayment schedule will be established as follows: Subject to paragraph 4 of this Section, prior to the start of the Repayment Period you will send me a statement setting forth an initial repayment schedule that provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over a Repayment Period of up to 180 months. You will also send me statements showing the amounts and payment due dates of my monthly payments.

3. Revisions to the Repayment Schedule - Subject to paragraph 4 of this Section, you will revise the repayment schedule so that it provides for consecutive monthly payments of principal and interest in the amounts necessary to repay the unpaid principal and interest at the Variable Rate then in effect over the number of months remaining in the Repayment Period with the payment amount changing in the months of February, May, August, and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly payments.

4. Interest-Only Payments, Extended Repayment Term, Other Repayment Options - After the Interim Period begins, I may ask to make interest-only payments for the first 24 months or first 48 months of the Repayment Period or to exercise another repayment option, if available. If I wish to do so, I will notify you. If you agree, you will notify me in writing of my new repayment terms, and, if I am making interest-only payments:

   (a) During any month when there is a decrease in the interest rate, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase in the interest rate, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any such excess interest that remains unpaid will accrue, but will not be capitalized: and

   (b) You will revise the repayment schedule so that I will repay any unpaid accrued interest and interest at the Variable Rate then in effect over the number of months remaining in the interest-only payment period, with the payment amount changing in the months of February, May, August and November, as necessary. The statements that you send me will reflect any changes in the amounts of my monthly interest-only payments.

5. Consecutive Monthly Payments - I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and any other fees, charges, and costs I may owe under this Note.

6. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

7. Minimum Payment - Notwithstanding paragraphs 3, 4 and 6 of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Sallie Mae Bar Study Loans combined.

8. Application of Payments - Payments will be applied first to applicable fees, charges, and costs; then to accrued interest, and the remainder to principal, as permitted by applicable law. Additionally, payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by extra funds unless I give you special instructions to not advance the payment due date. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

9. Payment in Full - **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation.** To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full," or having similar language, without waiving your rights under this Note.

**E.  DEFERMENT AND DEFERMENT FEES;
      FORBEARANCE AND FORBEARANCE FEES**

1. In School Deferment - If I return to school I may request a Deferment under which I may defer regularly scheduled payments after the beginning of the Repayment Period for a maximum period of time set by you. As long as the school is eligible for the Sallie Mae Bar Study Loan Program, you will automatically grant the Deferment. Even if I do not request a Deferment, if you are notified that I have returned to a school that is eligible for the Sallie Mae Bar Study Loan Program, you will automatically grant a Deferment. I understand that no Deferment Fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest every six months and at the end of any such Deferment period or at the end of any such Deferment period of less than six months.

2. Residency or Internship Deferment - If at any time during the Repayment Period I am enrolled in a residency or internship program, I may request and you at your sole discretion may grant me a Deferment, for a maximum period of time set by you.  As long as the residency or internship program is an approved program, you will automatically grant the Deferment. I understand that no Deferment Fee is assessed for a Residency or Internship Deferment.  You will capitalize unpaid accrued interest every 12 months and at the end of any such Deferment period or at the end of any such Deferment period of less than 12 months.

3. Hardship or Other Forbearance - I may request and you, at your sole discretion, may grant me a Forbearance, for a maximum period of time set by you. If I receive a Forbearance during the Repayment Period, then I may defer regularly scheduled payments after the beginning of the Repayment Period.  If I request such a Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest at the end of any such Forbearance Period.

**F.  LATE CHARGE**

I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

**G.  SUPPLEMENTAL FEES**

1. Supplemental Fee at Disbursement - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. If there is more than one disbursement, at the time you issue each disbursement, you may add to the principal loan balance an amount equal to the pro rata portion of the Supplemental Fee. The amount of the Supplemental Fee, if

Copyright © 2000-2009 Sallie Mae 3BAR0909

charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Disbursement or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. Supplemental Fee at Repayment - You may charge me a Supplemental Fee, which will be identified on my Disclosure, and add it to the Loan Amount, either at the beginning of my Repayment Period, upon total repayment of my loan, or upon an event described in Section K, whichever is earlier. The amount of this Supplemental Fee, if charged, will be identified on my Disclosure, under the Itemization of Amount Financed, as the amount of the Supplemental Fee at Repayment or Prepaid Finance Charge and will be a percentage of the principal balance of my loan after unpaid interest accrued during the Interim Period is capitalized.

3. When Earned - I understand and agree that the Supplemental Fees, if any, are earned when assessed, are due even if the amounts on which they are assessed are later refunded, and are not subject to rebate if I prepay my loan.

## H.  PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.

## I.  CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## J.  RIGHT TO PREPAY

**I have the right to prepay all or any part of my loan at any time without penalty. If I prepay my loan, I am not entitled to a refund of any finance charge.**

## K.  DEFAULT; WHOLE LOAN DUE;
## INTEREST RATE AFTER DEFAULT

Subject to applicable law, and the requirements of Section B.4 above, you may declare my loan in default if:

1. I fail to make any payment to you when due; or

2. I fail to provide a notice required in paragraph 3 of Section N on time; or

3. I break any of my other promises in this Note; or

4. Any bankruptcy proceeding is begun by or against me, or I assign any of my assets to or for the benefit of my creditors; or

5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or

6. The student borrower dies or any cosigner dies; or

7. I am in default on any other loans I may have, now or in the future, with you, with any Sallie Mae affiliate or subsidiary, or with any successor company of any of the foregoing.

If you do so, then after you provide me with such notices and cure periods as are required by applicable law, if any, the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note will become due and payable at once and you may cease to make any further disbursements to me. After default, interest will accrue at the Variable Rate applicable to this loan prior to default and the Variable Rate will be subject to adjustment in the same manner as before.

## L.  COLLECTION COSTS

Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M.  NOTICE OF CLAIM; RIGHT TO RESOLVE:

Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding a legal dispute or claim that in any way arises from or relates to this Note (as more fully defined in the Arbitration Agreement below, "Claim"), the party asserting the Claim shall give the other party written notice of the Claim and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any claim notice I send must include my name, address, telephone number and loan or account number. Any claim notice must explain the nature of the Claim and the relief that is demanded. I may only submit a claim notice on my own behalf and not on behalf of any other party. The party giving a claim notice must reasonably cooperate in providing any information about the Claim that the other party reasonably requests.

## N.  NOTICES

1. <u>**JURY TRIAL WAIVER:**</u> **YOU AND I ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL RIGHT BUT MAY BE WAIVED IN CERTAIN CIRCUMSTANCES. TO THE EXTENT PERMITTED BY LAW, YOU AND I KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION ARISING OUT OF OR RELATED TO THIS NOTE. THIS JURY TRIAL WAIVER SHALL NOT AFFECT OR BE INTERPRETED AS MODIFYING IN ANY FASHION THE ARBITRATION AGREEMENT SET FORTH BELOW, WHICH CONTAINS ITS OWN SEPARATE JURY TRIAL WAIVER.**

2. Joint and Several Liability - **Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.**

3. Change in Information - I will send written notice to you, within 10 days after any change in my name, address, email address, permanent phone number, cellular phone number, or, if this Note is executed by more than one person, the status (i.e. death) of any other person (i.e. the Borrower or any Cosigner), or within 10 days after any change in the School enrollment status of the Student, which includes, but is not limited to, non-attendance.

4. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on all borrowers and cosigners. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

5. Reports to Credit Bureaus - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**

6. Not Negotiable - This is a non-negotiable consumer note.

7. Not Dischargeable - **This loan may not be dischargeable in bankruptcy.**

8. <u>Federal Notices</u> - I understand that the following notice is required by federal law when a new account is opened:

---

**IMPORTANT INFORMATION ABOUT PROCEDURES
FOR OPENING A NEW ACCOUNT**

To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: In applying for this education loan, you will ask for my name, address, date of birth, Social Security Number, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner(s) who signed the application.

Copyright © 2000-2009 Sallie Mae 3BAR0909

**NOTICE TO COSIGNER**

**You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.**

**You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.**

**The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.**

**This notice is not the contract that makes you liable for the debt.**

I understand that the following notice is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions otherwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the undersigned Borrower and Cosigner(s).

**NOTICE**

**If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, or if you believe that you have been the victim of identity theft in connection with any other Sallie Mae loan made by us, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9500. In your letter, (i) provide your name and the loan or account number, (ii) identify the specific information that is being disputed, (iii) explain the basis for the dispute, and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, submit an identity theft affidavit or identity theft report.**

9. **State Notices** - I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to borrowers and cosigners who live in the indicated state on the date that they signed the application and to borrowers and cosigners who are residents of that state.

CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.

CALIFORNIA and UTAH RESIDENTS: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER: 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

MISSOURI RESIDENTS ONLY: **ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

NEVADA RESIDENTS ONLY: This is a loan for study.

NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

NEW YORK, RHODE ISLAND and VERMONT RESIDENTS: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.

VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the Cosigner(s). **NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of § 766.56(3)(b) of the Wisconsin Statutes, as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

Copyright © 2000-2009 Sallie Mae 3BAR0909

10. **Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act**

Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of May 1, 2008. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

(a) **Grants** - Financial aid that does not need to be repaid.
(b) **Federal Work-Study Programs**
(c) **The Federal Family Education Loan Program (FFELP)**

FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.
– Subsidized Federal Stafford Loan
  • Fixed interest rate for undergraduate students as follows:
  - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
  - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011
  - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
  • Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
  • 6-month grace period following at least half-time enrollment
  • Deferment and forbearance options
  • Interest subsidized by the government during in-school, grace, and deferment periods
  • Flexible repayment plans such as graduated, income-sensitive, income-based, and extended repayment options
– Unsubsidized Federal Stafford Loan
  • Fixed interest rate of 6.8%
  • 6-month grace period following at least half-time enrollment
  • Deferment and forbearance options
  • Flexible repayment plans such as graduated, income-sensitive, income-based, and extended repayment options
– Federal PLUS Loan
  • Fixed interest rate of 8.5%
  • Deferment and forbearance options
  • Flexible repayment plans such as graduated, income-sensitive, and extended repayment options
– Federal Consolidation Loan
  • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  • Deferment and forbearance options
  • Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans

(d) **William D. Ford Federal Direct Loan Program**

The William D. Ford Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.
– Federal Direct Stafford/Ford Loan
  • Fixed interest rate for undergraduate students as follows:
  - 5.6% for loans first disbursed July 1, 2009 - June 30, 2010
  - 4.5% for loans first disbursed July 1, 2010 - June 30, 2011

  - 3.4% for loans first disbursed July 1, 2011 - June 30, 2012
  • Fixed interest rate of 6.8% for all graduate students, and for undergraduate students with loans first disbursed before July 1, 2008 and on or after July 1, 2012
  • 6-month grace period following at least half-time enrollment
  • Deferment and forbearance options
  • Interest subsidized by the government during in-school, grace, and deferment periods
  • Flexible repayment plans such as graduated, income contingent, income-based, and extended repayment options
– Federal Direct Unsubsidized Stafford/Ford Loan
  • Fixed interest rate of 6.8%
  • 6-month grace period following at least half-time enrollment
  • Deferment and forbearance options
  • Flexible repayment plans such as graduated, income contingent, income-based, and extended repayment options
– Federal Direct PLUS Loan
  • Fixed interest rate of 7.9%
  • Deferment and forbearance options
  • Flexible repayment plans such as graduated, income contingent, and extended repayment options
– Federal Direct Consolidation Loan
  • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
  • Deferment and forbearance options
  • Repayment period based on the total amount of the Consolidation Loan and the unpaid balance on other student loans

(e) **Federal Perkins Loan Program**
  • Fixed interest rate of 5%
  • 9-month grace period following at least half-time enrollment
  • Deferment and forbearance options, with a 6-month grace period following deferment
  • Interest does not accrue during in-school, grace, and deferment periods
  • 10-year repayment plan
  • Origination fees do not apply

11. **Notice to Borrowers Regarding Loan Sales and Availability of Borrower Benefits**

I understand that my student loans may be sold while the loans are outstanding. I further understand that you have an agreement to sell to an affiliate of Sallie Mae, Inc. no less than 80% of the volume of private loans that you make that are originated and disbursed through Sallie Mae, Inc., and that as a result, my loan may be included in the loans that are sold to that entity. Any such sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

**O. WHEN BOUND; RIGHTS TO CANCEL**

1. <u>When Bound</u> - **I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the first disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.**

2. <u>My Right to Cancel this Note</u> - **Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will call you at 1-888-2SALLIE within 10 business days of the date of the Disclosure and I will not cash any loan checks, or if funds are transmitted electronically or by master check, I will instruct the School, within 10 business days of the date of the Disclosure, to return the funds to you.**

3. <u>Your Right to Cancel this Note</u> - **I agree that you may cancel this Note and all disbursements without advance notice to me if the Disclosure is returned as undeliverable, for any reason, or if, in your sole discretion, whether based on information provided by**

Copyright © 2000-2009 Sallie Mae 3BAR0909

the School or otherwise, you reasonably conclude that the student borrower will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student borrower at the School.

