

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
04/11/2017

|  |  |
|---|---|
| *In re*:<br><br>**EVAN BRIAN HAAS,**<br><br>　　　　Debtor. | **Chapter 7**<br><br>**Case No. 15–35886 (DRJ)** |
| **EVAN BRIAN HAAS and**<br>**MICHAEL SHAHBAZI,**<br><br>　　　　Plaintiffs,<br><br>**v.**<br><br>**NAVIENT SOLUTIONS, LLC and**<br>**NAVIENT CREDIT FINANCE CORPORATION,**<br><br>　　　　Defendants. | **Adv. Pro. No. 16–03175 (DRJ)** |

**AGREED ORDER REGARDING VOLUNTARY**
**TEMPORARY SUSPENSION OF COLLECTION EFFORTS**

**(RELATES TO DKT. NO. 100)**

**COME NOW** plaintiffs Evan Brian Haas and Michael Shahbazi ("Plaintiffs"), Navient

Solutions, LLC ("NSL"), and Navient Credit Finance Corporation ("NCFC"), who agree as

follows:

1.　　**AGREED** that, commencing as of the date that is fourteen days after entry of this

Agreed Order (the "Effective Date"), NSL will use commercially reasonable efforts to:

(i)　　Identify, based solely on the information maintained in the ordinary course
of business in NSL's and NCFC's books and records as of the date hereof
and hereafter, all borrowers with loans currently serviced by NSL who: (a)
received a discharge in any of the United States Judicial Districts in a

bankruptcy case filed after October 17, 2005;[1] (b) obtained a prepetition private educational loan to cover tuition or other expenses in connection with an institution that was not Title-IV accredited at the time of the first disbursement of funds on such loan (a "Non-Title-IV Educational Loan"); (c) had a positive balance on such Non-Title-IV Educational Loan at any time (as of each month's end) between the date that is 95 days after receipt of notice of entry of the applicable discharge order and February 28, 2017 (each a "Bankrupt Non-Title-IV Educational Loan Borrower"); and (d) are in or become in Monetary Default[2] or are or become Delinquent on such a Non-Title-IV Educational Loan (collectively, the "List of Bankrupt Non-Title-IV Educational Loan Borrowers");

(ii)     Update on a monthly basis the List of Bankrupt Non-Title-IV Educational Loan Borrowers, as of the end of the preceding month, by the fifteenth business day of each month, commencing in the first month following the month in which the Effective Date occurs and continuing for the duration of this Agreed Order; and

(iii)    Upon each monthly update of the List of Bankrupt Non-Title-IV Educational Loan Borrowers, update the coding status of the relevant account(s) of any Bankrupt Non-Title-IV Educational Loan Borrower who is Delinquent or in Monetary Default such that collection communications related to any such Non-Title-IV Educational Loans are suspended until the earlier of (i) further Court order or (ii) the relevant Bankrupt Non-Title-IV Educational Loan Borrower no longer appears on the List of Bankrupt Non-Title-IV Educational Loan Borrowers as a result of any payments.

For the avoidance of doubt, this Agreed Order pertains to Non-Title-IV Educational Loans that Bankrupt Non-Title-IV Educational Loan Borrowers obtained before their respective petition dates.[3] It does not limit in any way the ability of NSL, NCFC, or any of their respective affiliates,

---

[1] NSL does not track in the ordinary course of business in its books and records the petition date of any borrower who files for bankruptcy, but instead tracks the date that its records reflect receipt of notice of the first meeting of creditors ("FMOC") in a borrower's bankruptcy case (each an "FMOC Notice Date"). Because the FMOC Notice Date may not align with a Non-Title-IV Educational Loan Borrower's petition date, NSL shall assume, solely for purposes of this Agreed Order, that the date that is 60 days prior to the applicable FMOC Notice Date is the petition date for purposes of identifying Non-Title-IV Educational Loan Borrowers to be included in the List of Bankrupt Non-Title-IV Educational Loan Borrowers (defined *infra*).

[2] A Bankrupt Non-Title-IV Educational Loan Borrower is "Delinquent" when he or she is more than 30 but fewer than 210 days in arrears on payments toward a Non-Title-IV Educational Loan and is in "Monetary Default" when he or she is 210 or more days in arrears on payments toward a Non-Title-IV Educational Loan.

[3] *See supra* n.1.

