**E<span/>XHIBIT B**



Lynn E. Swanson
lswanson@jonesswanson.com
ADMITTED IN LOUISIANA

March 16, 2018

**VIA EMAIL**

Thomas M. Farrell, Esq.
McGuire Woods LLP
JPMorgan Chase Tower
600 Travis Street, Suite 7500
Houston, Texas 77002
tfarrell@mcguirewoods.com

K. Elizabeth Sieg, Esq.
Kyle Hosmer, Esq.
McGuire Woods LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
bsieg@mcguirewoods.com
khosmer@mcguirewoods.com

Re:  *Evan Brian Haas, et al. v. Navient, Solutions, LLC, et al.*
     **Adversary Proceeding No. 16-03175**
     **Subpoena served on Best Case, LLC**
     **Our File No. SL 696**

Dear Counsel:

We write today in regard to your Notice of Intent to Serve Subpoena *Duces Tecum* and said Subpoena served on Best Case, LLC ("Best Case"). We believe the subpoena is improper for at least three reasons, and also that any response should be tabled given the upcoming stay in this matter. We would like to resolve this informally without engaging in costly motion practice.

First, and most importantly, the documents requested are wholly irrelevant to any party's claim or defense, will resolve no pending issues in this litigation, and gathering the requested information will be unduly burdensome on a third party who is not related in any way to these proceedings. Further, the requests are not proportional to the needs of the case; they completely exceed the scope of this litigation; they seek confidential and proprietary research, development, and commercial information; they are totally irrelevant to the underlying litigation; and they serve as nothing more than harassment of an uninvolved third party. Among other objectionable items, your subpoena seeks confidential trade secrets of a private company that is not a party to this suit, and has no interest in this litigation. None of the putative class members were identified using the Best Case software—it is unclear to undersigned counsel if Best Case software could even be used to identify class members—and Best Case has not assisted interim class counsel with any preparation or prosecution of this action.

Messrs Farrell and Hosmer
Ms. Seig
March 16, 2018
Page 2

Second, the subpoena was served in violation of Rule 45(a)(4), which requires notice to the parties *prior to* a subpoena being served on a third party. *See, e.g., Allender v. Raytheon Aircraft Co.*, 220 F.R.D. 661, 664 (D. Kan. 2004) (sanctioning party where "[d]efendant's failure to give notice to plaintiff prior to serving its subpoenas is a violation of Rule 45(b)(1)."). In plain violation of this requirement, you *first* served the subpoena on Best Case at 12:40 PM CST on March 2, 2018 (with a demand for documents by March 16, 2018), and *then* filed your Notice of Intent to Serve Subpoena *Duces Tecum* into the record on that day at 1:19 PM CST (R. Doc. No. 191), and your Affidavit of Service of the Subpoena thereafter on the same day at 9:15 PM CST (R. Doc. No. 192). *See* Committee Notes on Rules—2013 Amendment ("The Committee has been informed that parties serving subpoenas frequently fail to give the required notice to the other parties. The amendment moves the notice requirement to a new provision in Rule 45(a) and requires that the notice include a copy of the subpoena. The amendments are intended to achieve the original purpose of enabling the other parties to object or to serve a subpoena for additional materials.").

Third, the deadline for service of class discovery has already closed, and thus, even if the subject matter of the subpoena were relevant, it would constitute an impermissible attempt to back-end the scheduling order. *See Mortgage Information Services, Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C.,2002) ("After reviewing the relevant case law on both sides of this issue, the Court adopts the rule followed by the majority of jurisdictions and holds that a Rule 45 subpoena does in fact constitute discovery."); *Dreyer v. GACS, Inc.*, 204 F.R.D. 120, 122 (N.D.Ind.2001) (noting that "[m]ost courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines."). While we have agreed to allow Navient to serve additional discovery on the new class plaintiffs, we have not agreed to allow Navient to serve additional class certification discovery on non-parties at this late date.

Additionally, in light of your proposal to stay the proceedings pending word from the Fifth Circuit, we believe that any response to this subpoena should be stayed as well. This is particularly true given that the subpoena calls for the production of irrelevant material from a third party. We would propose that this subpoena be tabled for now, and we can revisit it and deal with the above objections once the stay is lifted.

Please advise if this proposal is acceptable. If not, we intend to move for a protective order.

Sincerely,

Lynn E. Swanson

LES/gr