**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| EVAN BRIAN CROCKER, on behalf of himself and all those similarly situated, | § § § § | |
| | § | Chapter 7 |
| Plaintiffs, | § § | Case No. 15-35586 (DRJ) |
| v. | § § | Adv. Pro. No. 16-03175 (DRJ) |
| | § | |
| NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION | § § § | **CLASS ACTION** |
| Defendants. | § § § | |

**PLAINTIFF EVAN BRIAN CROCKER'S MOTION TO ENFORCE AGREED ORDER**
**AND HOLD DEFENDANTS IN CONTEMPT**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**A hearing on this motion will be set by separate notice.**

Plaintiff Evan Brian Crocker ("Crocker" or "Plaintiff"), by and through undersigned counsel, hereby moves this Court to hold Defendants Navient Solutions, LLC and Navient Credit Finance Corporation (together, "Navient") in contempt of Court pursuant to the terms of the Agreed Order (R. Doc. 118) and 11 U.S.C. § 105.[1]

## I.     PROCEDURAL BACKGROUND

On August 5, 2016, Crocker filed an adversary proceeding in this Court against SLM (the predecessor to Navient) and Navient, seeking a declaratory judgment that his debt had been discharged, entry of judgment holding Navient and SLM in contempt for violations of the discharge injunction, and a temporary injunction.[2] On August 26, 2016, Crocker amended his complaint to include Michael Shahbazi as a plaintiff and to seek certification of a putative nationwide class of similarly situated former student debtors, as well as a declaratory judgment that Plaintiffs' and the putative class members' Consumer Education Loans were discharged upon the entry of their respective discharge orders, and damages, including attorneys' fees and costs, arising from the Defendants' willful violations of the applicable discharge injunctions.[3] On January 26, 2017, Plaintiffs' Second Amended Complaint was filed.[4] On February 27, 2017, Defendants filed their Motion to Dismiss Adversary Proceeding and to Strike Class Allegations.[5] That same

---

[1] Undersigned counsel were appointed by the Court as Interim Class Counsel on May 14, 2017.  R. Doc. 129.

[2] *See* Plaintiff's Original Complaint, R. Doc. 1.

[3] *See* Plaintiffs' First Amended Complaint, R. Doc. 15.

[4] *See* Second Amended Complaint, R. Doc. 95. Prior to that, on November 14, 2016, Plaintiffs filed their First Motion to Amend, seeking to rename NCFC as a defendant and to dismiss SLM without prejudice in light of the corporate restructuring that occurred after Plaintiffs signed their loan agreements. *See* Plaintiffs' First Motion to Amend, R. Doc. 43. On December 30, 2016, SLM was dismissed without prejudice. *See* Order to Dismiss Defendant SLM without Prejudice, R. Doc. 74.

[5] *See* Defendants' Motion to Dismiss Adversary Proceeding and to Strike Class Allegations, R. Doc. 101.

day, Plaintiffs filed their Motion for Preliminary Injunction and Limited Class Certification.[6]  At a March 23, 2017 hearing, the parties entered into a stipulated agreement—filed as an Agreed Order on April 6, 2017 and signed and entered by this Court on April 11, 2017—for Defendants to halt all collection activities on the proposed class pending final resolution by this Court, and for Plaintiffs to withdraw their motion for preliminary injunction without prejudice.[7]

Defendants thereafter agreed to postpone resolution of their motion to dismiss until a hearing on Plaintiffs' anticipated motion for class certification, and consented to pursuing limited discovery related to such class certification. On November 10, 2017, Defendants filed a motion for summary judgment on the merits of this case, revisiting the arguments from their motion to dismiss that was deferred for resolution.[8] On March 26, 2018, this Court denied Defendants' motion for summary judgment.[9] As to dischargeability, this Court held that the Bankruptcy Code was "unambiguous" when it specified that non-dischargeable debts included only those given "in the form of an educational benefit, a scholarship or a stipend" and that it "did not include all loans that were in some way used by a debtor for education. If such were the case, would not a loan for a car used by a commuter student to travel to and from school every day be nondischargeable under § 523(a)(8)(A)(ii)? The answer is obvious."[10]

This Court authorized Navient to take an interlocutory appeal from that order. On October 21, 2019, the Fifth Circuit issued its opinion, which was reissued as revised on October 22, 2019, and issued as the mandate on January 17, 2020. *See In re Crocker*, 941 F.3d 206 (5th Cir. 2019).

