**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| EVAN BRIAN CROCKER, on behalf of himself and all those similarly situated, | § § § § | Chapter 7 |
| Plaintiff, | § § | Case No. 15-35886 (DRJ) |
| v. | § § § | Adv. Pro. No. 16-03175 (DRJ) |
| NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION | § § § | **DISTRICTWIDE CLASS ACTION** |
| Defendants | § § | |

**AMENDED DECLARATION OF LYNN E. SWANSON
IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Lynn E. Swanson, declare:

1. I am a managing member of the Law Firm of Jones, Swanson, Huddell & Garrison, LLC ("Jones Swanson"), and one of the counsel of record for the putative class in the above-referenced matter. I am a member in good standing of the Bar of the State of Louisiana.

2. This declaration is submitted in support of Plaintiffs' Motion for Class Certification in the above captioned matter.

3. I am an adult of sound mind, am aware of the matters, facts, and information set forth herein, and I make these statements based on my own personal knowledge. If called upon to testify to such matters, I could and would so testify.

## **EXPERIENCE AND BACKGROUND**

4. I currently reside in New Orleans, Louisiana, where I have lived for most of my life.

5. Jones Swanson is a New Orleans-based law firm that handles commercial cases throughout the country and the world. It represents clients in a wide variety of claims from fraud to breach of contract to unfair trade practices, as well as complex cases involving more than one area of law or type of commercial dispute.

6. I graduated from Bryn Mawr College in 1989 with a B.A., and received my J.D. degree from Loyola University New Orleans College of Law in 1993.

7. I was admitted to the Louisiana Bar in October, 1993. I am admitted to practice before the United States Supreme Court, the United States Fifth Circuit Court of Appeals; the United States Second Circuit Court of Appeals; the United States District Court, Middle District of Louisiana; the United States District Court, Eastern District of Louisiana; and the United States District Court, Western District of Louisiana. I have been practicing in the field of complex litigation for the past twenty-seven years.

8. In the courtroom, my experience includes jury trials, bench trials, and appellate arguments.

9. From 1993 through 2003, my practice consisted exclusively of representing plaintiffs in large class actions and mass tort litigation, with a concentration on pharmaceutical and medical device class actions.

10. During those first ten years of my career, I worked most extensively on the following matters: *In re Breast Implants Product Liability Litigation* (MDL 926); *Orthopedic Bone Screw Products Liability Litigation* (MDL 1014); *In re Diet Drug*

*(Phentermine/Fenfluramine/Dexfedfluramine) Products Liability Litigation* (MDL 1203); *In re Vioxx Products Liability Litigation* (MDL 1657); *Scott et al. v. The American Tobacco Co., et al.,* Civil District Court, Parish of Orleans, State of Louisiana, Case No. 96–8461; and *In re: Chemical Release at Bogalusa,* Twenty-Second Judicial District Court, Parish of Washington, State of Louisiana, Division "C," Case No: 73341.

11. In 2003, I joined Jones, Verras, & Freiberg, LLC, where I worked to establish the firm's commercial litigation practice. In 2007, the firm's name was changed to Jones, Swanson, Huddell & Garrison, LLC.

12. Since 2003, my practice has focused primarily on non-formulaic business disputes, including several matters involving tax strategy advice and cases involving breach of fiduciary duty, fraud, conspiracy, breach of contract, and unfair trade practices.

13. Beginning in 2010, I led my firm's efforts related to the 2010 Deepwater Horizon Disaster in the Gulf of Mexico and was appointed to co-coordinate the multidistrict litigation's GCCF Outreach Group.

14. I also represent plaintiffs and, in some cases proposed class members, in actions similar to this *Crocker, et al. v. Navient Solutions, et al.* litigation, alleging violations of the discharge injunction by student loan lenders and servicers, pending in the Eastern District of New York and the District of Nebraska.

**ADEQUACY OF COUNSEL**

15. Since filing this adversary proceeding, my co-counsel and I have diligently investigated and pursued the claims of Plaintiff and the Class Members and have devoted liberal time and resources to this litigation.

16. I, on behalf of Jones Swanson, am committed to the full preparation of this case and am willing to take this case to trial should that become necessary.

17. I am committed to acting in the best interest of the class, and understand my duties in that regard under applicable law. I, along with my co-counsel, will fairly and adequately protect the interests of the class and will devote whatever additional time and resources are necessary going forward.

## THE MOTION FOR CLASS CERTIFICATION

18. Navient has produced almost-monthly spreadsheets which, according to the Agreed Order Regarding Voluntary Temporary Suspension of Collection Efforts, (Rec. Doc. 122) identify, "based solely on the information maintained in the ordinary course of business in NSL's and NCFC's books and records as of the date [of the Order] and [t]hereafter, all borrowers with loans currently serviced by NSL who: (a) received a discharge in any of the United States Judicial Districts in a bankruptcy case filed after October 17, 2005; (b) obtained a prepetition private educational loan to cover tuition or other expenses in connection with an institution that was not Title-IV accredited at the time of the first disbursement of funds on such loan (a 'Non-Title-IV Educational Loan'); (c) had a positive balance on such Non-Title-IV Educational Loan at any time (as of each month's end) between the date that is 95 days after receipt of notice of entry of the applicable discharge order and February 28, 2017 (each a 'Bankrupt') Non-Title-IV Educational Loan Borrower'); and (d) are in or become in Monetary Default or are or become Delinquent on such a Non-Title-IV Educational Loan (collectively, the "List of Bankrupt Non-Title-IV Educational Loan Borrowers," defined for purposes of the Motion for Class Certification as "Navient's Nationwide Data").

19. In my Declaration dated June 12, 2020, which was submitted with Plaintiff's Motion for Class Certification, I wrote in paragraph 19: "I searched the Public Access to Court Electronic Records service ("PACER") for the bankruptcy proceeding of every individual on the list generated by John DeBois of putative class members residing in the Southern District of Texas, and found that 288 Consumer Education Loans were made to 257 Class Members who obtained their bankruptcy discharge in that District."

20. I initially ran a PACER search for all putative class members residing in the Southern District of Texas *as of July of 2019*, as reflected in the August 2019 Update of the List of Bankrupt Non-Title-IV Educational Loan Borrowers provided by Navient on September 6, 2019 at bates number NAV440000001. I subsequently ran a second PACER search for all putative class members residing in the Southern District of Texas based on the list generated by John DeBois of putative class members residing in the Southern District of Texas *as of January of 2020*, as reflected in the List of Bankrupt Non-Title IV Educational Loan Borrowers provided by Navient on April 2, 2020 at bates number NAV500000001.

21. In my initial declaration, I inadvertently included the numbers generated by my analysis of the August 2019 List of Bankrupt Non-Title IV Educational Loan Borrowers, rather than my later analysis of the list of putative class members residing in the Southern District of Texas generated by John DeBois from the January 2020 List of Bankrupt Non-Title IV Educational Loan Borrowers.

22. The correct numbers, based on my PACER search of the list generated by John DeBois, which list contains names added to the List of Bankrupt Non-Title IV Educational Loan Borrowers after August 2019, is that of the loans and borrowers

identified by Navient in its January 2020 Update, at least 298 Consumer Education Loans were made to at least 266 Class Members who obtained their bankruptcy discharges in the Southern District of Texas.

I declare under penalty of perjury that the foregoing facts and representations are true and correct.

Executed on the 26th day of June, 2020.

/s/ Lynn E. Swanson
LYNN E. SWANSON