# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EVAN BRIAN CROCKER on behalf of himself and all those similarly situated,<br><br>Plaintiff,<br><br>NAVIENT SOLUTIONS, LLC, NAVIENT CREDIT FINANCE CORPORATION,<br><br>Defendants. | Case Number 15-35586 (DRJ)<br><br>Chapter 7<br><br>Adv. Pro. No. 16-03175 (DRJ) |

**DECLARATION OF LYNN E. SWANSON
IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL**

I, Lynn E. Swanson, declare as follows:

1. I am partner in the law firm Jones Swanson Huddell & Daschbach LLC, counsel for Plaintiff Evan Brian Crocker ("Plaintiff") in the above-captioned matter. I submit this Declaration based on my personal knowledge and in support of Plaintiff's Motion for Final Approval.

2. Attached as Exhibit A (Dkt. No. 346-3) to the Declaration of Jason W. Burge in Support of the Motion for Preliminary Approval (Dkt. No. 346-2) is a true and correct copy of the Settlement Agreement with exhibits thereto ("Settlement Agreement"). Attached as Exhibit 2 to the Settlement Agreement (Dkt. No. 346-5) is the Covered Loan List. The Covered Loan List consists of those loans (with exclusions described below) from the Agreed Order List produced on a monthly basis by Navient whose borrowers (1) obtained discharges within the Fifth Circuit and (2) who either made payments to Navient post-bankruptcy or have an outstanding balance on their

loans. *See* Agreed Order Regarding Voluntary Temporary Suspension of Collection Efforts, Dkt. No. 118. The Agreed Order List consisted of all borrowers, nationwide, who had a "prepetition private educational loan to cover tuition or other expenses in connection with an institution that was not Title-IV accredited at the time of the first disbursement of funds on such loan." *See Id.* at § 1(i). The only loans on the Agreed Order List that were excluded from the Covered Loan List were loans in the Grad Excel Program, Excel Loan Program, Student Excel Loan Program, or New York University Loan Program that were (1) issued prior to July 12, 1999 and guaranteed by Nellie Mae; or (2) issued to a borrower attending an institution accredited under Title IV of the Higher Education Act of 1965 at the time of disbursement.

3. I was one of the principal negotiators of the proposed settlement agreement with Defendants. Both Plaintiff and Defendants in this action are represented by informed and experienced counsel and these counsel conducted settlement negotiations at arm's length.

4. Class Counsel engaged in the necessary research and discovery, and vigorously prosecuted the Action prior to reaching a proposed settlement with Defendants, including:

   a. Conducting a thorough pre-suit investigation, including conducting research and analysis regarding the student loan collection industry, student loan collection practices, and Defendants, as well as the relevant law;

   b. Researching, compiling evidence for and filing the Complaint and Amended Complaints;

   c. Serving multiple written discovery requests, including requests for production of documents, interrogatories, and requests for admission;

   d. Analyzing over 100,000 pages of documents produced by Defendants in response to Plaintiff's document requests;

  e. Deposing a Rule 30(b)(6) representative of Defendants three times, as well as deposing several additional Navient employee fact witnesses;

  f. Issuing third party subpoenas;

  g. Engaging three expert witnesses, who produced reports in support of preliminary and final class certification and two of whom sat for depositions.

  h. Defending the deposition of Plaintiff Crocker.

  i. Engaging in extensive motion practice, including defending against Defendants' motion to dismiss the Amended Complaint, which was fully briefed but ultimately voluntarily passed by Defendants, after which they filed a motion for summary judgment, which was denied by the Bankruptcy Court and directly appealed to the United States Court of Appeals for the Fifth Judicial Circuit;

  j. Prosecuting a full-blown appeal of that motion for summary judgment to the United States Court of Appeal for the Fifth Circuit, and obtaining a favorable ruling on the principal merits issue in the case.

5. The final terms of the proposed settlement were negotiated in serious and informed discussions over years through extensive in-person meetings, teleconference discussions, and email exchanges.

  a. In early 2018, the parties conducted a mediation before the Hon. Alvin L. Zimmerman, an experienced and highly regarded mediator. Prior to the mediation, the parties submitted detailed mediation statements. The parties did not reach a settlement as a result of this mediation.

    b. In June of 2018, the parties were contacted by the United States Court of Appeals for the Fifth Judicial Circuit and informed that the Action had been selected for the Court's Circuit Mediation Program. That mediation attempt was also unsuccessful.

    c. Subsequently, beginning in September 2020, the parties again engaged in mediation, this time before respected Professor Eric Green, another experienced and highly regarded mediator. Again, as in the two prior attempts, prior to this mediation, the parties submitted detailed mediation statements.

    d. Over the following nine months, the parties engaged in extensive negotiations including at least six separate mediation sessions with Professor Green. Ultimately, with the help of Professor Green, the parties were able to agree on the proposed settlement.

6. Class Counsel have established a website, navientclassaction.com, which contains the Settlement Agreement and Class Notice, along with other notable documents from the Action.

7. I, along with my fellow Class Counsel, believe that the Class Notice, provided directly to the Class Members, is not only fair, reasonable, and adequate, but also constituted the best Notice that was practicable under the circumstances.

8. I also, along with my fellow Class Counsel, believe that the proposed Settlement Agreement with Defendants is not only fair, reasonable, and adequate, but also is in the best interest of the Class and should be finally approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: November 17, 2021      By: _____
                                                     Lynn E. Swanson