4. <u>Your Right to Cancel Future Disbursements</u> - You also have the right to cancel any future disbursement, without advance notice to me, if:

(a) the student borrower ceases to be enrolled at least half time, if required, or to meet the restrictions for less than half-time enrollment, if applicable:

(b) an event occurs as described in Section K:

(c) the student borrower or any cosigner notifies you that he or she has arranged for other financing for the education costs to be paid for by this loan or that he or she no longer wants to repay the amount not yet disbursed;

(d) the classes in which the student borrower has enrolled have been cancelled or delayed: or

(e) the School ceases to be eligible to participate in the Sallie Mae Bar Study Loan Program.

**P. ADDITIONAL AGREEMENTS**

1. <u>Use of Loan Proceeds: Acceptance of Borrower or Cosigner; Amount Lent</u> - The proceeds of this loan will be used to pay educational expenses at the School, including living expenses. You have the right to accept or reject any Cosigner(s) or my application and/or to lend an amount less than the Loan Amount Requested if the School certifies a lower cost of attendance or balance due or if you have reason to believe that that cost of attendance is less than the amount certified by the school.

2. <u>Rights of Assignee of Lender</u> - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. <u>Governing Law</u> - **I understand that the Lender is located in the State listed in the introductory paragraph of this Note and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of law rules.**

4. <u>Late Payments, Partial Payments and Payments in Full: Waivers</u> - Without losing any of your rights under this Note, you may accept late payments, or, as permitted by law, partial payments, even if marked "payment in full", "without recourse: or similar language. **If I wish to make a payment in satisfaction of a disputed amount or balance, I must send the payment to P.O. Box 3800, Wilkes Barre, PA 18773-3800 with a letter of explanation.** You may delay exercising, fail to exercise, or waive any of your rights on any future occasion without losing your entitlement to exercise any right at any future time or on any future occasion. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any person liable on this loan or any other loans I have outstanding with you, or any waiver or modification that may be granted by you, all without affecting or releasing any other person liable on this loan.

5. <u>Conflict Between Disclosure and Note</u> - I understand and agree that if the information in my Disclosure conflicts with the information in this Note, the information in my Disclosure shall apply with respect to items required to be disclosed under federal law.

6. <u>Failure to Receive Coupon Book or Statement</u> - My failure to receive a coupon book or statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

7. <u>Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment</u> - I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other

loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

8. <u>Severability</u> - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

9. <u>Modification</u> - Any provision of this Note may be modified if jointly agreed upon in writing by you and the borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

10. <u>Communications Under Federal Bankruptcy Code</u> - Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae, P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

11. <u>Receipt of Copy of Note</u> - I acknowledge that I have received a true and exact copy of this Note.

12. <u>Assignments: Estate Bound</u> - I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

13. <u>Waivers by You</u> - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

14. <u>United States Dollars</u> - All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

15. <u>Failure to Attend or Dissatisfaction with Education Program</u> - Except as otherwise provided herein, if the Student does not attend or is dissatisfied with the education program paid for with this loan, the Borrower and Cosigner(s) are not relieved of any obligation within or pursuant to this Note.

16. <u>Suretyship</u> - I hereby waive all my defenses to this Note based on suretyship.

17. <u>Communicating with Me</u> - **To the extent permitted by applicable law, and without limiting any other rights you may have, I consent to your communicating with me, in connection with the application or my loan, using any phone number or email address that I provided in the application, or using any phone number or email address that I provide in the future. You may communicate with me using any current or future means of communication, including, but not limited to, automated telephone dialing equipment, artificial or pre-recorded voice messages, SMS text messages, email directed to me at a mobile telephone service, or email otherwise directed to me. YOU MAY USE SUCH MEANS OF COMMUNICATION EVEN IF I WILL INCUR COSTS TO RECEIVE SUCH PHONE MESSAGES, TEXT MESSAGES, OR EMAILS.**

18. <u>Limits on Interest, Fees, Charges, or Costs</u> - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

(a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

(b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

**Q. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING**

1. <u>Certification</u> - I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. If this loan is being obtained through the Financial Aid Office of the School, then I also certify that a Financial Aid Officer at the

Copyright © 2000-2009 Sallie Mae 3BAR0909

School made all disclosures to the student borrower, regarding the available financing options under Title IV of the Federal Higher Education Act, that are required by applicable law. I understand and agree that my Lender is listed in the introductory paragraph of this Note. I hereby authorize the School, and if the School is closed, any third party, such as a custodian, receiver, bankruptcy trustee, trustee for a performance bond or a tuition recovery fund, to pay to you any refund that may be due me up to the amount of this loan. I understand that I must immediately repay any funds that cannot reasonably be attributed to meeting the educational expenses of the student borrower related to attendance at the School and I hereby authorize the School at its discretion to refund any portion of my loan that exceeds direct institutional charges. At your option, and in accordance with the disbursement schedule established by you and the School, I authorize you to transmit funds directly to the School on my behalf. You may transmit such funds electronically, by a master check payable to the School where my funds are grouped together with other student borrower funds, by a check jointly payable to me and the School, or by a check made payable to the Borrower. Once the funds have been received, whether by electronic transmission or by proper endorsement and payment of any master check, joint check, or individual check, I authorize the School to transfer the funds to my account at the School. I understand that, except as otherwise provided herein, neither the student borrower's failure to complete the educational program that he or she has undertaken, nor the student borrower's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. Authorization - **I authorize the School and any custodian of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to check my credit and employment history, and to request and receive from others credit-related information about me, for this loan, for any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, for any hardship forbearance of this loan or any future loans that may be requested by me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your affiliates, your agents, and the guarantor or its agents, if any, to answer questions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subsequent holder of this Note, or its agents, and to the guarantor or its agents, if any. Finally, to the extent permitted by applicable law, I authorize you and your affiliates to share credit and other information about me, as well as copies of the application, this Note, and the Disclosure, with each other, consumer reporting agencies, and other third parties. I understand that I will receive a privacy policy, and, when required, an affiliate-sharing policy, that will advise me of my rights under applicable law.**

3. Borrower and Cosigner Consent to Information Sharing - **I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law.** I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. What I Have Read - I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, and the terms of this Note, including this Section Q.

## R.   CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any

or all of the loan documents including the Application, Note, Disclosure, any Notice to Cosigner, and any Notice to Married Wisconsin Residents. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## S.   COSIGNER/BORROWER RELEASE

1. Release of Cosigner Applicant - I agree that, if any cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and/or any other cosigner applicant, then you may release said cosigner applicant from the application and from any liability hereunder, but this Note will still bind the borrower and any remaining cosigner.

2. Release of Borrower - As cosigner, I agree that if the borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## T.   ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration Agreement is part of the Sallie Mae Bar Study Loan Promissory Note (**"Note"**).

1. **RIGHT TO REJECT: I may reject this Arbitration Agreement by mailing a signed rejection notice to P.O. Box 9480, Wilkes-Barre, PA 18773-9480 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.**

2. **IMPORTANT WAIVERS: If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE, CLASS MEMBER OR OTHERWISE; (3) ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION; OR (4) JOIN OR CONSOLIDATE CLAIM(S) WITH CLAIMS INVOLVING ANY OTHER PERSON IN COURT OR IN ARBITRATION. Other rights are more limited in arbitration than in court or are not available in arbitration. The waivers in subsections (2)-(4) above are called the "Class Action and Multi-Party Waivers." The arbitrator shall have no authority to conduct any arbitration inconsistent with the Class Action and Multi-Party Waivers.**

3. **DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:

   "**I**," "**me**" and "**my**" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing. "**You**," "**your**" and "**yours**" mean the Lender; any other subsequent holder of this note; Sallie Mae, Inc.; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors, successors and assigns of these entities; and all officers, directors, employees, agents and representatives thereof. These terms also include any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "**Claimant**" means the party who first asserts a Claim in a lawsuit or arbitration proceeding. "**Administrator**" means either the American Arbitration Association (the "AAA"), 335 Madison Avenue, New York, NY 10017, www.adr.org, or JAMS, 620 Eighth Avenue, 34th Floor, New York, NY 10018, www.jamsadr.com, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the Class Action and Multi-Party Waivers set forth above (see Section T.2). You get to select the Administrator if you give us written notice of your selection with your notice that you are electing to arbitrate any Claim or within 20 days after we give you notice that we are electing to arbitrate any Claim (or, if later, within 20 days after any

Copyright © 2000-2009 Sallie Mae 3BAR0909

dispute over the validity of this Arbitration Agreement is finally resolved). If you do not select the Administrator on time, we will do it. If for any reason the Administrator you or we select is unable or unwilling to serve or continue to serve as Administrator, the other company will serve as Administrator. If neither the AAA nor JAMS is able or willing to serve as Administrator, we and you will mutually agree upon an Administrator or arbitrator or the court will appoint the Administrator or arbitrator or arbitrators (in the case of a three-arbitrator panel provided for in Section T.8, below), subject to the limitations set forth above regarding the Class Action and Multi-Party Waivers.

4. **"CLAIM"** means any legal claim, dispute or controversy between you and me that arises from or relates in any way to this Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the imposition or collection of principal, interest, attorneys' fees, collection costs or other fees or charges relating to this Note; (2) other provisions of this Note; (3) any application, disclosure or other document relating in any way to this Note or the transactions evidenced by this Note; (4) any insurance or other service or product offered or made available by or through you in connection with this Note, and any associated fees or charges; (5) your methods of soliciting my business; and (6) any documents, instruments, advertising or promotional materials that contain information about this Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or this Note; disputes involving alleged fraud or misrepresentation, breach of contract or fiduciary duty, negligence or other torts, or violation of statute, regulation or common law. It includes disputes involving requests for injunctions, other equitable relief or declaratory relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **Also, "Claim" does not include any challenge to the validity and effect of the Class Action and Multi-Party Waivers, which must be decided by a court.**

If there is an arbitration agreement in place (a "Prior Arbitration Agreement") governing a prior promissory note to you (a "Prior Note"), "Claim" also includes all disputes relating to the Prior Note. If I do not reject this Arbitration Agreement, any such Claim will be governed by this Arbitration Agreement rather than the Prior Arbitration Agreement. If I reject this Arbitration Agreement, the Claim will be governed by the Prior Arbitration Agreement, provided that, if I never had the chance to reject the Prior Arbitration Agreement and no demand for arbitration has been previously made, my rejection of this Arbitration Agreement will also serve as my rejection of the Prior Arbitration Agreement.

5. **STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. **LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must normally pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay all such fees if I prevail in an arbitration where I am the Claimant (even if you are not required to pay such fees under applicable law) and will pay all such fees you are required to bear: (a) under applicable law; or (b) in order to enforce this Arbitration Agreement.

7. **DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any relevant information the arbitrator determines should in fairness be made available.