2

agents, employees, servants, attorneys, or other persons with whom they are in contractual privity (collectively, "Agents") to generate new loans or servicing arrangements, and it does not pertain to any Non-Title-IV Educational Loans originated after the applicable petition date of any Bankrupt Non-Title-IV Educational Loan Borrower. Further, NSL's and NCFC's identification of the List of Bankrupt Non-Title-IV Educational Loan Borrowers is without prejudice to any of NSL's and NCFC's rights, claims, defenses, and arguments in regard to the proposed class that Plaintiffs asked the Court to certify in their Motion for Preliminary Injunction and Limited Class Certification [Dkt. No. 100] or as alleged in the Second Amended Complaint [Dkt. No. 95], including, without limitation, any rights, claims, defenses, or arguments that an individual identified as a Bankrupt Non-Title-IV Educational Loan Borrower is not within the scope of the proposed class definition.

2. **AGREED** that, with the exception of collection communications that are suspended pursuant to Paragraph 1 above, this Agreed Order does not prohibit or in any way affect the right or ability of NSL, NCFC, or any of their Agents to continue to service Non-Title-IV Educational Loans in the ordinary course of business, including, without limitation, by communicating with any Bankrupt Non-Title-IV Educational Loan Borrower about any Non-Title-IV Educational Loan (including, without limitation, by responding to any communications directed to NSL, NCFC, or their Agents in regard to communications they may receive from Plaintiffs and/or Plaintiffs' counsel), sending monthly statements, and complying with credit reporting or other legal and contractual requirements in connection with any account of a Bankrupt Non-Title-IV Educational Loan Borrower, nor does this Agreed Order prevent the accrual of interest or other costs on any Non-Title-IV Educational Loan.

3.      **AGREED** that, notwithstanding any agreements, policies, rules, regulations, and any other federal, state, or local law governing disclosure and/or use of information regarding the applicable Bankrupt Non-Title-IV Educational Loan Borrowers to the contrary, and subject to entry of a mutually agreeable protective order, NSL and NCFC will provide the names, mailing addresses, and e-mail addresses (to the extent available and the applicable borrower has consented to receive communications by e-mail) of the Bankrupt Non-Title-IV Educational Loan Borrowers to undersigned counsel for the Plaintiffs solely for purposes of notification of entry of this Agreed Order and subject to Paragraphs 4 and 5 below.

4.      **AGREED** that (a) Plaintiffs and their counsel shall serve undersigned counsel for NSL and NCFC with a copy of any and all communications sent to any of the Bankrupt Non-Title-IV Educational Loan Borrowers pursuant to Paragraph 3, (b) nothing in this Agreed Order alters or affects in any way any applicable law, rules, or regulations that govern any communications from Plaintiffs or their counsel to a Bankrupt Non-Title-IV Educational Loan Borrower (whether such communications are in writing or otherwise), and (c) Plaintiffs or their counsel shall bear sole responsibility for the costs of any such communications.

5.      **AGREED** that NSL, NCFC, and/or their Agents expressly reserve any and all of their rights, claims, and defenses in connection with any communications from Plaintiffs or their counsel to any non-Plaintiff borrower and do not assume liability for any such communications.

6.      **AGREED** that nothing contained in this Agreed Order shall prohibit or in any way affect the rights or ability of NSL or NCFC or any of their Agents to accept payments made by any person toward any debt owed by a Bankrupt Non-Title-IV Educational Loan Borrower.  For the avoidance of doubt, this Agreed Order does not require NSL or NCFC or any of their Agents

4

to terminate any automatic payment arrangements that are currently or in the future may be in place relating to any debt owed by a Bankrupt Non-Title-IV Educational Loan Borrower.

7.     **AGREED** that nothing contained in this Agreed Order shall prohibit or in any way affect the rights or ability of NSL or NCFC or any of their Agents to defend any lawsuit, adversary proceeding, other judicial proceeding, arbitration, mediation, or other contested matter, or to take other legal action that is not specifically agreed herein not to be taken during the limited duration of this Agreed Order.

8.     **AGREED** that nothing contained in this Agreed Order shall be considered a determination or a pre-adjudication of the merits of Plaintiffs' Second Amended Complaint or any further pleading, motion, or request or NSL's and NCFC's opposition thereto, including, without limitation, NSL's and NCFC's Motion to Dismiss Adversary Proceeding and to Strike Class Allegations [Dkt. No. 101].  For the avoidance of doubt, this Agreed Order shall not be considered a ruling—preliminary, limited, or otherwise—on Plaintiffs' request for certification of a nationwide class.