---

[6] *See* Plaintiffs' Motion for Preliminary Injunction and Limited Class Certification, R. Doc. 100; Agreed Order, R. Doc. 118.

[7] *See* Signed Agreed Order, R. Doc. 122.

[8] *See* Defendants' Motion for Summary Judgment, R. Docs. 162-63.

[9] *See* Order Denying Defendants' Motion, R. Doc. 211.

[10] *Id.* at 5-6.

The Fifth Circuit's holding concerned both the merits and the scope of this proceeding. As to the scope of this proceeding, the Fifth Circuit held that bankruptcy courts could not enforce injunctions arising from discharges by bankruptcy courts in other districts. *Id.* at 216-17. The Fifth Circuit thus reversed this Court's "determination that it has authority to enforce a discharge injunction entered by a different district's bankruptcy court" and stated that "[a]ny debtors seeking enforcement of injunctions due to discharges entered in other districts should have their proceedings dismissed or transferred." *Id.* at 224. The Fifth Circuit hence affirmed this Court's "determination that loans such as those in issue here are dischargeable." *Id.* at 224. The case was remanded to this Court. *Id.* Plaintiff Crocker's Fourth Amended Complaint was thereafter filed on May 26, 2020, and is the operative complaint in this action.[11] Defendants filed their answer thereto on June 9, 2020.[12]

Although the Agreed Order entered on April 11, 2017 has resulted in Defendants ostensibly agreeing to halt all collection activities on the proposed class pending final resolution by this Court,[13] Defendants continue collection activities on the dischargeable Consumer Education Loans from the Class Members. Since entry of the Agreed Order, and even after the Fifth Circuit's decision as to dischargeability of these loans, Navient has sent multitudes of "L180 letters," one of three different post-discharge templates that go to borrowers who have received a bankruptcy discharge, which L180 letter reads:

> "We've recently been notified that your bankruptcy case has concluded. Since the loans shown below were not discharged through your bankruptcy, you're now responsible for repaying the remaining balance of the loans, according to the terms of the promissory notes."[14]

---

[11] *See* Fourth Amended Complaint, R. Doc. 243.

[12] *See* Defendants' Answer, R. Doc. 244.

[13] *See* Signed Agreed Order, R. Doc. 122.

[14] *See* Depo of Patricia P. Peterson, at 233-39 (describing process of sending L180 letter), attached hereto as Exh. A; Exhibit 16 to Depo of Patricia P. Peterson (example of L180 letter), attached hereto as Exh. B.

By means of the L180 letter, Navient deceptively communicates to the Class Members that their dischargeable loans were not discharged in bankruptcy and that they remain responsible for the balance of their loans. Indeed, some versions of the L180 letter contain language indicating that it is "an attempt to collect on a debt."[15]

## II.   FACTUAL BACKGROUND FOR THIS MOTION

Navient has produced almost-monthly spreadsheets which, according to the Agreed Order identify, "based solely on the information maintained in the ordinary course of business in NSL's and NCFC's books and records as of the date [of the Order] and [t]hereafter, all borrowers with loans currently serviced by NSL who: (a) received a discharge in any of the United States Judicial Districts in a bankruptcy case filed after October 17, 2005; (b) obtained a prepetition private educational loan to cover tuition or other expenses in connection with an institution that was not Title-IV accredited at the time of the first disbursement of funds on such loan (a 'Non-Title-IV Educational Loan'); (c) had a positive balance on such Non-Title-IV Educational Loan at any time (as of each month's end) between the date that is 95 days after receipt of notice of entry of the applicable discharge order and February 28, 2017 (each a 'Bankrupt') Non-Title-IV Educational Loan Borrower'); and (d) are in or become in Monetary Default or are or become Delinquent on such a Non-Title-IV Educational Loan." (collectively, the "'List of Bankrupt Non-Title-IV Educational Loan Borrowers," or the "List").