8. **EFFECT OF ARBITRATION AWARD:** Any state or federal court with jurisdiction and venue may enter an order enforcing this Arbitration Agreement, enter judgment upon the arbitrator's award

and/or take any action authorized under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"). For any arbitration-related proceedings in which courts are authorized to take actions under the FAA, each party hereto expressly consents to the non-exclusive jurisdiction and venue of any state court of general jurisdiction or any state court of equity that is reasonably convenient to me, *provided* that the parties to any such judicial proceeding shall have the right to initiate such proceeding in federal court or remove the proceeding to federal court if authorized to do so by applicable federal law. The arbitrator's award will be final and binding, except for: (1) any appeal right under the FAA; and (2) Claims involving more than $50,000. For Claims involving more than $50,000 (including claims where the cost of any requested injunctive or declaratory relief would potentially exceed $50,000), any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider *de novo* any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided in Paragraph 6 above, the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. **GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. **SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; and any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement (other than this sentence) shall be null and void with respect to any Claim asserted on a class, representative or multi-party basis if the Class Action and Multi-Party Waivers are held to be invalid, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

11. **NOTICE OF CLAIM; RIGHT TO RESOLVE; SPECIAL PAYMENT:** Prior to initiating, joining or participating in any judicial or arbitration proceeding, whether individually, as a class representative or participant or otherwise, regarding any Claim, the Claimant shall give the other party written notice of the Claim (a "Claim Notice") and a reasonable opportunity, not less than 30 days, to resolve the Claim. Any Claim Notice I send must include my name, address, telephone number and loan or account number. Any Claim Notice must explain the nature of the Claim and the relief that is demanded. I may only submit a Claim Notice on my own behalf and not on behalf of any other party. The Claimant must reasonably cooperate in providing any information about the Claim that the other party reasonably requests. If: (i) I submit a Claim Notice in accordance with this paragraph on my own behalf (and not on behalf of any other party); (ii) you refuse to provide the relief I request; and (iii) an arbitrator subsequently determines that I was entitled to such relief (or greater relief), the arbitrator shall award me at least $5,100 (not including any arbitration fees and attorneys' fees and costs to which I may be entitled under this Arbitration Agreement or applicable law).

Copyright © 2000-2009 Sallie Mae 3BAR0909

# **EXHIBIT 2**

**CLOSED**

# U.S. Bankruptcy Court
## Eastern District of Virginia (Alexandria)
### Bankruptcy Petition #: 11-16643-RGM

|  |  |
|---|---|
| | *Date filed:* 09/10/2011 |
| *Assigned to:* Robert G. Mayer | *Date terminated:* 01/03/2012 |
| Chapter 7 | *Debtor discharged:* 12/27/2011 |
| Voluntary | *341 meeting:* 10/20/2011 |
| No asset | *Deadline for objecting to discharge:* 12/19/2011 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor*** | represented by **Nathan A. Fisher** |
| **Michael Shahbazi** | 3977 Chain Bridge Road, #2 |
| 20462 Valley Fall Sq | Fairfax, VA 22030 |
| Ashburn, VA 20147 | (703) 691-1642 |
| LOUDOUN-VA | Fax : (703) 691-0192 |
| SSN / ITIN: xxx-xx-2000 | Email: Fbarsad@cs.com |

***Trustee***
**Janet M. Meiburger**
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101-5726
703-556-9404

| Filing Date | # | Docket Text |
|---|---|---|
| 09/10/2011 | 1 (48 pgs) | Voluntary Petition under Chapter 7 Filed by Nathan A. Fisher on behalf of Michael Shahbazi. (Fisher, Nathan) |
| 09/10/2011 | 2 (1 pg) | Certificate of Credit Counseling filed by Nathan A. Fisher on behalf of Michael Shahbazi. (Fisher, Nathan) |
| 09/10/2011 | 3 | U.S. Treasury receipt of Voluntary Petition under Chapter 7 (11-16643) [misc,1125] ( 299.00) filing fee. Receipt number 12807531, amount $ 299.00. (U.S. Treasury) |
| 09/11/2011 | 4 | Meeting of Creditors: 10/20/2011, 10:00 AM, Office of the U.S. Trustee, 115 South Union Street, Suite 206, Alexandria, Virginia. Objections to Discharge/Dischargeability due by 12/19/2011. Interim Trustee: Janet M. Meiburger. |
| 09/14/2011 | | |

| | | |
|---|---|---|
| | [5](#)<br>(3 pgs) | Notice of Meeting of Creditors (Re: related document(s) 4 Auto Assign Meeting of Creditors Chapter 7 Individual/Joint) (Admin.) (Entered: 09/15/2011) |
| 09/14/2011 | [6](#)<br>(2 pgs) | Order to Debtor(s) (Admin.) (Entered: 09/15/2011) |
| 09/14/2011 | [7](#)<br>(2 pgs) | Notice of Electronic Filing Procedure (Admin.) (Entered: 09/15/2011) |
| 09/14/2011 | [8](#)<br>(2 pgs) | Notice of Requirement to Complete Course in Personal Financial Management and to File Certification. (Admin.) (Entered: 09/15/2011) |
| 09/21/2011 | [9](#)<br>(1 pg) | Request for Notice/Service *Ellen Mackay, Deputy Treasurer* filed by Treasurer, County of Loudoun, Virginia.(Mackay, Ellen) |
| 10/12/2011 | [10](#)<br>(1 pg) | Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management filed by Nathan A. Fisher on behalf of Michael Shahbazi. (Fisher, Nathan) |
| 10/20/2011 | 11 | Chapter 7 Trustee's Report of No Distribution: I, Janet M. Meiburger, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Meeting of Creditors and Examination of Debtor(s) Conducted. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 490.00, Assets Exempt: $ 10550.00, Claims Scheduled: $ 189948.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 189948.00. (Meiburger, Janet) |
| 10/23/2011 | [12](#)<br>(1 pg) | Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management filed by |

| | | |
|---|---|---|
| | | Nathan A. Fisher on behalf of Michael Shahbazi. (Fisher, Nathan) |
| 12/27/2011 | 13 | Discharge of Debtor(s) (Admin.) |
| 12/30/2011 | 14 (4 pgs) | BNC Certificate of Mailing of Discharge of Debtor(s) (Re: related document(s) 13 Automatic Discharge of Chapter 7 Debtor(s)) (Admin.) (Entered: 12/31/2011) |
| 01/03/2012 | 15 | Case Closed. The Chapter 7 No Distribution case having been fully administered, the case is hereby closed. The Trustee in this case is hereby discharged. (Admin.) |

<table>
<tr><th colspan="4">PACER Service Center</th></tr>
<tr><th colspan="4">Transaction Receipt</th></tr>
<tr><td colspan="4">10/31/2016 09:25:12</td></tr>
<tr><td>PACER Login:</td><td>mc1071:2594391:0</td><td>Client Code:</td><td>0012626-0500</td></tr>
<tr><td>Description:</td><td>Docket Report</td><td>Search Criteria:</td><td>11-16643-RGM Fil or Ent: filed Doc From: 0 Doc To: 99999999 Format: html Page counts for documents: included</td></tr>
<tr><td>Billable Pages:</td><td>2</td><td>Cost:</td><td>0.20</td></tr>
</table>

# **EXHIBIT 3**

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Eastern District of Virginia | Voluntary Petition |
| --- | --- |

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Shahbazi, Michael** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| --- | --- |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-2000** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**20462 Valley Fall Sq**<br>**Ashburn, VA**<br><div align="right">ZIP Code<br>**20147**</div> | Street Address of Joint Debtor (No. and Street, City, and State):<br><div align="right">ZIP Code</div> |
| County of Residence or of the Principal Place of Business:<br>**Loudoun** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><div align="right">ZIP Code</div> | Mailing Address of Joint Debtor (if different from street address):<br><div align="right">ZIP Code</div> |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

■ Chapter 7
☐ Chapter 9
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box)

■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☐ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10) Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Shahbazi, Michael** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X  **/s/ Nathan Fisher**          **September 10, 2011**<br>Signature of Attorney for Debtor(s)          (Date)<br>**Nathan Fisher 37161** |

| Exhibit C |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br>■ No. |

| Exhibit D |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br>☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| Information Regarding the Debtor - Venue |
|---|
| (Check any applicable box) |
| ■  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| ☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| ☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| Certification by a Debtor Who Resides as a Tenant of Residential Property |
|---|
| (Check all applicable boxes) |
| ☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br>_____<br>(Address of landlord) |
| ☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| ☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |
| ☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Shahbazi, Michael** |

<div align="center">Signatures</div>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Michael Shahbazi**
_____
Signature of Debtor **Michael Shahbazi**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**September 10, 2011**
_____
Date

### Signature of Attorney*

X **/s/ Nathan Fisher**
_____
Signature of Attorney for Debtor(s)

**Nathan Fisher 37161**
_____
Printed Name of Attorney for Debtor(s)

**Nathan Fisher**
_____
Firm Name
**3977 Chain Bridge Rd., Suite #2**
**Fairfax, VA 22030**

_____
Address

**(703) 691-1642**
_____
Telephone Number

**September 10, 2011**
_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Michael Shahbazi** _____

Debtor(s)

Case No. _____

Chapter   **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

Page 2

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

    ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:     **/s/ Michael Shahbazi**
                           **Michael Shahbazi**

Date:     **September 10, 2011**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Michael Shahbazi**

Case No. _____

_____,

Debtor

Chapter          **7**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 11,040.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 4,500.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 185,448.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,235.28 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,932.00 |
| Total Number of Sheets of ALL Schedules | | 17 | | | |
| Total Assets | | | 11,040.00 | | |
| Total Liabilities | | | | 189,948.00 | |

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Michael Shahbazi**                                              ,

Debtor

Case No. _____

Chapter _____**7**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 4,500.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 4,500.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,235.28 |
| Average Expenses (from Schedule J, Line 18) | 3,932.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 6,372.34 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 4,500.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 185,448.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 185,448.00 |

B6A (Official Form 6A) (12/07)

In re    **Michael Shahbazi**                                                    ,     Case No. _____
                                         Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  | Sub-Total > | **0.00** | (Total of this page) |
|  |  | Total > | **0.00** | |

___**0**___ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re    **Michael Shahbazi**                                              ,    Case No. _____
_____
                                     Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash on hand** | - | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking; Bank of America (overdrawn)** | - | 10.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Microwave, Dining Set, Tables, Chairs, Sofas, Lamps, Living Room Furniture, TV, Electronics, Beds, Bedroom Furniture, Small Household Appliances & Housewares** | - | 4,500.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing apparel** | - | 700.00 |
| 7. Furs and jewelry. | | **Watch** | - | 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **Camera, tools** | - | 600.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >         **6,030.00**
(Total of this page)

__2__  continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Michael Shahbazi**                                                   ,   Case No. _____
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Federal & State Income Tax Refunds** | - | 10.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

| | Sub-Total > | 10.00 |
|---|---|---|
| | (Total of this page) | |

Sheet ___1___ of ___2___ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Michael Shahbazi**                                                    ,    Case No. _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Landrover | - | 3,500.00 |
| | | 2002 Honda Civic | W | 1,500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 5,000.00 |
| (Total of this page) | |
| Total > | 11,040.00 |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    **Michael Shahbazi**                                          ,    Case No. _____

                                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter
with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash on hand** | **Va. Code Ann. § 34-4** | **20.00** | **20.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking; Bank of America (overdrawn)** | **Va. Code Ann. § 34-4** | **10.00** | **10.00** |
| **Household Goods and Furnishings** | | | |
| **Microwave, Dining Set, Tables, Chairs, Sofas, Lamps, Living Room Furniture, TV, Electronics, Beds, Bedroom Furniture, Small Household Appliances & Housewares** | **Va. Code Ann. § 34-26(4a)** | **4,500.00** | **4,500.00** |
| **Wearing Apparel** | | | |
| **Wearing apparel** | **Va. Code Ann. § 34-26(4)** | **700.00** | **700.00** |
| **Furs and Jewelry** | | | |
| **Watch** | **Va. Code Ann. § 34-4** | **200.00** | **200.00** |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Camera, tools** | **Va. Code Ann. § 34-4** | **100.00** | **600.00** |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Federal & State Income Tax Refunds** | **Va. Code Ann. § 34-4** | **10.00** | **10.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2000 Landrover** | **Va. Code Ann. § 34-26(8)** | **3,500.00** | **3,500.00** |
| | **Va. Code Ann. § 34-4** | **10.00** | |
| **2002 Honda Civic** | **Va. Code Ann. § 34-4** | **1,500.00** | **1,500.00** |

|  | Total: | **10,550.00** | **11,040.00** |
|---|---|---|---|

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Michael Shahbazi**                                                    ,    Case No. _____
                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

___0___  continuation sheets attached

|  | Subtotal (Total of this page) | | |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | **0.00** | **0.00** |

B6E (Official Form 6E) (4/10)

.