9.     **AGREED** that nothing contained in this Agreed Order shall be considered a ruling on the Court's jurisdiction or ability to entertain a nationwide class of debtors, and entry of this Agreed Order shall not operate as a waiver of any of NSL's or NCFC's rights, claims, arguments, and defenses in this action, including, without limitation, that the Court lacks jurisdiction over the putative nationwide class action alleged in the Second Amended Complaint [Dkt. No. 95].

10.     **AGREED** that nothing contained in this Agreed Order shall operate as a waiver of any of Plaintiffs' rights, claims, and arguments in this action.

11.     **AGREED** that any non-compliance with the terms of this Agreed Order before the Effective Date shall not give rise to any motion for contempt, sanctions, or any other liability in

regard to this Agreed Order. In addition, no technical or inadvertent non-compliance with the terms of this Agreed Order after the Effective Date shall give rise to any motion for contempt, sanctions, or any other liability in regard to this Agreed Order, nor shall any communication with or collection effort regarding a Bankrupt Non-Title-IV Educational Loan Borrower who is not a United States citizen, or who has reaffirmed a prepetition Non-Title-IV Educational Loan pursuant to 11 U.S.C. § 524 or any other applicable law, give rise to any motion for contempt, sanctions, or any other liability in regard to this Agreed Order.

12.    **AGREED** that the only parties who possess standing to seek enforcement of this Agreed Order are Plaintiffs, NSL, and NCFC, and that there are no third-party beneficiaries of this Agreed Order.  This Agreed Order shall bind any successors to NSL or NCFC with regard to the Non-Title-IV Educational Loans.

13.    **AGREED** that Plaintiffs' Motion for Preliminary Injunction and Limited Class Certification [Dkt. No. 100] is hereby withdrawn without prejudice to the Plaintiffs to refile such motion at a later time.

14.    **AGREED** that this Order shall remain in effect until the resolution of the putative class action claims in this adversary proceeding, subject to further order of the Court.

15.    **AGREED** that any and all statutes of limitations and other similar applicable laws as to any and all claims that NSL or NCFC may have with respect to any Non-Title-IV Educational Loan of any borrower included on any List of Bankrupt Non-Title-IV Educational Loan Borrowers are indefinitely tolled commencing as of the Effective Date and continuing until the date that this Agreed Order no longer remains in effect.  **Notwithstanding the foregoing, NSL and NCFC may seek relief from the terms of this Agreed Order in this Court to the extent either NSL or**

NCFC deems it necessary to commence additional proceedings to preserve their claims as to the Non-Title-IV Educational Loans.

SO ORDERED.

Signed:  April 11, 2017.

DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE

SEEN AND AGREED:

/s/ Jason W. Burge
Jason W. Burge (*pro hac vice*)
SBN (LA) 30420
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com

Kathryn J. Johnson (*pro hac vice*)
SBN (LA) 36513
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
kjohnson@fishmanhaygood.com

Austin Smith (*pro hac vice*)
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

Lynn E. Swanson (*pro hac vice*)
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON, L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
Lswanson@jonesswanson.com

Joshua B. Kons (*pro hac vice*)
SBN (IL) 6304853
Law Offices of Joshua B. Kons, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
(312) 757-2272
joshuakons@konslaw.com

Adam Corral
SBN (TX) 24080404
Corral Tran Singh, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
Adam.corral@ctsattorneys.com

Susan Tran
SBN (TX) 24075648
Corral Tran Singh, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
susan.tran@ctsattorneys.com

Brendon Singh
SBN (TX) 2407646
Corral Tran Singh, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
brendon.singh@ctsattorneys.com

Marc Douglas Myers
SBN (TX) 00797133
Ross, Banks, May, Cron & Cavin, P.C.
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com

*Counsel to Plaintiffs*

SEEN AND AGREED:

*/s/ Thomas M. Farrell*
Thomas M. Farrell (TXB 06839250)
Attorney-in-Charge
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, Texas 77002
Telephone:     713.571.9191
Facsimile:     713.571.9652
E-mail:        tfarrell@mcguirewoods.com

—and—

Dion W. Hayes (admitted *pro hac vice*)
K. Elizabeth Sieg (admitted *pro hac vice*)
Kyle R. Hosmer (admitted *pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Telephone:     804.775.1000
Facsimile:     804.698.2255
E-mail:        dhayes@mcguirewoods.com
               bsieg@mcguirewoods.com
               khosmer@mcguirewoods.com

*Counsel to Navient Solutions, LLC and*
*Navient Credit Finance Corporation*