Aaron Breth appears on the List of Bankrupt Non-Title-IV Educational Loan Borrowers, thus is covered by the terms of the Agreed Order. He incurred one Consumer Education Loan (the "Loan") from Navient's predecessor-in-interest on September 18, 1996 to attend a non-accredited

---

[15] *See* Exhibit 17 to Depo of Patricia P. Peterson (another example of L180 letter), attached hereto as Exh. C.

kinesiology program at the University of Texas-Austin. He was not eligible to borrow federal student loans because the kinesiology program was not Title IV accredited.

Breth sought relief under Title 11 in the District of Minnesota in November 2007 and his bankruptcy discharge was entered on February 26, 2008. Thereafter, Navient resumed collection on his Loan until December 14, 2017, at which time the Loan was put into an administrative forbearance by Navient.

Breth sought relief under Title 11 a second time in the District of Minnesota in February 2020, listed the Loan on his Schedule F, and received a discharge in May 2020. On May 27, 2020, Navient sent Aaron Breth the L180 letter.

After receiving this information from Mr. Breth, on June 19, 2020, undersigned interim class counsel received an updated List from Navient. The newest List contains loan records apparently through the end of May 2020, and includes a field labeled "l180_date." If the borrower of the loan received an L180 letter, that field contains a date; the date represents when the letter was sent to the borrower. The List evidences that there have been a total of 1,778 L180 letters sent to borrowers of the loans at issue in this litigation after entry of the Agreed Order, including 91 sent to borrowers living in Texas. Incredibly, Navient has sent 236 L180 letters after the date the *Crocker* opinion issued from the United States Court of Appeals for the Fifth Circuit, including eight to borrowers living in Texas. Even more surprising is that Navient has sent 110 L180 letters after the United States Court of Appeals for the Fifth Circuit's mandate issued on January 17, 2020, including five to borrowers living in Texas. The most recent L180 letter sent to a Texas resident as reflected on the List was sent on May 20, 2020.[16]

---

[16] *See* Declaration of Lynn E. Swanson, attached hereto as Exh. D.

### III.    **ARGUMENT AND AUTHORITIES**

### A.    **LEGAL STANDARD**

Bankruptcy courts have both inherent authority, and statutory authority under 11 U.S.C. § 105(a), to sanction misconduct." *In re Cook*, 2015 WL 1756815, at *4 (Bankr. M.D. Tenn. Apr. 13, 2015). It is well established that courts retain jurisdiction to enforce their own orders.  *In re Padilla*, 379 B.R. 643, 653 (Bankr. S.D. Tex. 2007). This includes the terms of an agreed order. *In re Cook*, 2015 WL 1756815, at *1 (Bankr. M.D. Tenn. Apr. 13, 2015). § 105(a) grants bankruptcy judges broad authority to take any action that is necessary or appropriate 'to prevent an abuse of process."*Marrama v. Citizens Bank of Mass.,* 549 U.S. 365 (2007).The Fifth Circuit has held that § 105(a) is to be "interpret[ed] liberally," so long as any action taken pursuant to § 105(a) is "consistent with the rest of the Bankruptcy Code." *Feld v. Zale Corp. (In re Zale Corp.),* 62 F.3d 746, 760 (5th Cir.1995). Section 105(a) thus permits bankruptcy courts to "fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." *In re Sanchez*, 372 B.R. 289, 309 (Bankr. S.D. Tex. 2007).

Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title ... or to prevent an abuse of process." *In re Trevino*, 2020 WL 535198, at *6 (Bankr. S.D. Tex. Jan. 31, 2020). While "abuse of process" under § 105(a) is not defined in the Bankruptcy Code, a few courts essentially define it as "maneuvers or schemes which would have the effect of undermining the integrity of the bankruptcy system." *In re Trevino*, 2020 WL 535198, at *6 (Bankr. S.D. Tex. Jan. 31, 2020). See also *Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997) ("We find that an order, such as the one entered by the bankruptcy court, which compensates a debtor for damages suffered as a result of a creditor's violation of a post-confirmation injunction under 11 U.S.C. § 1141, was both necessary and appropriate to carry out the provisions of the bankruptcy code.").

### B.    NAVIENT VOLUNTARILY ENTERED INTO THE AGREED ORDER

On April 11, 2017, this Court entered the Agreed Order. Under its terms, Navient agreed to halt all collection activities on the proposed class pending final resolution by this Court in consideration for Plaintiffs agreeing to withdraw their motion for preliminary injunction without prejudice. The Agreed Order, however, permitted Navient to continue servicing loans that were neither delinquent (defined as more than 30 days without a payment) nor defaulted (more than 270 days without a payment), and "by communicating with any Bankrupt Non-Title-IV Educational Loan Borrower about any Non-Title-IV Educational Loan (including, without limitation, by responding to any communications directed to Navient, NCFC, or their Agents in regard to communications they may receive from Plaintiffs and/or Plaintiffs' counsel), sending monthly statements, and complying with credit reporting or other legal and contractual requirements in connection with any account of a Bankrupt Non-Title-IV Educational Loan Borrower, nor does this Agreed Order prevent the accrual of interest or other costs on any Non-Title-IV Educational Loan."("Ordinary Course Servicing"). Navient willingly agreed that the Order would "remain in effect until the resolution of the putative class action claims in this adversary proceeding, subject to further order of the Court." *Id.* That condition precedent has not occurred. Moreover, Navient retained the right to "seek relief from the terms of this Agreed Order in this Court to the extent either Navient or NCFC deems it necessary to commence additional proceedings to preserve their claims as to the Non-Title-IV Educational Loans." *Id.* It has never done so.

### C.    NAVIENT WILLFULLY VIOLATED THE AGREED ORDER

Navient acknowledges that Aaron Breth is covered by the Agreed Order, as his name is listed on the List that Navient created. Nonetheless, and without any contact from the Plaintiff, Navient sent Aaron Breth an L180 letter, seeking to induce payment on his discharged loan. Navient has sent the same letter to thousands of borrowers in the same position as Plaintiff and

Aaron Breth, including to at least 91 Texas residents since the entry of the Agreed Order, including eight after the revised Fifth Circuit opinion issued in *Crocker* and five after the mandate issued from the Fifth Circuit. Indeed, Navient routinely sends copies of this letter with language indicating that it is "an attempt to collect on a debt."[17]

The L180 letter cannot be considered Ordinary Course Servicing. It is an affirmative misrepresentation about the legal effect of the discharge on Consumer Education Loans that Navient is collaterally estopped from making—at the very least pursuant to the Agreed Order in this Court, and likely in all other courts. In *Crocker*, the Fifth Circuit declared that this Court could not enforce discharge orders entered in other courts. However, the Agreed Order is not an order of another court, but rather this Court. Thus, for all the reasons the Fifth Circuit found this Court lacked the ability to enforce foreign discharges, this Court possesses the power and authority to enforce the Agreed Order. "We have used absolute language, though not in a bankruptcy context, that '[i]t is elementary that the court against which a contempt is committed has exclusive jurisdiction to punish for such contempt.'" *In re Crocker*, 941 F.3d 206, 215 (5th Cir. 2019).

## IV. <u>CONCLUSION</u>

Plaintiffs respectfully request that this Court find Navient in violation of the Agreed Order, compel Navient to stop sending L180 letters to borrowers covered by the Agreed Order and to rectify its misconduct by sending a letter clarifying that these loans were discharged in bankruptcy

---

[17] *See* Exhs. A and B hereto.

and that these borrowers are no longer responsible for the balance of their loans, and order any and all other relief it deems necessary to sanction Navient's misconduct.