In re     **Michael Shahbazi**                                                                      Case No. _____
                                                    ,
                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*_Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

_____1_____ continuation sheets attached

B6E (Official Form 6E) (4/10) - Cont.

In re    **Michael Shahbazi**                                                                ,     Case No. _____
                                                    Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community<br>DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY<br>AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114-0326** | - | | **2009-2010**<br><br>**Income Taxes** | | | | <br><br>4,500.00 | 0.00<br><br>4,500.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet  **1**  of  **1**  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

|  | Subtotal<br>(Total of this page) | 0.00<br>4,500.00 | 4,500.00 |
|---|---|---|---|
|  | Total<br>(Report on Summary of Schedules) | 0.00<br>4,500.00 | 4,500.00 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

B6F (Official Form 6F) (12/07)

In re   **Michael Shahbazi**                                              ,   Case No. _____
                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No.         9173  <br><br>**American Express**<br>**American Express Special Research**<br>**Po Box 981540**<br>**El Paso, TX 79998** | | - | | | **Opened 12/01/88**<br>**Credit Card** | | | | 9,847.00 |
| Account No.         1463  <br><br>**American Express**<br>**American Express Special Research**<br>**Po Box 981540**<br>**El Paso, TX 79998** | | - | | | **Opened 11/01/88**<br>**Credit Card** | | | | 8,461.00 |
| Account No.         3272  <br><br>**American Express**<br>**American Express Special Research**<br>**Po Box 981540**<br>**El Paso, TX 79998** | | - | | | **Opened  3/01/00**<br>**Credit Card** | | | | 4,917.00 |
| Account No.         3542  <br><br>**American Express**<br>**American Express Special Research**<br>**Po Box 981540**<br>**El Paso, TX 79998** | | - | | | **Opened  7/01/00**<br>**Credit Card** | | | | 1,398.00 |

|  |  |
|---|---|
| __3___  continuation sheets attached | Subtotal<br>(Total of this page)   24,623.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Michael Shahbazi**                                    ,    Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No.                3552 <br><br> **Bank Of America** <br> **Po Box 17054** <br> **Wilmington, DE 19850** | - | | | | **Opened  8/01/06** <br> **Credit Card** | | | | 3,290.00 |
| Account No. <br><br> **Cash Central** <br> **Unknown Address** | - | | | | **Debt** | | | | 500.00 |
| Account No.                6635 <br><br> **Chase** <br> **P.o. Box 15298** <br> **Wilmington, DE 19850** | - | | | | **Opened 12/17/02** <br> **Credit Card** | | | | 5,770.00 |
| Account No.                1003 <br><br> **Jefferson Capital** <br> **16 Mcleland Rd** <br> **Saint Cloud, MN 56303** | - | | | | **Opened 10/01/10  Last Active 12/31/10** <br> **Collection Account Emerge Card** | | | | 64.00 |
| Account No. <br><br> **Maryam Gilanshah** <br> **c/o Amir Raminpour** <br> **8500 Leesburg Pike, Ste. 409** <br> **Vienna, VA 22182** | - | | | | **Disputed Debt** | | | | 15,500.00 |

Sheet no. __1__ of __3__ sheets attached to Schedule of                                    Subtotal
Creditors Holding Unsecured Nonpriority Claims                                    (Total of this page)    | 25,124.00 |

B6F (Official Form 6F) (12/07) - Cont.

In re  **Michael Shahbazi** ,                                      Case No. _____

                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No.<br><br>**Medical Center Emergency Phys.**<br>**P.O. Box 119**<br>**Bellaire, TX 77402** | - | | **Medical Bill** | | | | 1,700.00 |
| Account No. ▓▓▓ **0615**<br><br>**Navy Fcu**<br>**Attention: Bankruptcy**<br>**820 Follin Lane**<br>**Vienna, VA 22180** | - | | **Opened 8/01/08 Last Active 7/30/11**<br>**Unsecured** | | | | 41,171.00 |
| Account No. ▓▓▓ **0020**<br><br>**Navy Fcu**<br>**Attention: Bankruptcy**<br>**820 Follin Lane**<br>**Vienna, VA 22180** | - | | **Opened 4/01/10 Last Active 7/30/11**<br>**Unsecured** | | | | 40,310.00 |
| Account No. **7171**<br><br>**Navy Federal**<br>**P.O. Box 3500**<br>**Merrifield, VA 22119** | J | | **Credit Account** | | | | 33,066.00 |
| Account No. ▓▓▓ **9702**<br><br>**Navy Federal Cr Union**<br>**Po Box 3700**<br>**Merrifield, VA 22119** | - | | **Opened 8/01/00**<br>**Credit Card** | | | | 11,048.00 |

Sheet no. __2__ of __3__ sheets attached to Schedule of       Subtotal
Creditors Holding Unsecured Nonpriority Claims       (Total of this page)      **127,295.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Michael Shahbazi**                                          ,        Case No. _____
                                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | **Debt** | | | | |
| **Ned Stevens Gutter Cleaning c/o Gary S. Lewis, Esq. 9 Alexandria Drive East Hanover, NJ 07936** | - | | | | | | 204.00 |
| Account No. **9701** | | | **Student Loan** | | | | |
| **Sallie Mae P.O. Box 9533 Wilkes Barre, PA 18773** | | H | | | | | 8,202.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no. __3___ of __3___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 8,406.00 |
| Total (Report on Summary of Schedules) | | 185,448.00 |

B6G (Official Form 6G) (12/07)

.

In re   **Michael Shahbazi**
                                     ,         Case No. _____
                          Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code,<br>of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest.<br>State whether lease is for nonresidential real property.<br>State contract number of any government contract. |
| --- | --- |
|  |  |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re      **Michael Shahbazi**                                                      ,      Case No. _____
                                                      Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                      Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Michael Shahbazi**                                                    Case No. _____
                              Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **Office Admin.** |
| Name of Employer | **Unemployed** | **Unique Dental** |
| How long employed | | **10 years** |
| Address of Employer | | **6608-C Hwy 6 North**<br>**Houston, TX 77084** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 3,772.34 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 3,772.34 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 0.00 | $ 537.06 |
|     b. Insurance | $ 0.00 | $ 0.00 |
|     c. Union dues | $ 0.00 | $ 0.00 |
|     d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 537.06 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 3,235.28 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income<br>(Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 0.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 0.00 | $ 3,235.28 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 3,235.28 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re **Michael Shahbazi**                                              Case No. _____
                                     Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 1,600.00 |
| a. Are real estate taxes included? Yes ___ No **X** | | |
| b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | | $ 160.00 |
| b. Water and sewer | | $ 60.00 |
| c. Telephone | | $ 0.00 |
| d. Other  **See Detailed Expense Attachment** | | $ 150.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 50.00 |
| 4. Food | | $ 695.00 |
| 5. Clothing | | $ 150.00 |
| 6. Laundry and dry cleaning | | $ 30.00 |
| 7. Medical and dental expenses | | $ 150.00 |
| 8. Transportation (not including car payments) | | $ 375.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 90.00 |
| 10. Charitable contributions | | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | | $ 0.00 |
| b. Life | | $ 0.00 |
| c. Health | | $ 0.00 |
| d. Auto | | $ 101.00 |
| e. Other _____ | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) _____ | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | | $ 321.00 |
| b. Other _____ | | $ 0.00 |
| c. Other _____ | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other _____ | | $ 0.00 |
| Other _____ | | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 3,932.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | | $ 3,235.28 |
| b.  Average monthly expenses from Line 18 above | | $ 3,932.00 |
| c.  Monthly net income (a. minus b.) | | $ -696.72 |

**B6J (Official Form 6J) (12/07)**

In re  **Michael Shahbazi**                                                Case No. _____

<div align="center">Debtor(s)</div>

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | |
|---|---|
| cell phone | $ 60.00 |
| cable | $ 50.00 |
| internet | $ 40.00 |
| **Total Other Utility Expenditures** | $ 150.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Eastern District of Virginia

In re    **Michael Shahbazi**                                            Case No.
                                    Debtor(s)          Chapter    **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    **19**    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **September 10, 2011**                    Signature    **/s/ Michael Shahbazi**

**Michael Shahbazi**
Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Michael Shahbazi**

_____
Debtor(s)

Case No.  _____
Chapter   **7**  _____

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$50,978.00** | **Household Income - 2011** |
| **$23,792.00** | **Wages - 2010** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                    SOURCE

**3. Payments to creditors**

None
☑
*Complete a. or b., as appropriate, and c.*

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☑
b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑
c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐
a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **GV11006559** | **Gilanshah, Maryam vs. Shahbazi, Michael** | **Loudoun County** | **Pending** |

None
☑
b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**5. Repossessions, foreclosures and returns**

None ■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

---

**7. Gifts**

None ■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

---

**8. Losses**

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

---

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Nathan Fisher**<br>**3977 Chain Bridge Rd., #2**<br>**Fairfax, VA 22030-3308** | **August 2011** | **$500.00** |

4

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Money Management International 9009 West Loop South 7th Floor Houston, TX 77096-1719** | **August 2011** | **$50.00** |

---

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

5

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **5222 Concordia Street, Fairfax, VA** | **Michael Shahbazi** | **1999-2011** |

---

**16.  Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
| --- | --- | --- |

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
| --- | --- |

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
| --- | --- |

### 20. Inventories

None
■

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None
■

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None
■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None
■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **September 10, 2011**                    Signature    **/s/ Michael Shahbazi**
                                                              **Michael Shahbazi**
                                                              Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Michael Shahbazi**

Debtor(s)

Case No. _____

Chapter   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered                    ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt                    ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **September 10, 2011**

Signature   **/s/ Michael Shahbazi**

**Michael Shahbazi**
Debtor

Form B203                                                                    2005 USBC, Eastern District of Virginia

# United States Bankruptcy Court
### Eastern District of Virginia

In re   **Michael Shahbazi**                                              Case No.
_____          Chapter    **7**
                                    Debtor(s)

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept .................................  $ _____ **995.00**

    Prior to the filing of this statement I have received .................  $ _____ **500.00**

    Balance Due ...............................................................................  $ _____ **495.00**

2.  The source of the compensation paid to me was:

    ■ Debtor         ☐ Other *(specify)*

3.  The source of compensation to be paid to me is:

    ■ Debtor         ☐ Other *(specify)*

4.  ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  Other provisions as needed:
        **Exemption planning; advice regarding reaffirmation agreements and applications as needed;**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

Form B203 - Continued                                                                    2005 USBC, Eastern District of Virginia

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **September 10, 2011** | **/s/ Nathan Fisher** |
| *Date* | **Nathan Fisher 37161** |
| | *Signature of Attorney* |
| | |
| | **Nathan Fisher** |
| | *Name of Law Firm* |
| | **3977 Chain Bridge Rd., Suite #2** |
| | **Fairfax, VA 22030** |
| | **(703) 691-1642** |

---

### *For use in Chapter 13 Cases where Fees Requested Not in Excess of $3,000*
### *(For all Cases Filed on or after 10/17/2005)*
## NOTICE TO DEBTOR(S) AND STANDING TRUSTEE
## PURSUANT TO INTERIM PROCEDURE 2016-1(C)(7)

Notice is hereby given that pursuant to Local Bankruptcy Rule 2016-1(C)(7)(a), you have ten (10) business days from the meeting of creditors in this case in which to file an objection with the court to the fees requested in this disclosure of compensation opposing said fees in their entirety, or in a specific amount.