Dated: June 19, 2020.                               Respectfully submitted,

                                            By:    */s/ Lynn E. Swanson*                     
Lynn E. Swanson (*pro hac vice*)
SBN (LA) 22650
JONES, SWANSON, HUDDELL & GARRISON,
L.L.C.
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
Lswanson@jonesswanson.com

Jason W. Burge (*pro hac vice*)
SBN (LA) 30420
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com

Kathryn J. Johnson (*pro hac vice*)
SBN (LA) 36513
FISHMAN HAYGOOD L.L.P.
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
kjohnson@fishmanhaygood.com

Austin Smith (*pro hac vice*)
SBN (NY) 5377254
SMITH LAW GROUP
3 Mitchell Place
New York, New York 10017
(917) 992-2121
Austin@acsmithlawgroup.com

Joshua B. Kons (*pro hac vice*)
SBN (IL) 6304853
LAW OFFICES OF JOSHUA B. KONS, LLC
939 West North Avenue, Suite 750
Chicago, IL 60642
(312) 757-2272
joshuakons@konslaw.com

Adam Corral
SBN (TX) 24080404
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
Adam.corral@ctsattorneys.com

Susan Tran
SBN (TX) 24075648
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
susan.tran@ctsattorneys.com

Brendon Singh
SBN (TX) 2407646
CORRAL TRAN SINGH, LLP
440 Louisiana St, Suite 2450
Houston, TX 77002
(832) 975-7300; (832) 975-7301 fax
brendon.singh@ctsattorneys.com

Marc Douglas Myers
SBN (TX) 00797133
ROSS, BANKS, MAY, CRON & CAVIN, P.C.
7700 San Felipe, Suite 550
Houston, Texas 77063
(713) 626-1200; (713) 623-6014 fax
mmyers@rossbanks.com

***Counsel to Plaintiff***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this19th day of June, 2020, a true and correct copy of *Plaintiffs Evan Brian Crocker's Motion to Enforce Agreed Order and Hold Defendants in Contempt* was served via that Court's electronic case filing system (CM/ECF) on all parties registered to receive such notice in the above-captioned proceeding.

/s/ Lynn E. Swanson

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| EVAN BRIAN CROCKER, on behalf of | § | |
| himself and all those similarly situated, | § | Chapter 7 |
| | § | |
|   Plaintiffs, | § | Case No. 15-35586 (DRJ) |
| | § | |
| v. | § | Adv. Pro. No. 16-03175 (DRJ) |
| | § | |
| NAVIENT SOLUTIONS, LLC, NAVIENT | § | **CLASS ACTION** |
| CREDIT FINANCE CORPORATION | § | |
| | § | |
|   Defendants. | § | |
| | § | |

**[PROPOSED] ORDER GRANTING PLAINTIFF EVAN BRIAN CROCKER'S**
**MOTION TO ENFORCE AGREED ORDER AND**
**HOLD DEFENDANTS IN CONTEMPT**

Upon consideration of the Plaintiff Evan Brian Crocker's Motion to Enforce Agreed Order and Hold Navient in Contempt, and the Court having jurisdiction to consider the Motion and its Opposition pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and the Court having reviewed the Motion and the Opposition; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief denied herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause therefor; it is hereby

ORDERED that the Motion is GRANTED; and it is

ORDERED that Navient is hereby found in contempt; and it is further

ORDERED that Navient stop sending L180 letters to borrowers covered by the Agreed Order; and it is further

ORDERED that Navient rectify its misconduct by sending a letter to the borrowers who have received the L180 Letter since April 13, 2017, clarifying that these loans were discharged in bankruptcy and that these borrowers are no longer responsible for the balance of their loans; and it is further

ORDERED that in order to purge itself of its contempt, Navient must _____

_____;
and it is further

ORDERED that this Order shall be immediately effective upon entry; and it is finally

ORDERED that this Court hereby retains jurisdiction to hear and determine all matters arising from or related to interpretation of this Order.


**Dated:**


**_____**
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**