### PROOF OF SERVICE

The undersigned hereby certifies that on this date the foregoing Notice was served upon the debtor(s), the standing Chapter 13 Trustee, and U. S. Trustee pursuant to Interim Procedure 2016-1(C)(7)(a) and Local Bankruptcy Rule 2002-1(D)(1)(f), by first-class mail or electronically.

| | |
|---|---|
| *Date* | *Signature of Attorney* |

---

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days.  For further information, see note at bottom of page 2**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
### Eastern District of Virginia

In re    **Michael Shahbazi**                              Case No.  _____

                                   Debtor(s)             Chapter    **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

      I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| | | |
|---|---|---|
| **Michael Shahbazi** | X **/s/ Michael Shahbazi** | **September 10, 2011** |
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| | | |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

American Express
American Express Special Research
Po Box 981540
El Paso, TX 79998


Bank Of America
Po Box 17054
Wilmington, DE 19850


Cash Central
Unknown Address


Chase
P.o. Box 15298
Wilmington, DE 19850


Emerge
Payment Processing
P.O. Box 23034
Columbus, GA 31902


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114-0326


Jefferson Capital
16 Mcleland Rd
Saint Cloud, MN 56303


Maryam Gilanshah
c/o Amir Raminpour
8500 Leesburg Pike, Ste. 409
Vienna, VA 22182


Medical Center Emergency Phys.
P.O. Box 119
Bellaire, TX 77402


National Enterprise Systems
29125 Solon Road
Solon, OH 44139

```
Navy Fcu
Attention: Bankruptcy
820 Follin Lane
Vienna, VA 22180


Navy Federal
P.O. Box 3500
Merrifield, VA 22119


Navy Federal Cr Union
Po Box 3700
Merrifield, VA 22119


Ned Stevens Gutter Cleaning
c/o Gary S. Lewis, Esq.
9 Alexandria Drive
East Hanover, NJ 07936


Office of the U.S. Trustee
115 South Union St., Ste. 210
Alexandria, VA 22314


Sallie Mae
P.O. Box 9533
Wilkes Barre, PA 18773
```

B22A (Official Form 22A) (Chapter 7) (12/10)

| | |
|---|---|
| In re    **Michael Shahbazi** | |
|                   Debtor(s) | |
| Case Number: | |
|            (If known) | |

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which  your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>        a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>                ☐ I remain on active duty /or/<br>                ☐ I was released from active duty on ____, which is less than 540 days before this bankruptcy case was filed;<br><br>                OR<br><br>        b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>                ☐ I performed homeland defense activity for a period of at least 90 days, terminating on ____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (12/10)                                           2

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A | Column B |
|---|---|---|---|

**2** **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.

a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**

b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**

c. ■ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**

d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**

| | | Column A<br>Debtor's<br>Income | Column B<br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 3,772.34 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ 3,600.00 / Spouse $ 0.00<br>b. Ordinary and necessary business expenses — Debtor $ 1,000.00 / Spouse $ 0.00<br>c. Business income — Subtract Line b from Line a | $ 2,600.00 | $ 0.00 |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ 0.00 / Spouse $ 0.00<br>b. Ordinary and necessary operating expenses — Debtor $ 0.00 / Spouse $ 0.00<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 / Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>a. Debtor $ / Spouse $<br>b. Debtor $ / Spouse $<br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 2,600.00 | $ 3,772.34 |

B22A (Official Form 22A) (Chapter 7) (12/10)    3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **6,372.34** |
|---|---|---|---|

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).**  Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **76,468.08** |
|---|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:  **VA**    b. Enter debtor's household size:  **2** | $ | **63,613.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, VI or VII.<br>■ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. | | |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | | | $ | **6,372.34** |
|---|---|---|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | | | |

| a. | **Wife's Debts** | $ | **500.00** |
|---|---|---|---|
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |

| Total and enter on Line 17 | | | | $ | **500.00** |
|---|---|---|---|---|---|
| 18 | **Current monthly income for § 707(b)(2).**  Subtract Line 17 from Line 16 and enter the result. | | | $ | **5,872.34** |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.**  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | $ | **985.00** |
|---|---|---|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are  under 65 years of age, and in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | | | |

| | Persons under 65 years of age | | Persons 65 years of age or older | | |
|---|---|---|---|---|---|
| a1. | Allowance per person | **60** | a2. | Allowance per person | **144** |
| b1. | Number of persons | **2** | b2. | Number of persons | **0** |
| c1. | Subtotal | **120.00** | c2. | Subtotal | **0.00** |

(Line 19B total) $ **120.00**

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | $ | **442.00** |
|---|---|---|---|---|---|

| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ 1,767.00 | |
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ 0.00 | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ 1,767.00 |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ 0.00 |

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br><br>☐ 0  ☐ 1  ■ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 540.00 |

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ 0.00 |

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br><br>☐ 1  ■ 2 or more.<br><br>Enter, in Line a below,  the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
| | a. | IRS Transportation Standards, Ownership Costs | $ 200.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ 200.00 |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
| | a. | IRS Transportation Standards, Ownership Costs | $ 200.00 | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ 0.00 | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ 200.00 |

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ 1,521.00 |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                        5

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ | 0.00 |
|---|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ | 0.00 |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ | 0.00 |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ | 0.00 |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ | 0.00 |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ | 0.00 |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ | 0.00 |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ | 5,775.00 |

<table>
<tr><td colspan="4" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 19-32</b></td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | | |
|---|---|---|---|
| | a. Health Insurance — $ 255.00 | | |
| | b. Disability Insurance — $ 0.00 | | |
| | c. Health Savings Account — $ 0.00 | $ | 255.00 |
| | Total and enter on Line 34. **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $_____ | | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ | 0.00 |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ | 0.00 |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ | 0.00 |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B22A (Official Form 22A) (Chapter 7) (12/10)

6

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ | 0.00 |
|---|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ | 0.00 |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ | 255.00 |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | | | | |
|---|---|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|
| a. | -NONE- | | $ | ☐yes ☐no | |
| | | | Total: Add Lines | | $ | 0.00 |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | | | |
|---|---|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
|---|---|---|---|---|
| a. | -NONE- | | $ | |
| | | | Total: Add Lines | $ | 0.00 |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ | 75.00 |
|---|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|

| | a. | Projected average monthly Chapter 13 plan payment. | $ | 0.00 | |
|---|---|---|---|---|---|
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | 8.60 | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ | 0.00 |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ | 75.00 |
|---|---|---|---|

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ | 6,105.00 |
|---|---|---|---|

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ | 5,872.34 |
|---|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ | 6,105.00 |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ | -232.66 |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ | -13,959.60 |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725\*** Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\*.** Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|
| 53 | Enter the amount of your total non-priority unsecured debt          $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result.    $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII.  You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  **September 10, 2011**         Signature:  **/s/ Michael Shahbazi**<br><br>                                            **Michael Shahbazi**<br>                                               *(Debtor)* |
|---|---|

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

# EXHIBIT 4

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Eastern District of Virginia
200 South Washington Street
Alexandria, VA 22314

**Case Number**   11−16643−RGM
**Chapter**   7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

Michael Shahbazi
20462 Valley Fall Sq
Ashburn, VA 20147

Last four digits of Social−Security or Individual Taxpayer−Identification (ITIN) No(s).,(if any):
    Debtor: xxx−xx−2000

Employer Tax−Identification (EIN) No(s).(if any):
    Debtor:  NA

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

Michael Shahbazi is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

**FOR THE COURT**

Dated:  December 27, 2011                    William C. Redden, CLERK

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) − Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# EXHIBIT 5

**CLOSED**

# U.S. Bankruptcy Court
## Southern District of Texas (Houston)
### Bankruptcy Petition #: 15-35886

| | |
|---|---|
| *Assigned to:* David R Jones | *Date filed:* 11/03/2015 |
| Chapter 7 | *Date terminated:* 02/09/2016 |
| Voluntary | *Debtor discharged:* 02/09/2016 |
| No asset | *341 meeting:* 12/08/2015 |
| | *Deadline for objecting to discharge:* 02/06/2016 |
| | *Deadline for financial mgmt. course:* 02/06/2016 |

*Debtor disposition:*  Standard Discharge

| | |
|---|---|
| *Debtor* | represented by **Adam Corral** |
| **Evan Brian Haas** | Corral Tran Singh, LLP |
| 1610 Welch St. #4 | 440 Louisiana Street |
| Houston, TX 77006 | Suite 2450 |
| HARRIS-TX | Houston, TX 77002 |
| SSN / ITIN: xxx-xx-6972 | 832-975-7300 |
| *aka* **Haas Legal, PLLC** | Fax : 832-975-7301 |
| | Email: adam.corral@ctsattorneys.com |

*Trustee*
**Rodney D Tow**
Rodney Tow, PLLC
1122 Highborne Cay Court
Texas City, TX 77590-1403
281-429-8300

*U.S. Trustee*
**US Trustee**
Office of the US Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
713-718-4650

| Filing Date | # | Docket Text |
|---|---|---|
| 11/03/2015 | 1 (45 pgs) | Chapter 7 Voluntary Petition. Fee Amount $335. Filed by Evan Brian Haas. (Corral, Adam) (Entered: 11/03/2015) |
| 11/03/2015 | | |

| | | |
|---|---|---|
| | | Receipt of Voluntary Petition (Chapter 7)(15-35886) [misc,volp7a] ( 335.00) Filing Fee. Receipt number 17401455. Fee amount $ 335.00. (U.S. Treasury) (Entered: 11/03/2015) |
| 11/03/2015 | 2 (1 pg) | Certificate of Credit Counseling (Filed By Evan Brian Haas ). (Corral, Adam) (Entered: 11/03/2015) |
| 11/04/2015 | 3 (1 pg) | Notice and Order regarding exchanging of exhibits and witness lists in all contested matters and adversary proceedings. (Entered: 11/04/2015) |
| 11/06/2015 | 4 (3 pgs) | Order: Possible Future Dismissal of Case. Court advises that 11 U.S.C. Section 521(i) requires automatic dismissal if information required by Section 521(a)(1) is not filed. Signed on 11/6/2015 (rsaladi) (Entered: 11/06/2015) |
| 11/06/2015 | 5 (2 pgs) | Initial Order for Prosecution Signed on 11/6/2015 (rsaladi) (Entered: 11/06/2015) |
| 11/06/2015 | 6 (2 pgs) | Meeting of Creditors, Proof of Claim deadline not set, 341(a) meeting to be held on 12/8/2015 at 10:30 AM at Houston, 515 Rusk Suite 3401. Financial Management Course due:2/6/2016. Last day to oppose discharge or dischargeability is 2/6/2016. Clerk to send Notice on Financial Management Requirement 1/22/2016. (rsaladi) (Entered: 11/06/2015) |
| 11/06/2015 | 7 (1 pg) | Debtor's Payment Advices or Certification under 11 USC 521 (Filed By Evan Brian Haas ). (Corral, Adam) (Entered: 11/06/2015) |
| 11/06/2015 | 8 (2 pgs) | BNC Certificate of Mailing. (Related document(s):3 Order Regarding the Exchange of Exhibits and Witness lists in all contested matters and adversary proceedings) No. of Notices: 1. Notice Date 11/06/2015. (Admin.) (Entered: 11/07/2015) |
| 11/08/2015 | 9 (3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (Related document(s):6 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 5. Notice Date 11/08/2015. (Admin.) (Entered: 11/09/2015) |
| 11/08/2015 | 10 (3 pgs) | BNC Certificate of Mailing. (Related document(s):5 Initial Order for Prosecution) No. of Notices: 1. |

| | | |
|---|---|---|
| | | Notice Date 11/08/2015. (Admin.) (Entered: 11/09/2015) |
| 11/08/2015 | [11](#) <br> (4 pgs) | BNC Certificate of Mailing. (Related document(s):[4](#) Order: Possible Future Dismissal of Case) No. of Notices: 1. Notice Date 11/08/2015. (Admin.) (Entered: 11/09/2015) |
| 11/30/2015 | [12](#) <br> (11 pgs) | Reaffirmation Agreement Between Debtor and First Community Credit Union. Does the document contain a declaration signed by debtor's counsel? YES (Filed By Evan Brian Haas ). (sgue) (Entered: 11/30/2015) |
| 12/09/2015 | | Chapter 7 Trustee's Report of No Distribution: I, Rodney D Tow, having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 6225.00, Assets Exempt: $ 5020.00, Claims Scheduled: $ 362962.00, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 362962.00. Debtor appeared. (Tow, Rodney) (Entered: 12/09/2015) |
| 12/28/2015 | [13](#) <br> (1 pg) | Financial Management Course Certificate Filed (Filed By Evan Brian Haas ).(Related document(s):[6](#) Meeting of Creditors Chapter 7 No Asset) (Corral, Adam) (Entered: 12/28/2015) |
| 01/05/2016 | [14](#) <br> (2 pgs) | Statement of Intent. (Filed By Evan Brian Haas ). (Corral, Adam) (Entered: 01/05/2016) |
| 01/19/2016 | | |

|  | 15<br>(2 pgs) | Proposed Order RE: *Agreement to Rescind Reaffirmation Agreement of First Community Credit Union* (Filed By Evan Brian Haas ).(Related document(s):12 Reaffirmation Agreement) (Corral, Adam) (Entered: 01/19/2016) |
|---|---|---|
| 01/24/2016 | 16<br>(2 pgs) | Agreed Order Rescinding Reaffirmation Agreement of First Community Credit Union Signed on 1/24/2016 (Related document(s):12 Reaffirmation Agreement) (mmap) (Entered: 01/25/2016) |
| 01/27/2016 | 17<br>(3 pgs) | BNC Certificate of Mailing. (Related document (s):16 Generic Order) No. of Notices: 1. Notice Date 01/27/2016. (Admin.) (Entered: 01/28/2016) |
| 02/09/2016 | 18<br>(2 pgs) | Order Discharging Chapter 7 Debtor(s) (Admin.) (Entered: 02/09/2016) |
| 02/09/2016 | 19<br>(1 pg) | Final Decree. Bankruptcy Case Closed (Admin.) (Entered: 02/09/2016) |
| 02/11/2016 | 20<br>(3 pgs) | BNC Certificate of Mailing - Order of Discharge. (Related document(s):18 Order Discharging Chapter 7 Debtor(s)) No. of Notices: 4. Notice Date 02/11/2016. (Admin.) (Entered: 02/12/2016) |
| 02/11/2016 | 21<br>(2 pgs) | BNC Certificate of Mailing. (Related document (s):19 Final Decree. Bankruptcy Case Closed) No. of Notices: 1. Notice Date 02/11/2016. (Admin.) (Entered: 02/12/2016) |
| 08/05/2016 | 22<br>(34 pgs; 9 docs) | Adversary case 16-03175. Nature of Suit: (65 (Dischargeability - other)),(72 (Injunctive relief - other)) Complaint by Evan Brian Haas against SLM Corporation, Navient Inc. Fee Amount $350 (Attachments: # 1 Exhibit 1: Promissory Note # 2 Exhibit 2: Schedule F # 3 Exhibit 3: Discharge Order # 4 Exhibit 4: Certificate of Notice # 5 Exhibit 5: Navient Email # 6 Exhibit 6: Call Log # 7 Exhibit 7: Affidavit # 8 Proposed Order On Temporary Injunction) (Corral, Adam) (Entered: 08/05/2016) |

## PACER Service Center

| Transaction Receipt | | | |
|---|---|---|---|
| 10/31/2016 08:30:51 | | | |
| **PACER Login:** | mc1071:2594391:0 | **Client Code:** | 0012626-0500 |
| **Description:** | Docket Report | **Search Criteria:** | 15-35886 Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**<u>EXHIBIT 6</u>**

B1 (Official Form 1) (04/13)

<table>
<tr><td colspan="2" align="center"><b>United States Bankruptcy Court<br>SOUTHERN DISTRICT OF TEXAS<br>HOUSTON DIVISION</b></td><td align="center"><b>Voluntary Petition</b></td></tr>
</table>

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Haas, Evan Brian** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**aka Haas Legal, PLLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): **xxx-xx-6972** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**1610 Welch St. #4**<br>**Houston, TX** | Street Address of Joint Debtor (No. and Street, City, and State): |
| ZIP CODE **77006** | ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Harris** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| ZIP CODE | ZIP CODE |

Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE

**Type of Debtor** (Form of Organization) (Check one box.)
- ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Chapter 15 Debtors**
Country of debtor's center of main interests:
Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Filing Fee** (Check one box.)
- ☑ Full Filing Fee attached.
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Check one box:**    **Chapter 11 Debtors**
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

**Check all applicable boxes:**
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**    THIS SPACE IS FOR COURT USE ONLY
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300, Copyright 1996-2015 (Build 11.3.0.4, ID 0177977018)*

B1 (Official Form 1) (04/13)          Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case.)* | Name of Debtor(s):    **Evan Brian Haas** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: <br> **None** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor**    (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: <br> **None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐   Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> **X**   **/s/ Adam Corral**                 11/3/2015 <br>      **Adam Corral**                        Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

     ☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

     ☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**

(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**

(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

                       _____

                       (Name of landlord that obtained judgment)

                       _____

                       (Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):  **Evan Brian Haas** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7]  I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition]  I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br><br>**X** /s/ Evan Brian Haas<br>   **Evan Brian Haas**<br>**X**<br><br><br>   Telephone Number (If not represented by attorney)<br>   **11/3/2015**<br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>**X**<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   Date |
| **Signature of Attorney***<br><br>**X** /s/ Adam Corral<br>   **Adam Corral**              Bar No. **24080404**<br><br>**Corral Tran Singh, LLP**<br>**440 Louisiana Street**<br>**Suite 2450**<br>**Houston, Texas 77002**<br><br>Phone No.**(832) 975-7300**        Fax No.**(832) 975-7301**<br><br>   **11/3/2015**<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br>I declare under penalty of perjury that:  (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section.  Official Form 19 is attached.<br><br><br>   Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br><br>   Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)  (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)**<br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br><br><br>**X**<br>   Signature of Authorized Individual<br><br><br>   Printed Name of Authorized Individual<br><br><br>   Title of Authorized Individual<br><br><br>   Date | <br>   Address<br>**X**<br><br>   Date<br>Signature of bankruptcy petiton preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.* |

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

In re:   **Evan Brian Haas**                                                   Case No. _____

                                                                                                         (if known)

                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.  If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you.  If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D.  If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐   1. Within the 180 days  **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.    *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☑   2. Within the 180 days  **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit couseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me.    *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐   3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.    *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency.  Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:  **Evan Brian Haas**                                        Case No. _____

                                                                                    (if known)

            Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

*Continuation Sheet No. 1*

☐  4. I am not required to receive a credit counseling briefing because of:     *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐  Incapacity.  (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilites.);

    ☐  Disability.  (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐  Active military duty in a military combat zone.

☐  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Evan Brian Haas**_____
                                    Evan Brian Haas

Date: _____**11/3/2015**_____

B6A (Official Form 6A) (12/07)

In re  **Evan Brian Haas**                                         Case No. _____

                                                                                    (if known)

# SCHEDULE A - REAL PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting Any Secured Claim or Exemption | Amount Of Secured Claim |
|---|---|---|---|---|
| None | | | | |
| | | Total: | $0.00 | |

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Evan Brian Haas**                                        Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other finan-cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | First Community Credit Union Cheking | C | $0.00 |
| | | USAA Checking Account | C | $1,000.00 |
| 3. Security deposits with public util-ities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video and computer equipment. | | TV | C | $300.00 |
| | | Microwave | C | $50.00 |
| | | Pots and Pans | C | $150.00 |
| | | Dishes | C | $20.00 |
| | | Bed | C | $250.00 |
| | | Dresser | C | $50.00 |
| | | Lamps | C | $150.00 |
| | | Design Pot | C | $150.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Suits | C | $400.00 |
| | | Shirts | C | $250.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Evan Brian Haas**                                    Case No. _____
                                                                              (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 1*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Pants | C | $300.00 |
| | | Ties | C | $150.00 |
| | | Shoes | C | $200.00 |
| 7. Furs and jewelry. | | Rings | C | $300.00 |
| | | Watch | C | $1,000.00 |
| 8. Firearms and sports, photo-graphic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Evan Brian Haas**                                      Case No. _____
                                                                                 (if known)

# SCHEDULE B - PERSONAL PROPERTY
*Continuation Sheet No. 2*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Evan Brian Haas**                                  Case No. _____
                                                                      (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 3*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliqui-dated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | Haas Legal, PLLC; Texas law license | C | $300.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Honda Fit | C | $6,225.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re  **Evan Brian Haas**                                              Case No. _____

                                                                                (if known)

## SCHEDULE B - PERSONAL PROPERTY

*Continuation Sheet No. 4*

| Type of Property | None | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

                                      ____4____ continuation sheets attached       **Total  >**      **$11,245.00**

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/13)

In re  **Evan Brian Haas**                                      Case No. _____
                                                                          (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $155,675.*
☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| First Community Credit Union Cheking | 11 U.S.C. § 522(d)(5) | $0.00 | $0.00 |
| USAA Checking Account | 11 U.S.C. § 522(d)(5) | $1,000.00 | $1,000.00 |
| TV | 11 U.S.C. § 522(d)(3) | $300.00 | $300.00 |
| Microwave | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| Pots and Pans | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Dishes | 11 U.S.C. § 522(d)(3) | $20.00 | $20.00 |
| Bed | 11 U.S.C. § 522(d)(3) | $250.00 | $250.00 |
| Dresser | 11 U.S.C. § 522(d)(3) | $50.00 | $50.00 |
| Lamps | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Design Pot | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Suits | 11 U.S.C. § 522(d)(3) | $400.00 | $400.00 |
| Shirts | 11 U.S.C. § 522(d)(3) | $250.00 | $250.00 |
| Pants | 11 U.S.C. § 522(d)(3) | $300.00 | $300.00 |
| Ties | 11 U.S.C. § 522(d)(3) | $150.00 | $150.00 |
| Shoes | 11 U.S.C. § 522(d)(3) | $200.00 | $200.00 |
| *Amount subject to adjustment on 4/01/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.* | | **$3,420.00** | **$3,420.00** |

B6C (Official Form 6C) (4/13) -- Cont.

In re  **Evan Brian Haas**                                        Case No. _____
                                                                                    (If known)

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

*Continuation Sheet No. 1*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Rings | 11 U.S.C. § 522(d)(4) | $300.00 | $300.00 |
| Watch | 11 U.S.C. § 522(d)(4) | $1,000.00 | $1,000.00 |
| | 11 U.S.C. § 522(d)(5) | $0.00 | |
| Haas Legal, PLLC; Texas law license | 11 U.S.C. § 522(d)(5) | $300.00 | $300.00 |
| Honda Fit | 11 U.S.C. § 522(d)(2) | $0.00 | $6,225.00 |
| | 11 U.S.C. § 522(d)(5) | $0.00 | |
| | | **$5,020.00** | **$11,245.00** |

B6D (Official Form 6D) (12/07)

In re  **Evan Brian Haas**                                        Case No. _____
                                                                                    (if known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: ████ 0143<br>**First Community Cred U**<br>**15260 FM 529**<br>**Houston, TX 77095** | | - | DATE INCURRED: **08/2014**<br>NATURE OF LIEN:<br>**Automobile**<br>COLLATERAL:<br>**Honda Fit**<br>REMARKS:<br>**Current Account**<br><br>VALUE: **$6,225.00** | | | | $13,106.00 | $6,881.00 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

|  |  |  |
|---|---|---|
| Subtotal (Total of this Page) > | $13,106.00 | $6,881.00 |
| Total (Use only on last page) > | $13,106.00 | $6,881.00 |

_____**No**_____ continuation sheets attached

(Report also on Summary of Schedules.)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (04/13)

In re  **Evan Brian Haas**                                         Case No. _____
                                                                                    (If Known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
Claims of individuals up to $2,775* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
Claims based on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C. §§ 326, 328, 329 and 330.

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____**No**_____continuation sheets attached

B6F (Official Form 6F) (12/07)

In re   **Evan Brian Haas**

Case No. _____
(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 9043<br>Amex/Beckett & Lee LLC<br>PO Box 3001<br>16 General Warren Blvd<br>Malvern, PA 19355 | | - | DATE INCURRED: 05/2007<br>CONSIDERATION: Credit Card<br>REMARKS: Account Closed<br>ACCOUNT IN DISPUTE | | | | $6,136.00 |
| ACCT #: 7708<br>Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | | - | DATE INCURRED: 05/2001<br>CONSIDERATION: Credit Card<br>REMARKS: Current Account | | | X | $3,157.00 |
| ACCT #: 9035<br>Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT 84130 | | - | DATE INCURRED: 07/2014<br>CONSIDERATION: Credit Card<br>REMARKS: | | | | $2,863.00 |
| ACCT #: 0402<br>Chase Card<br>Po Box 15298<br>Wilmington, DE 19850 | | - | DATE INCURRED: 03/2007<br>CONSIDERATION: Credit Card<br>REMARKS: Current Account | | | X | $1,814.00 |
| ACCT #: 0905<br>Dept Of Ed/Navient<br>Attn: Claims Dept<br>PO Box 9400<br>Wilkes Barr, PA 18773 | | - | DATE INCURRED: 09/2008<br>CONSIDERATION: Educational<br>REMARKS: Current Account | | | | $70,422.00 |
| ACCT #: 0619<br>Dept Of Ed/Navient<br>Attn: Claims Dept<br>PO Box 9400<br>Wilkes Barr, PA 18773 | | - | DATE INCURRED: 06/2008<br>CONSIDERATION: Educational<br>REMARKS: Current Account | | | | $19,045.00 |

Subtotal > $103,437.00

_____ **2** _____ continuation sheets attached

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Evan Brian Haas**　　　　　　　　　　　　Case No. _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: ▮▮▮▮ 0428<br>**Dept Of Ed/Navient**<br>**Attn: Claims Dept**<br>**PO Box 9400**<br>**Wilkes Barr, PA 18773** | | - | DATE INCURRED: **04/2009**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | $16,934.00 |
| ACCT #: ▮▮▮▮ 0619<br>**Dept Of Ed/Navient**<br>**Attn: Claims Dept**<br>**PO Box 9400**<br>**Wilkes Barr, PA 18773** | | - | DATE INCURRED: **06/2008**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | $11,589.00 |
| ACCT #: ▮▮ 6727<br>**Lending Club Corp**<br>**71 Stevenson St Ste 300**<br>**San Francisco, CA 94105** | | - | DATE INCURRED: **08/12/2013**<br>CONSIDERATION:<br>**Unsecured**<br>REMARKS: | | | | $4,067.00 |
| ACCT #: ▮▮▮▮ 0814<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | $61,556.00 |
| ACCT #: ▮▮▮▮ 0817<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2007**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | $56,425.00 |
| ACCT #: ▮▮▮ 3030<br>**Navient**<br>**Po Box 9655**<br>**Wilkes Barre, PA 18773** | | - | DATE INCURRED: **12/2009**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Private loan.** | | | | $20,844.00 |

Sheet no. ___1___ of ___2___ continuation sheets attached to　　　　　　　　　　Subtotal > | $171,415.00

Schedule of Creditors Holding Unsecured Nonpriority Claims

Total >
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re **Evan Brian Haas**

Case No. _____

(if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: ████████ **0817**<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2007**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$20,404.00** |
| ACCT #: ████████ **0814**<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$17,693.00** |
| ACCT #: ████████ **0817**<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2007**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$11,776.00** |
| ACCT #: ████████ **0814**<br>**Navient**<br>**PO Box 9500**<br>**Wilks-Barr, PA 18773** | | - | DATE INCURRED: **08/2006**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Current Account** | | | | **$11,566.00** |
| ACCT #: ██████ **7220**<br>**Student Loan Corp**<br>**Po Box 30948**<br>**Salt Lake City, UT 84130** | | - | DATE INCURRED: **10/2005**<br>CONSIDERATION:<br>**Educational**<br>REMARKS:<br>**Charge Off for $13193 on 09/15**<br>**Account Closed By Grantor** | | | | **$13,193.00** |
| ACCT #: ██████ **0001**<br>**Verizon**<br>**500 Technology Dr**<br>**Ste 550**<br>**Weldon Spring, MO 63304** | | - | DATE INCURRED: **10/2014**<br>CONSIDERATION:<br>**Unknown Loan Type**<br>REMARKS:<br>**Collection**<br>**Account Closed By Grantor** | | | | **$372.00** |

Sheet no. ____**2**____ of ____**2**____ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal > | **$75,004.00**

Total > | **$349,856.00**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the
Statistical Summary of Certain Liabilities and Related Data.)

B6G (Official Form 6G) (12/07)

In re **Evan Brian Haas**                                     Case No. _____

                                                                        (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to
one of the leases of contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a
minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| **IFFAT Properties**<br>PO BOX 890708<br>Houston, TX 77289 | Residential Lease<br>Contract to be ASSUMED |

B6H (Official Form 6H) (12/07)

In re **Evan Brian Haas**                                          Case No. _____
                                                                            (if known)

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

| Fill in this information to identify your case: |
|---|

| Debtor 1 | Evan | Brian | Haas |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 (Spouse, if filing) | | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number (if known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form B 6I

## Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | Teacher | |
| Employer's name | | YES Prep Charter Schools | |
| Employer's address | | 6201 Bohhomme, Ste. 168N | |
| | | Number Street | Number Street |
| | | Houston   TX   77036 | |
| | | City   State   Zip Code | City   State   Zip Code |
| How long employed there? | | 3 months | |

| Part 2: | Give Details About Monthly Income |
|---|---|

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $3,916.66 | |
| 3. Estimate and list monthly overtime pay. | 3. + | $0.00 | |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $3,916.66 | |

| Debtor 1 | Evan | Brian | Haas | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here ............................................................. ➔ | 4. | **$3,916.66** | |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | **$431.28** | |
| | 5b. Mandatory contributions for retirement plans | 5b. | **$0.00** | |
| | 5c. Voluntary contributions for retirement plans | 5c. | **$100.00** | |
| | 5d. Required repayments of retirement fund loans | 5d. | **$300.32** | |
| | 5e. Insurance | 5e. | **$21.50** | |
| | 5f. Domestic support obligations | 5f. | **$0.00** | |
| | 5g. Union dues | 5g. | **$25.46** | |
| | 5h. Other deductions. Specify: TRS Contribution | 5h. **+** | **$282.00** | |
| **6.** | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e + 5f + 5g + 5h. | 6. | **$1,160.56** | |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | **$2,756.10** | |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm | 8a. | **$0.00** | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | |
| | 8b. Interest and dividends | 8b. | **$0.00** | |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | 8c. | **$0.00** | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | |
| | 8d. Unemployment compensation | 8d. | **$0.00** | |
| | 8e. Social Security | 8e. | **$0.00** | |
| | 8f. Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | **$0.00** | |
| | 8g. Pension or retirement income | 8g. | **$0.00** | |
| | 8h. Other monthly income. Specify: | 8h. **+** | **$0.00** | |
| **9.** | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. | **$0.00** | |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | **$2,756.10** + | = **$2,756.10** |
| **11.** | **State all other regular contributions to the expenses that you list in Schedule J.** Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in Schedule J. Specify: | 11. **+** | **$0.00** | |
| **12.** | **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data, if it applies. | 12. | **$2,756.10** Combined monthly income | |

**13.** Do you expect an increase or decrease within the year after you file this form?

☑ No.
☐ Yes. Explain:

| None. |
|---|

**Schedule I: Your Income**

| Fill in this information to identify your case: | | | |
|---|---|---|---|

| Debtor 1 | Evan | Brian | Haas |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS**

Case number
(if known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   ☑ No

   Do not list Debtor 1 and Debtor 2.   ☐ Yes. Fill out this information for each dependent....................

   Do not state the dependents' names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form B 6I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.**   4. _____ **$795.00**
   Include first mortgage payments and any rent for the ground or lot.

   If not included in line 4:

   4a.  Real estate taxes    4a. _____

   4b.  Property, homeowner's, or renter's insurance    4b. _____

   4c.  Home maintenance, repair, and upkeep expenses    4c. _____

   4d.  Homeowner's association or condominium dues    4d. _____

Debtor 1   **Evan**                    **Brian**                    **Haas**                                    Case number (if known) _____
          First Name              Middle Name                   Last Name

**Your expenses**

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | _____ |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | **$100.00** |
| | 6b. Water, sewer, garbage collection | 6b. | _____ |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | **$160.00** |
| | 6d. Other. Specify: _____ | 6d. | _____ |
| 7. | **Food and housekeeping supplies** | 7. | **$800.00** |
| 8. | **Childcare and children's education costs** | 8. | _____ |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | _____ |
| 10. | **Personal care products and services** | 10. | _____ |
| 11. | **Medical and dental expenses** | 11. | _____ |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | **$150.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | **$100.00** |
| 14. | **Charitable contributions and religious donations** | 14. | _____ |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | _____ |
| | 15b. Health insurance | 15b. | **$150.00** |
| | 15c. Vehicle insurance | 15c. | **$80.00** |
| | 15d. Other insurance. Specify: **Renter's Insurance** | 15d. | **$50.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | _____ |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 **2010 Honda Fit** | 17a. | **$292.00** |
| | 17b. Car payments for Vehicle 2 | 17b. | _____ |
| | 17c. Other. Specify: **Pet food and care supplies** | 17c. | **$200.00** |
| | 17d. Other. Specify: _____ | 17d. | _____ |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form B 6I).** | 18. | _____ |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | _____ |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | |
| | 20a. Mortgages on other property | 20a. | _____ |
| | 20b. Real estate taxes | 20b. | _____ |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | _____ |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | _____ |
| | 20e. Homeowner's association or condominium dues | 20e. | _____ |

| Debtor 1 | **Evan** | **Brian** | **Haas** | Case number (if known) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**21. Other.**  Specify: _____   21. + _____

**22. Your monthly expenses.**  Add lines 4 through 21.
The result is your monthly expenses.    22. | **$2,877.00**

**23. Calculate your monthly net income.**

23a.  Copy line 12 (your combined monthly income) from Schedule I.    23a. | **$2,756.10**

23b.  Copy your monthly expenses from line 22 above.    23b. − | **$2,877.00**

23c.  Subtract your monthly expenses from your monthly income.
The result is your monthly net income.    23c. | **($120.90)**

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage
payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.  Explain here:
**None.**

B 6 Summary (Official Form 6 - Summary) (12/14)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re **Evan Brian Haas**                    Case No.

                                             Chapter        **7**


# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 5 | $11,245.00 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $13,106.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $349,856.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $2,756.10 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | $2,877.00 |
| TOTAL | | 20 | $11,245.00 | $362,962.00 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re  **Evan Brian Haas**                                      Case No.

                                                                Chapter      **7**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☐  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $0.00 |
| Student Loan Obligations (from Schedule F) | $331,447.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $331,447.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | $2,756.10 |
| Average Expenses (from Schedule J, Line 22) | $2,877.00 |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14) | $1,958.33 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $6,881.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4.  Total from Schedule F | | $349,856.00 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $356,737.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Evan Brian Haas**                                       Case No. _____

                                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**22**_____
sheets, and that they are true and correct to the best of my knowledge, information, and belief.


Date **11/3/2015**_____        Signature  **/s/ Evan Brian Haas**_____
                                                                  *Evan Brian Haas*


Date _____              Signature  _____

                                                                  [If joint case, both spouses must sign.]

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:   **Evan Brian Haas**                                              Case No. _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS

None
☐

## 1. Income from employment or operation of business

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the TWO YEARS immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income.  Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $30,951.00 | 2014- Wages |
| $9,395.82 | YTD- Wages |

None
☑

## 2. Income other than from employment or operation of business

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the TWO YEARS immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None
☐

a.  Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within 90 DAYS immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.  Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| American Honda Finance 3625 W. Royal Ln Ste 100 Irving, TX 75063 | | $900.00 | $6,652.00 |

None
☑

b.  Debtor whose debts are not primarily consumer debts:  List each payment or other transfer to any creditor made within 90 DAYS immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None
☑

c.  All debtors:  List all payments made within ONE YEAR immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within ONE YEAR immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:  **Evan Brian Haas**                                      Case No. _____

(if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 1*

---

None
☑ b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within ONE YEAR immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 5. Repossessions, foreclosures and returns
None
☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 6. Assignments and receiverships
None
☑ a.  Describe any assignment of property for the benefit of creditors made within 120 DAYS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

None
☑ b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 7. Gifts
None
☑ List all gifts or charitable contributions made within ONE YEAR immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 8. Losses
None
☑ List all losses from fire, theft, other casualty or gambling within ONE YEAR immediately preceding the commencement of this case OR SINCE THE COMMENCEMENT OF THIS CASE.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 9. Payments related to debt counseling or bankruptcy
None
☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within ONE YEAR immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Corral Tran Singh, LLP**<br>**440 Louisiana Street**<br>**Suite 2450**<br>**Houston, Texas 77002** | **11/02/2015** | **Attorney Fees-$2,200.00**<br>**Filing Fee- $335.00** |

---

## 10. Other transfers
None
☑ a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within TWO YEARS immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

In re:   **Evan Brian Haas**                                                  Case No. _____

                                                                                                                            (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 2*

---

None
☑

b.  List all property transferred by the debtor within TEN YEARS immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

---

## 11. Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within ONE YEAR immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 12. Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within ONE YEAR immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 DAYS preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

---

## 15. Prior address of debtor

None
☑

If the debtor has moved within THREE YEARS immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

---

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within EIGHT YEARS immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re: **Evan Brian Haas**                                    Case No. _____

                                                                         (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 3*

---

### 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

---

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

---

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

---

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

---

### 18. Nature, location and name of business

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within SIX YEARS immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within SIX YEARS immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within SIX YEARS immediately preceding the commencement of this case.

| NAME, ADDRESS, AND LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN) / COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|
| **Haas Legal, PLLC** <br> **1610 Welch St. #4** <br> **Houston, Texas 77006** | **Law Practice** | **August 2014 - Present** |

---

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

B7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

In re:   **Evan Brian Haas**                                                    Case No. _____

                                                                                              (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 4*

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within SIX YEARS immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement ONLY if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)

---

### 19. Books, records and financial statements

None
☑ a.  List all bookkeepers and accountants who within TWO YEARS immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

---

None
☑ b.  List all firms or individuals who within TWO YEARS immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

---

None
☑ c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

---

None
☑ d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within TWO YEARS immediately preceding the commencement of this case.

---

### 20. Inventories

None
☑ a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None
☑ b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☑ a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

---

None
☑ b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

---

### 22. Former partners, officers, directors and shareholders

None
☑ a.  If the debtor is a partnership, list each member who withdrew from the partnership within ONE YEAR immediately preceding the commencement of this case.

---

None
☑ b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within ONE YEAR immediately preceding the commencement of this case.

B7 (Official Form 7) (04/13)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re:   **Evan Brian Haas**                                          Case No. _____
                                                                                        (if known)

# STATEMENT OF FINANCIAL AFFAIRS
*Continuation Sheet No. 5*

---

None
☑

**23. Withdrawals from a partnership or distributions by a corporation**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during ONE YEAR immediately preceding the commencement of this case.

---

None
☑

**24. Tax Consolidation Group**

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within SIX YEARS immediately preceding the commencement of the case.

---

None
☑

**25. Pension Funds**

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within SIX YEARS immediately preceding the commencement of the case.

---

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **11/3/2015** _____        Signature       **/s/ Evan Brian Haas**
                                                                                    of Debtor          *Evan Brian Haas*

Date _____                          Signature       _____
                                                                                    of Joint Debtor
                                                                                    (if any)

*Penalty for making a false statement:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.*
*18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:   **Evan Brian Haas**                                          CASE NO

                                                                       CHAPTER   **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

PART A -- Debts secured by property of the estate.  (Part A must be fully completed for EACH debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No.   1 | |
|---|---|
| **Creditor's Name:**<br>First Community Cred U<br>15260 FM 529<br>Houston, TX 77095<br>2908110143 | **Describe Property Securing Debt:**<br>Honda Fit |

Property will be (check one):
- ☐ Surrendered        ☑ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain (for example, avoid lien using 11 U.S.C. § 522(f)):

Property is (check one):
- ☐ Claimed as exempt        ☐ Not claimed as exempt

PART B -- Personal property subject to unexpired leases.  (All three columns of Part B must be completed for each unexpired lease.  Attach additional pages if necessary.)

| Property No.   1 | | |
|---|---|---|
| **Lessor's Name:**<br>IFFAT Properties<br>PO BOX 890708<br>Houston, TX 77289 | **Describe Leased Property:**<br>Residential Lease | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br><br>YES ☑        NO ☐ |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date  **11/3/2015**                          Signature   **/s/ Evan Brian Haas**
                                                          *Evan Brian Haas*

Date                                          Signature

B 201B (Form 201B) (12/09)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

In re  **Evan Brian Haas**

Case No. _____

Chapter _____**7**_____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| Evan Brian Haas | X _/s/ Evan Brian Haas_ | 11/3/2015 |
|---|---|---|
| | Signature of Debtor | Date |
| Printed Name(s) of Debtor(s) | | |
| | X | |
| Case No. (if known) _____ | Signature of Joint Debtor (if any) | Date |

**Instructions:**  Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) ONLY if the certification has NOT been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor.  The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

FB 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a JOINT CASE (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1.  Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.**  The briefing must be given within 180 days BEFORE the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2.  The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7:    Liquidation  ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335)
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.  Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law.  Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization  ($1167 filing fee, $550 administrative fee: Total fee $1717)
Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman    ($200 filing fee, $75 administrative fee: Total fee $275)
Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

WARNING:   Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition.  Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:   **Evan Brian Haas**                                                CASE NO

                                                                                        CHAPTER       7

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept: | Fixed Fee: | **$2,200.00** |
| Prior to the filing of this statement I have received: | | **$2,200.00** |
| Balance Due: | | **$0.00** |

2. The source of the compensation paid to me was:
   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:
   ☑ Debtor          ☐ Other (specify)

4. ☑  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐  I have agreed to share the above-disclosed compensation with another person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b.  Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
   c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services:

---

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **11/3/2015** | **/s/ Adam Corral** |
| *Date* | *Adam Corral*                          Bar No.  24080404 |
| | Corral Tran Singh, LLP |
| | 440 Louisiana Street |
| | Suite 2450 |
| | Houston, Texas 77002 |
| | Phone: (832) 975-7300 / Fax: (832) 975-7301 |

---

  **/s/ Evan Brian Haas**
*Evan Brian Haas*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:   **Evan Brian Haas**                                        CASE NO

                                                                    CHAPTER      **7**

# VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  11/3/2015 _____          Signature  _/s/ Evan Brian Haas_____
                                                         *Evan Brian Haas*

Date  _____            Signature  _____

```
Amex/Beckett & Lee LLC              Verizon
PO Box 3001                         500 Technology Dr
16 General Warren Blvd              Ste 550
Malvern, PA 19355                   Weldon Spring, MO 63304


Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT 84130


Chase Card
Po Box 15298
Wilmington, DE 19850



Dept Of Ed/Navient
Attn: Claims Dept
PO Box 9400
Wilkes Barr, PA 18773


First Community Cred U
15260 FM 529
Houston, TX 77095



IFFAT Properties
PO BOX 890708
Houston, TX 77289



Lending Club Corp
71 Stevenson St Ste 300
San Francisco, CA 94105



Navient
PO Box 9500
Wilks-Barr, PA 18773



Navient
Po Box 9655
Wilkes Barre, PA 18773



Student Loan Corp
Po Box 30948
Salt Lake City, UT 84130
```

| Fill in this information to identify your case: | |  |  |
|---|---|---|---|
| Debtor 1 | **Evan** First Name | **Brian** Middle Name | **Haas** Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: **SOUTHERN DISTRICT OF TEXAS** | | | |
| Case number (if known) | | | |

**Check one box only as directed in this form and in Form 22A-1Supp:**

☑ 1. There is no presumption of abuse.

☐ 2. The calculation to determine if a presumption of abuse applies will be made under Chapter 7 Means Test Calculation (Official Form 22A-2).

☐ 3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

## Official Form 22A-1
## Chapter 7 Statement of Your Current Monthly Income
12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file the Statement of Exemption from Presumption of Abuse Under § 707(b)(2) (Official Form 22A-1Supp) with this form.

| **Part 1:** | **Calculate Your Current Monthly Income** |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ☑ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you. You and your spouse are:**

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

> Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  | *Column A* Debtor 1 | *Column B* Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $1,958.33 | |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $0.00 | |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $0.00 | |

Debtor 1    __Evan__ ___Brian___ ___Haas___         Case number (if known) _____
            First Name   Middle Name   Last Name

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

**5.** **Net income from operating a business, profession, or farm**

Gross receipts (before all deductions) _____ **$0.00**

Ordinary and necessary operating expenses − _____ **$0.00**

Net monthly income from a business, profession, or farm _____ **$0.00** **Copy here →** **$0.00** _____

**6.** **Net income from rental and other real property**

Gross receipts (before all deductions) _____ **$0.00**

Ordinary and necessary operating expenses − _____ **$0.00**

Net monthly income from rental or other real property _____ **$0.00** **Copy here →** **$0.00** _____

**7.** **Interest, dividends, and royalties** **$0.00** _____

**8.** **Unemployment compensation** **$0.00**

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ................↓

For you............................................................ **$0.00**

For your spouse.............................................. _____

**9.** **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. **$0.00** _____

**10.** **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

10a. _____ _____

10b. _____ _____

10c. Total amounts from separate pages, if any. + _____ + _____

**11.** **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B. **$1,958.33** + _____ = **$1,958.33**

**Total current monthly income**

## Part 2:  Determine Whether the Means Test Applies to You

**12.** **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11.......................................................**Copy line 11 here →** 12a. **$1,958.33**

Multiply by 12 (the number of months in a year). **X 12**

12b. The result is your annual income for this part of the form. 12b. **$23,499.96**

Debtor 1  __Evan__    __Brian__    __Haas__    Case number (if known) _____
          First Name   Middle Name   Last Name

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.

| Texas |

Fill in the number of people in your household.

| 1 |

Fill in the median family income for your state and size of household........................................................... 13. | **$44,178.00** |

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☑ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.* Go to Part 3.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 22A-2.* Go to Part 3 and fill out Form 22A-2.

---

**Part 3:    Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X  __/s/ Evan Brian Haas__                    X  _____
   **Evan Brian Haas**                           Signature of Debtor 2

Date __11/3/2015__                            Date _____
     MM / DD / YYYY                                MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 22A-2.

If you checked line 14b, fill out Form 22A-2 and file it with this form.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE: §
**Evan Brian Haas** §
§ Case No. _____
§
Debtor(s) § Chapter **7** _____

# DECLARATION FOR ELECTRONIC FILING OF BANKRUPTCY
## PETITION, LISTS, STATEMENTS, AND SCHEDULES

## PART I: DECLARATION OF PETITIONER:

As an individual debtor in this case, or as the individual authorized to act on behalf of the corporation, partnership, or limited liability company seeking bankruptcy relief in this case, I hereby request relief as, or on behalf of, the debtor in accordance with the chapter of title 11, United States Code, specified in the petition to be filed electronically in this case. I have read the information provided in the petition, lists, statements, and schedules to be filed electronically in this case and I HEREBY DECLARE UNDER PENALTY OF PERJURY that the information provided therein, as well as the social security information disclosed in this document, is true and correct. I understand that this Declaration is to be filed with the Bankruptcy Court within five (5) business days after the petition, lists, statements, and schedules have been filed electronically. I understand that a failure to file the signed original of this Declaration will result in the dismissal of my case.

☑ *[Only include for Chapter 7 individual petitioners whose debts are primarily consumer debts]* --
I am an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7. I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7.

☐ *[Only include if petitioner is a corporation, partnership or limited liability company]* --
I hereby further declare under penalty of perjury that I have been authorized to file the petition, lists, statements, and schedules on behalf of the debtor in this case.

Date: **11/3/2015** **/s/ Evan Brian Haas**
Evan Brian Haas
Debtor
**Soc. Sec. No. xxx-xx-6972**

## PART II: DECLARATION OF ATTORNEY:

I declare UNDER PENALTY OF PERJURY that: (1) I will give the debtor(s) a copy of all documents referenced by Part I herein which are filed with the United States Bankruptcy Court; and (2) I have informed the debtor(s), if an individual with primarily consumer debts, that he or she may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Date: **11/3/2015** **/s/ Adam Corral**
Adam Corral, Attorney for Debtor

**<u>EXHIBIT 7</u>**

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Evan Brian Haas** | Social Security number or ITIN   **xxx–xx–6972** |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ |
| | | EIN   _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Southern District of Texas** | | |
| Case number:   **15–35886** | | |

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Evan Brian Haas
aka Haas Legal, PLLC

2/9/16

**By the court:** David R Jones
                     United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for most taxes;

- ♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ♦ some debts which the debtors did not properly list;

- ♦ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**